RONALD J. KLEPETAR, Bar No. 52535
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025-7120
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    rklepetar@bakerlaw.com
Email:    sshadi@bakerlaw.com

Attorneys for Defendant
AMERICAN RED CROSS BLOOD SERVICES
SOUTHERN CALIFORNIA REGION, Improperly
Sued As The American Red Cross

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH, | Case No.  C07-03688 SBA |
| Plaintiff, | [Honorable Saundra Brown Armstrong] |
| v. | **DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive, | |
| Defendants. | **[Filed concurrently with (Proposed) Order]** |
| | **[F.R.C.P. 12(b)(6)]** |
| | **Date:** September 25, 2007 **Time:** 1:00 p.m. **Courtroom:** 3 |
| | **[Complaint filed:  March 13, 2007]** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

1    TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

2    NOTICE IS HEREBY GIVEN that on September 25, 2007 at 1:00 p.m., or as soon

3    thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street,

4    Oakland, California 94612, in Courtroom 3, Defendant American Red Cross Blood Services

5    Southern California Region will and hereby does move the Court, under Federal Rule of Civil

6    Procedure 12(b)(6), to dismiss some or all claims for relief alleged against it in the complaint of

7    the plaintiff Brian Setenich.

8    This motion is made on the ground that plaintiff Brian Setenich's complaint, in whole or

9    in part, fails to state a cognizable theory or fails to state sufficient facts to state a claim upon

10    which relief can be granted.

11    **First Cause of Action:  Association Discrimination**:

12    Plaintiff has failed to state a cause of action for association discrimination.  Plaintiff has

13    not alleged facts which establish that the relationship between himself and third party Marc

14    Jackson was the kind that was intended to be protected by the prohibitions against association

15    discrimination based on disability.

16    **Second Cause of Action:  Fraud**

17    Plaintiff has failed to state a cause of action for fraud.  Plaintiff's allegations lack the

18    particularity required by Federal Rule of Civil Procedure 9 and state law to sustain a claim of

19    fraud.

20    **Third Cause of Action:  Negligent Misrepresentation**

21    Plaintiff has failed to state a cause of action for negligent misrepresentation.  Plaintiff's

22    allegations are too uncertain and fail to state a claim against ARC because there is no claim for

23    promises to act in the future which are negligently made.

24    / / /

25    / / /

26    / / /

27    / / /

28

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    This motion is based on this Notice of Motion and Motion, the attached Memorandum of

2    Points and Authorities, and all other pleadings and papers on file herein, and upon such other

3    matters as may be adduced upon hearing.

4                                                Respectfully submitted,

5    Dated:   July 24, 2007                      BAKER & HOSTETLER LLP

6

7                                                _____

8                                                RONALD J. KLEPETAR
                                                 SABRINA L. SHADI
9                                                Attorneys for Defendant
                                                 AMERICAN RED CROSS BLOOD
10                                               SERVICES SOUTHERN CALIFORNIA
                                                 REGION, Improperly Sued As The American
11                                               Red Cross

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Disgruntled at not being hired by American Red Cross Blood Services Southern California Region ("ARC") in 2005 (for legitimate business reasons), plaintiff Brian Setencich ("Plaintiff") has filed the instant lawsuit claiming that he was discriminated against for his association with ARC employee Marc Jackson ("Jackson"), who Plaintiff alleges was disabled at the time Plaintiff's application was pending with ARC.

The allegations in Plaintiff's complaint are insufficient to sustain a cause of action for association discrimination based on disability.  Specifically, Plaintiff has alleged that he and Jackson worked together on various occasions when both were involved in San Francisco politics in the 1990's.  Such associations are not the kind that prohibitions on association discrimination are aimed to protect.  Accordingly, his first cause of action must fail.

