1  JILL P. TELFER, (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J Street, Suite 200
3  Sacramento, California 95814
   Telephone:    (916) 446-1916
4  Facsimile:    (916) 446-1726
   email: jilltelfer@yahoo.com
5
   Attorney for Plaintiff
6  **BRIAN SETENCICH**

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

   BRIAN SETENCICH,                  )  CASE NO.: C 07-03688 JCS
11                                    )
                    Plaintiff,        )
12                                    )  **PLAINTIFF BRIAN SETENCICH'S**
   vs.                               )  **OPPOSITION TO DEFENDANT**
13                                    )  **AMERICAN RED CROSS' MOTION**
   THE AMERICAN RED CROSS, a non-profit )  **TO DISMISS**
14 corporation, STEVE BROWN, ROBERT   )
   BROWNING and DOES 1 through 30,    )
15 inclusive,                         )  Date    :    October 2, 2007
                                      )  Time    :    1:00 p.m.
16                  Defendants.       )  Courtroom:   3
                                      )  Judge:       Hon. Saundra B. Armstrong
17                                    )
                                      )
18 _____ )

19                              I.
                          INTRODUCTION

20
       Defendant American Red Cross ("ARC") moves to dismiss Plaintiff Brian Setencich's
21
   ("Setencich") three claims against the ARC for (1) Association Discrimination (Cal. Govt. Code §
22
   12926(m), et. seq.), (2) Fraud; and (3) Negligent Misrepresentation. Setencich opposes the motion to
23
   dismiss as to all three claims, but acknowledges that more specificity is required in pleading as to his
24
   fraud claim to identify which specific Defendant made the false representation to him and the
25
   approximate dates of such representations. *Lazar v. Superior Court* 12 Cal 4th 631 (1996).
26
   ///
27

28
   Plaintiff's Opposition to Motion to Dismiss

1    Setencich properly pleads his first claim for Association Discrimination under the Fair

2  Employment and Housing Act ("FEHA") which provides protection for any applicant who is denied

3  employment because of his association with another who is disabled, or a member of another

4  protected class under FEHA.  ARC's attempt to restrict protection under FEHA is not based on any

5  relevant statutory or relevant case law authority.  Likewise, Setencich sufficiently pleads his third

6  claim for negligent misrepresentation warranting denial of the motion.   Setencich requests leave to

7  amend as to his second claim for fraud to provide the identity of those who made the fraudulent

8  representations to him and more detail as to the circumstances surrounding the fraud.

9

10                                             **II**
                    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

11          Setencich was recruited in mid to late 2005 to work as the Communications Manager for the

12  ARC, reporting to the Director of Public Affairs and Communications, Marc Jackson ("Jackson")

13  (Complaint, ¶ 2).  Setencich was qualified for the position, filling an important need for the ARC.

14  (Complaint, ¶ 2) Setencich met with the principals and hiring panel on three separate occasions, with

15  the decision being made by the Board to hire Setencich (Complaint, ¶ 15) Defendant (Steve Brown

16  and Robert Browning)[1] represented to Setencich they were going to hire him and that his 1997

17  conviction of filing a false tax return concerning tax consequences of less than $10,000.00 was not

18  an impediment to hire (Complaint, ¶ 25).  However, neither intended on letting the panel proceed

19  with the hire Setencich because of Setencich's association with Jackson (Complaint ¶ 15-17).  ARC

20  was attempting to terminate  the Director of Public Affairs and Communication ( Jackson) by taking

21  pretextural discipline against him, defaming him and setting him up to fail by providing him

22  inadequate support. The action against Jackson were motivated by Jackson's disability, use of

23  medical leave and protected activity (Complaint, ¶ 3 and 15)

24  ///

25

26  _____

27      [1]Steve Brown and Robert Browning were not specifically named as to the individuals who made the
    fraudulent representations.  As a result, Setencich requests leave to amend.