Plaintiff also seeks damages for ARC's alleged engagement in fraud and negligent misrepresentation when, through unnamed persons at unidentified times, it allegedly advised plaintiff that it intended to hire him to work for the organization.  The allegations in the second and third cause of action are not pled with sufficient particularity to sustain fraud claims. In addition, a promise to act in the future is not actionable as negligent misrepresentation

Accordingly, for the reasons set forth below, ARC's motion to dismiss Plaintiff's complaint should be granted in its entirety, without leave to amend.

### II.    Factual Background Based on Plaintiff's Allegations

Plaintiff was recruited by ARC in mid to late 2005 to work as the Communications Manager for the Blood Services, Western Region, Division of the American Red Cross, because of Plaintiff's "excellent communication skills and extensive experience of working with the public." (Complaint, ¶¶ 2, 14).  In this position, he would have been "working directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for the American Red Cross." (Complaint, ¶ 2).  Plaintiff and Jackson had met in the early 1990's, had "worked on several issues together, and after Plaintiff was elected to the State Assembly in 1994, he made

- 1 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Jackson his Chief of Staff." (Complaint, ¶ 6).  In 1997, Plaintiff became Special Liaison to the

2    Mayor of San Francisco and Jackson began working for ARC in Southern California. *Id.*

3        Plaintiff "interviewed on numerous occasions and received positive reviews from the

4    hiring panel." (Complaint, ¶ 15).  Plaintiff claims that he "informed defendants that he had been

5    convicted of filing a false tax return in 1997" and that "Defendants informed [him] that a criminal

6    conviction is not an impediment to have and that numerous individuals with convictions had been

7    hired." (Complaint, ¶ 25).  According to Plaintiff, ARC "made specific representations that it

8    intended to hire Plaintiff" and that "[t]he decision was made to hire [him]." (Complaint, ¶¶ 15,

9    25).  Plaintiff believes, however, that "when defendants learned of Setencich's association with

10   Jackson, who they were attempting to force out given his use of family medical leave, disability,

11   and protected activity, they attempted to withdraw the decision." (Complaint, ¶ 15).  Ultimately,

12   ARC did not hire Plaintiff.  (Complaint, ¶ 26).

13   **III.    Analysis**

14        **A.    Legal Standard for Motion to Dismiss**

15        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there

16   is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

17   cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

18   1990).  Such motions to dismiss should be granted when it is beyond doubt that no relief could be

19   granted, under any set of facts, when the allegations are construed in a light most favorable to the

20   pleader. *Helleloid v. Indep. Sch. Dist. Number 361*, 149 F.Supp.2d 863, 866-67 (D. MN 2001).

21   Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

22   to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284

23   (5th Cir. 1993).

24        **B.    Plaintiff Has Failed to State A Claim for Association Discrimination**

25        Plaintiff's first cause of action alleges that a decision was made to hire him but "when

26   defendants learned of Setencich's association with Jackson, who they were attempting to force

27   out given his use of family medical leave, disability, and protected activity, they attempted to

28   withdraw the decision." (Complaint, ¶ 15).

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    While it is undisputed that FEHA prohibits discrimination based on association, the

2    occasional and temporary business or social interactions between Plaintiff and Jackson are not the

3    type of associations anti-discrimination statutes were aimed to protect.  For example, in *Larimer*

4    *v. International Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004), the court held that

5    three types of situations are within the intended scope of the prohibition on discrimination based

6    on association:  "'expense,' 'disability by association,' and 'distraction.'"  The court explained

7    these categories as follows:

> An employee is fired (or suffers some other adverse personnel action) because (1)
> ("expense") his spouse has a disability that is costly to the employer because the
> spouse is covered by the company's health plan; (2a) ("disability by association")
> the employee's homosexual companion is infected with HIV and the employer
> fears that the employee may also have become infected, through sexual contact
> with the companion; (2b) (another example of disability by association) one of the
> employee's blood relatives has a disabling ailment that has a genetic component
> and the employee is likely to develop the disability as well (maybe the relative is
> an identical twin); (3) ("distraction") the employee is somewhat inattentive at
> work because his spouse or child has a disability that requires his attention, yet
> not so inattentive that to perform to his employer's satisfaction he would need an
> accommodation, perhaps by being allowed to work shorter hours. The
> qualification concerning the need for an accommodation (that is, special
> consideration) is critical because the right to an accommodation, being limited to
> disabled employees, does not extend to a nondisabled associate of a disabled
> person.