28

Plaintiff's Opposition to Motion to Dismiss

1   The hire of Setencich would have impeded the principals efforts to terminate Jackson given

2   Setencich's knowledge and political clout. (Complaint, ¶ 25). Defendant was aware of Setencich's

3   association with Jackson and therefore did not hire him, hiring a less qualified applicant (Complaint,

4   ¶17). The association between Jackson and Setencich was based on several year of working closely

5   together when Setencich was on the Fresno City Council and Jackson was the Director of Public

6   Relations and Editor in Chief of the Metro News ( Complaint, ¶ 6). When Setencich was elected to

7   the State Legislature and became Speaker of the House for the State Assembly, Jackson was his

8   Chief of Staff. (Ibid.). The association continued when Setencich was Special Liaison to Mayor

9   Willie Brown and Jackson began working for ARC (Complaint,¶ 7).

10   Setencich filed his complaint in San Francisco Superior Court on March 13, 2007. ARC

11   removed the case on July 19, 2007 on the alleged basis of ARC must be sued in federal court

12   because of a federal corporate charter (36 U.S.C.§2) . The motion to dismiss was filed on July 24,

13   2007 prior to any meet and confer efforts by the parties.

14

**III**
15   **LEGAL ANALYSIS**

16
**A.    The Legal Standard  on a Motion to Dismiss**
17

18   A complaint should not be dismissed for failure to state on claim under Fed. Rule Civ.

19   Procedure 12(b)(6) "unless it appears beyond doubt that a plaintiff could prove no set of facts in

20   support of his claim which would entitle him to relief". *Durning v First Boston Corp*. 815 F.2d

21   1265, 1267 (9th Cir. 1987)(quoting *Conley v. Gibson*, 355 U.S. 41, 26 Ed. 2d 80 (1957). Sufficient

22   facts exist to support Setencich's three claims for Association Discrimination, Fraud and Negligent

23   Misrepresentation. The Association Discrimination and Negligence Misrepresentation claims have

24   been sufficiently pled. As to the Fraud claim, leave to amend is requested to provide the specifics to

25   the fraud as articulated in *Lazar*. ARC has brought a motion based exclusively on non-9th Circuit

26   cases  interpreting the Americans With Disabilities Act ("ADA") and not the FEHA, which

27   Setencich's discrimination claim is based.

28
Plaintiff's Opposition to Motion to Dismiss

3

1    The Federal Rules of Civil Procedure govern the sufficiency of a pleading in a federal action,

2  even those based on diversity. ( *FSLIC v. Texas Real Estate Counselors* 995 F 2d 261, 269-270 (5th

3  Cir, 1992). The Rules are extremely liberal and are designed specifically to minimize disputes over

4  pleading technicalities. ( See FRCP 1, 8(f), and *Conley,* supra at 47 -48).

5    Federal Rules provide for notice pleading. The pleadings need not allege facts constituting

6  the claim for relief or defense. They need only give fair notice of the pleader's claim so the opposing

7  party can respond, undertake discovery and prepare for trial. (See *Conley v. Gibson*, supra 355 U.S

8  at 47-48). "[F]ederal Courts and litigants must rely on summary judgment and control of discovery to

9  weed out unmeritorious claims. . .( *Leatherman v. Tarrant County Narcotics Intelligence &*

10 *Coordination Unit*, 507 U.S. 163 (1993) . Unlike the practice in many states, the Federal Rules do

11 not draw distinctions between pleading facts, ultimate facts or conclusions of law. Schwarzer,

12 Tashima & Wagstaffe, CAL. PRAC. GUIDE: CIV PRO BEFORE TRIAL (The Rutter Group

13 2002)8:27; pp. 8-6. Setencich properly pleads the necessary facts as to the first and third claim to put

14 ARC on notice of the claim brought against it. As to the fraud claim, facts exist to meet the

15 specificity requirements under California law.