18    *Id.*    Plaintiff has not alleged and cannot establish that any of these categories provide the basis

of alleged discrimination against him.

19    Moreover, even if the relationship between Plaintiff and Jackson were of the nature FEHA

20    was intended to protect, the allegations in Plaintiff's complaint refute Plaintiff's conclusion that

21    he was not hired as a result of his relationship with Jackson.  Specifically, Plaintiff's complaint

22    states that he was recruited for a position in which he would fill "an important need for

23    defendant" and "would be working directly for [Jackson], the Director of Public Affairs and

24    Communications." (Complaint, ¶ 2).  Plaintiff further alleges that "Jackson needed the assistance

25    of a Communication Manager to accommodate not only his disability, but the growth of the

26    department and to counter the attempts of the defendants to undermine him and set him up to fail.

27    Jackson found plaintiff to be the most qualified for the position, as did those on the hiring panel"

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

1    (Complaint, ¶ 16). Respectfully, the conclusion Plaintiff has reached simply makes no sense. It

2    defies logic to claim that ARC was making a concerted effort to fill the Communication Manager

3    position to assist Jackson but then did not hire Plaintiff into the position because it was

4    discriminating against Plaintiff for his association with, and ultimately in order to punish,

5    Jackson, because of Jackson's disability. As the First Circuit Court of Appeals stated in *Aulson v.*

6    *Blanchard*, 83 F.3d 1, 3 (1996), courts need not "swallow the plaintiff's invective hook, line, and

7    sinker; bald assertions, unsupported conclusions, periphrastic circumlocutions, and the like need

8    not be credited."

9          Because Plaintiff has failed to allege facts sufficient to state a cause of action for

10    association discrimination, ARC's motion to dismiss should be granted as to the first cause of

11    action.

12

13    **C.    Plaintiff's Claim For Fraud Is Not Pled With Sufficient Particularity**

14          Plaintiff alleges that "Defendant made specific representations that it intended to hire

15    Plaintiff . . . ." and that "defendants promises where [sic] not kept and defendants had not

16    intended to live up to them." (Complaint, ¶¶ 25, 26).

17          Fraud actions are subject to strict pleading standards. In pleading a claim for fraud, the

18    circumstances constituting fraud must be stated "with particularity." Fed.R.Civ.Proc. 9;

19    *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (claims of fraud must be pled

20    "with a high degree of meticulousness.") Specifically, Plaintiff must plead facts which show

21    how, when, where, to whom and by what means the representations were made. *Standfield v.*

22    *Starkey*, 220 Cal.App.3d 59, 73 (1990). If the defendant is a corporation, "the plaintiff must

23    'allege the names of the persons who made allegedly fraudulent misrepresentations, their

24    authority to speak, to whom they spoke, what they said or wrote and when it was said or

25    written.'" *Lazar v. Sup.Ct.*, 12 Cal.4th 631, 645 (1996) (citations omitted). Here the complaint's

26    allegations consist of broad statements regarding the intentions and conduct of "defendants,"

27    without naming any specific individuals who had such intentions or made any express

28    representations on behalf of ARC of a promise to hire plaintiff at any specific time. Plaintiff's

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

1  allegations are vague and conclusory and are therefore insufficient to satisfy the "particularity"

2  required by Rule 9(b).