16    In ruling on a motion to dismiss, all allegations of material fact are taken as true and

17 construed in the light most favorable to the non-moving party. (Id). The plaintiff is not held to a

18 "heightened pleading standard". *Swierkiewicz v. Sorema*, N.A. 534 U.S. 506,515, 152 L.Ed. 2d 1

19 (2002). If the Court should find that Setencich failed to provide sufficient allegations to state a claim

20 for which relief may be granted, respectfully request the Court grant leave to amend. A District Court

21 should grant leave to amend even if no request to amend the pleadings was made, unless it

22 determines that the plaintiffs cannot be cured by the allegations of other facts. *Lopez v. Smith*, 2003

23 F.3d 1122,1127 (9th Cir. 2000). Here, the fraud claim can be pled with specifics as to the individuals

24 who committed the fraud and therefore leave is requested.

25    **B.    Association Discrimination**

26    ARC contends that although FEHA prohibits discrimination based on association, the

27 protection should be severely limited, relying on the 7th Circuit case *Larimer v. International*

28

Plaintiff's Opposition to Motion to Dismiss

4

1  *Business Machines Corp.* 370 F.3d 698, 700 (7th Cir. 2004) where the Court elected not to provide

2  protection to a man who was terminated after the birth of his premature twins under the ADA.

3  However, the 9th Circuit case has not adopted this restrictive view. Of most significance, the

4  Setencich claim is under FEHA, which provides significantly more protections than the ADA.

5       California Government Code § 12926(m) provides,

6

7       "race...physical disability, mental disability, medical condition...includes a perception that the person has any of those characteristics *or that the person is associated with a person who has or is perceived to have any of those characteristics.*"California

8       Government Code §12926  (emphasis added)

9       The ADA more restrictive association discrimination protection[2] provides:

10

11       "...excluding or otherwise denying equal jobs or benefits to a qualified individual because of a *known disability of the individual with whom the qualified individual is known to have a relationship or association.*"42 U.S.C. §12112(b)(4) (emphasis

12       added)

13       Under FEHA, Setencich must prove, (1) Setencich applied for a position with the

14  Red Cross (Complaint, §2, 14-15);  (2) ARC refused to hire him (Complaint,§ 15, 17 and 18); and

15  (3) Setencich's association with Jackson, (who has a disability and engaged in protected activities)

16  was a motivating factor in not hiring him (Complaint, §18).  (Judicial Council of California Civil

17  Jury Instructions (2007) CACI No. 2500).

18       FEHA provides broader protections for the employee than the federal statutes.  Cal. Govt

19  Code § 12926.1 identifies that although the ADA provides a floor for  protection, FEHA has always,

20  even prior to the passage of the Federal Act, afforded additional protections.  The Supreme Court

21  explained in *Aguilar v. Avis Rent A Car, Inc.* 29 Cal 4th 121 (1999) that FEHA declares,

22       'As a public policy of the state that it's necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without

23       discrimination. This Court has declared that policy to be fundamental.' (citing *Brown v. Superior Court* 37 Cal 3rd 477, 485 (1984).  'Employment discrimination foments

24       domestic strife and arrest, deprives the state of the fullest utilization of its capacities

25

26       [2]In order to establish a prima facie case under the ADA for association discrimination, a plaintiff must prove (1) the plaintiff was qualified for the job at the time of the adverse employment action; (2) the

27  plaintiff was subjected to adverse employment action; (3) plaintiff was known by his employer to have an associate with a disability; (4) the adverse employment action occurred under circumstances raising

28  a reasonable inference that the disability of the associate was a determining factor in the employer's decision. *Hartog v. Wasatch Academy, et al* 129 F 3d 1076 (3rd Cir., 1997)

Plaintiff's Opposition to Motion to Dismiss

5

1  for development an advance, and substantially and adversely affects the interest of
   employers and the public in general' (citing California Government Code §12920)
2  The express purpose of the FEHA is to 'provide effective remedies which will
   eliminate such discriminatory practices'. (Ibid.)  In addition, the legislature has
3  directed that the FEHA to be construed liberally so as to accomplish its purpose.
   California Government Code § 12993;citing *Brown v. Superior Court* supra, 37 Cal
4  3d at 486 *Aguilar v. Avis* at 129.

5  Setencich properly pleads his FEHA claim, which provides protection to Setencich for the

6  failure to hire motivated by his association with Jackson. As a result, the motion should be denied.