3      Plaintiff's fraud claim also fails because the complaint does not specifically allege a

4  particular promise ARC made to him nor does it allege any facts to support the conclusory

5  allegation that "defendants had not intended to live up to" their "promises". A claim for

6  promissory fraud only lies when one makes a promise to do something in the future without the

7  intention to actually perform the promise. *Lazar, supra*, 12 Cal.4th at 638. Further, "[i]n . . .

8  differentiating a false promise from the great bulk of broken promises, the allegations necessary

9  to show contemporaneous intention not to perform should be clear, specific, and unequivocal."

10 *Hills Transp. Co. v. Southwest Forest Indus.*, 266 Cal.App.2d 702, 708 (1968) (citations omitted).

11     Here, the only fact to support Plaintiff's conclusion that ARC made a promise that it did

12 not intend to keep is that ARC decided not to hire him. This is insufficient to sustain a claim of

13 fraud. "[S]omething more than nonperformance is required to prove the defendant's intent not to

14 perform his promise . . . ." *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 481 (1996).

15 Because Plaintiff's fraud claim has not been pled with sufficient particularity and because the

16 complaint lacks sufficient allegations to support the claim that ARC made a promise it did not

17 intend to keep, Plaintiff's second cause of action for fraud should be dismissed.

18     **D.    Plaintiff Has Failed to State A Claim for Negligent Misrepresentation**

19     In his third cause of action for negligent misrepresentation, Plaintiff alleges that

20 "Defendants [*sic*] representations . . ., including plaintiff being told he was to be hired" and other

21 actions were "negligent and not in good faith."

22     In order to state a claim for negligent misrepresentation, Plaintiff must allege facts

23 showing that there was (1) a false representation of a past or existing material fact; (2) made by

24 the defendant without reasonable ground for believing it to be true; (3) the defendant's intent to

25 induce reliance; (4) the plaintiff's justifiable reliance; and (4) resulting damage to the plaintiff.

26 *See* California Civil Code §§ 1572(2) and 1710(2).

27     Plaintiff has failed to state a cause of action for negligent misrepresentation because his

28 allegations of negligent misrepresentation are too uncertain. Plaintiff has not alleged that ARC

- 5 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  intended to induce reliance on any representation it allegedly made to him, nor has he alleged any

2  facts from which this conclusion may be drawn. Moreover, there are no allegations, much less

3  any facts to support any allegation, that Plaintiff justifiably relied on a representation by ARC

4  which caused Plaintiff damage.

5       Further, only misrepresentations as to a past or existing fact are actionable. There is no

6  claim for promises which are negligently made. *See e.g., Tarmann v. State Farm Mut. Auto. Ins.*

7  *Co.* (1991) 2 Cal.App.4th 153, 159. The only representation Plaintiff has alleged is he was "told

8  he was to be hired." This states the "Defendants'" intention to act in the future and therefore

9  cannot form the basis for a negligent misrepresentation claim.

10      Because Plaintiff's allegations are too uncertain and the only alleged representation is an

11  intention by "Defendants" to act in the future, Plaintiff's third cause of action for negligent

12  misrepresentation should be dismissed.

13  **IV.    Conclusion**

14      Because Plaintiff has failed to state facts sufficient to support a cause of action against

15  ARC for Association Discrimination, Fraud or for Negligent Misrepresentation, ARC's motion to

16  dismiss every cause of action in Plaintiff's complaint should be granted in its entirety.

17                                  Respectfully submitted,

18  Dated:   July 24, 2007          BAKER & HOSTETLER LLP

19

20                                  _Sabrina L. Shadi_

21                                  RONALD J. KLEPETAR
                                    SABRINA L. SHADI
22                                  Attorneys for Defendants
                                    THE AMERICAN RED CROSS BLOOD
23                                  SERVICES

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

# PROOF OF SERVICE

    I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California  90025-7120.  On July 24, 2007, **DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served on the person(s) listed below:

[X]     via electronic mail by the United States District Court – Live System.

[ ]     by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ]     by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on July 24, 2007, at Los Angeles, California.

_____
CHARLENE E. STAMPS