7      **C.      Fraud**

8      Setencich acknowledges more specificity is required for his fraud claim and he is able to

9  provide those specifics.  Setencich pleads the primary elements but fails to allege specific individual

10 from ARC who made the fraudulent representations and the approximate date as required in the

11 California case of *Lazar v. Superior Court,* supra. 12 Cal 4th at 645.  As a result, leave to amend is

12 requested.

13

14     **D.      Negligent Misrepresentation**

15     Plaintiff alleges the following facts in his complaints: (1) A representation that an

16 important fact was true which was not in fact true; ( Complaint §25, 26);  (2) made by the defendant

17 without reasonable ground for believing it to be true; ( Complaint §32) the defendant's intent to

18 induce reliance,(Complaint §25 and 26 );  (4) the plaintiff's justifiable reliance; ( Complaint §31) and

19 (4) resulting damage to the plaintiff.  (Complaint § 31, 33 and 34) (Judicial Council of California

20 Civil Jury Instructions (2007) CACI No. 1903).   As a result, the claim is sufficiently pled and the

21 motion as to this claim should be denied

22

23                              **IV**
                            **CONCLUSION**
24
       Setencich has pled facts sufficient to support his first and third claims against ARC  for
25
   Association Discrimination and Negligent Misrepresentation to warrant denial of the motion.  As to
26
   ///
27
   ///
28

Plaintiff's Opposition to Motion to Dismiss

1  the second claim for Fraud, Setencich respectfully requests leave to amend to allege with more

2  specificity the particular individuals who made the fraudulent statements and the circumstances as to

3  each.

4  DATED: September 11, 2007                          LAW OFFICES OF JILL P. TELFER
                                                      *A Professional Corporation*

5

6

7                                                     JILL P. TELFER
                                                      Attorney for Plaintiff

8                                                     **BRIAN SETENCICH**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Opposition to Motion to Dismiss

1

## PROOF OF SERVICE

2  CASE NAME:      **SETENCICH V. AMERICAN RED CROSS**
   CASE NO.:       C 07-03688 JCS
3

4         I declare that I am a citizen of the United States, that I have attained the age of majority, and that I
   am not a party to this action. My business address is 331 J Street, Sacramento, California 95814. I am
5  familiar with this firm's practice of collection and processing of correspondence to be deposited for delivery
   via the U.S. Postal Service as well as other methods used for delivery of correspondence. On the below
6  stated date, in the manner indicated, I caused the within document(s) entitled:

7         **PLAINTIFF BRIAN SETENCICH'S OPPOSITION TO DEFENDANT**
          **AMERICAN RED CROSS' MOTION TO DISMISS**
8
   to be served on the party(ies) or their (its) attorney(s) of record in this action:
9  [X]    Via Mail:  I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at
          Sacramento, California.
10 [ ]    Via **CERTIFIED** Mail:  I caused each envelope (with postage affixed thereto) to be placed in the
          U.S. mail at Sacramento, California.
11 [ ]    Via Personal Service:  I instructed each document to be hand-delivered via **HAND DELIVERY** to
          the address listed below.
12 [ ]    Via Overnight Courier:  I caused each envelope to be delivered via overnight mail by **FEDERAL**
          **EXPRESS**.
13 [ ]    Via **FACSIMILE**:  I instructed such to be transmitted via facsimile to the office(s) list below.

14 addressed as follows:

15 Ronald J. Klepetar, Esq.
   Sabrina L. Shadi, Esq.
16 BAKER & HOSTETLER
   12100 Wilshire Blvd., 15th Floor
17 Los Angeles, CA 90025-7120

18 [ ]    State:  I declare under penalty of perjury under the laws of the State of California that the foregoing
          is true and correct.
19 [X]    Federal:  I declare that I am employed in the office of a member of the bar of this court at whose
          direction service was made.
20
   Executed on  _9.11.07_  , at Sacramento, California.
21

22                                          _____
                                            Karilyn Ah Yun
23

24

25

26

27

28

   Plaintiff's Opposition to Motion to Dismiss