1  JILL P. TELFER, (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J Street, Suite 200
3  Sacramento, California 95814
   Telephone:   (916) 446-1916
4  Facsimile:   (916) 446-1726
   email: jilltelfer@yahoo.com
5
   Attorney for Plaintiff
6  **BRIAN SETENCICH**

7

8                      UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| BRIAN SETENCICH, | CASE NO.: C 07-03688 JCS |
| Plaintiff, | **[PROPOSED] ORDER DENYING AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT** |
| vs. | |
| THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive, | |
| | **[F.R.C.P. 12(b)(b)]** |
| Defendants. | [Filed concurrently with Plaintiff Brian Setencich's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint] |
| | Date   :   October 2, 2007 |
| | Time   :   1:00 p.m. |
| | Courtroom:   3 |

**TO DEFENDANT AND DEFENDANT'S ATTORNEYS OF RECORD:**

On October 2, 2007 at 1:00 p.m., there came on for hearing the motion of Defendant American Red Cross ("ARC") to dismiss plaintiff Brian Setencich's ("Setencich") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) before honorable Saundra Brown Armstrong. Setencich was represented by Jill P. Telfer. ARC was represented by the Baker & Hostetler law firm.

[Proposed] Order Denying Defendant's Motion to Dismiss Complaint

# I.
# BACKGROUND

Plaintiff Brian Setencich's ("Setencich") filed his complaint in San Francisco Superior Court on March 13, 2007, alleging three claims against the ARC for (1) Association Discrimination (Cal. Govt. Code § 12926(m), et. seq.), (2) Fraud; and (3) Negligent Misrepresentation. ARC removed the case on July 19, 2007 on the alleged basis of ARC must be sued in federal court because of a federal corporate charter (36 U.S.C.§2) . The motion to dismiss was filed on July 24, 2007 prior to any meet and confer efforts by the parties.

# II.
# LEGAL STANDARD

A complaint should not be dismissed for failure to state on claim under Fed. Rule Civ. Procedure 12(b)(6) "unless it appears beyond doubt that a plaintiff could prove no set of facts in support of his claim which would entitle him to relief". *Durning v First Boston Corp*. 815 F.2d 1265, 1267 (9th Cir. 1987)(quoting *Conley v. Gibson*, 355 U.S. 41, 26 Ed. 2d 80 (1957)

Federal Rules provide for notice pleading. The pleadings need not allege facts constituting the claim for relief or defense. They need only give fair notice of the pleader's claim so the opposing party can respond, undertake discovery and prepare for trial. (See *Conley v. Gibson*, supra 355 U.S at 47-48). "[F]ederal Courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims. . .( *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) .

In ruling on a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. (Id). The plaintiff is not held to a "heightened pleading standard". *Swierkiewicz v. Sorema*, N.A. 534 U.S. 506,515, 152 L.Ed. 2d 1 (2002). If the Court determines the plaintiff failed to provide sufficient allegations to state a claim for which relief may be granted, leave to amend should be granted unless the Court determines that the plaintiffs cannot be cured by the allegations of other facts. *Lopez v. Smith*, 2003 F.3d 1122,1127 (9th Cir. 2000).

# III.
# ANALYSIS

Sufficient facts exist to support Setencich's three claims for Association Discrimination, Fraud and Negligent Misrepresentation. The Association Discrimination and Negligence Misrepresentation claims have been sufficiently pled.

### A.   Association Discrimination

ARC contends that although FEHA prohibits discrimination based on association, the protection should be severely limited, relying on the 7th Circuit case *Larimer v. International Business Machines Corp.* 370 F.3d 698, 700 (7th Cir. 2004) where the Court elected not to provide protection to a man who was terminated after the birth of his premature twins under the ADA. However, the 9th Circuit case has not adopted this restrictive view. Of most significance, the Setencich claim is under FEHA, which provides significantly more protections than the ADA. (California Government Code § 12926.1)

California Government Code § 12926(m) provides,

> "race...physical disability, mental disability, medical condition...includes a perception that the person has any of those characteristics *or that the person is associated with a person who has or is perceived to have any of those characteristics*."California Government Code §12926  (emphasis added)

The ADA more restrictive association discrimination protection[1] provides:

> "...excluding or otherwise denying equal jobs or benefits to a qualified individual because of a *known disability of the individual with whom the qualified individual is known to have a relationship or association*."42 U.S.C. §121112(b)(4) (emphasis added)

Under FEHA, Setencich must prove, (1) he applied for a position with ARC;  (2) ARC refused to hire him; and (3) his association with Jackson, (who has a disability and engaged in protected activities) was a motivating factor in not hiring him. (Judicial Council of California Civil Jury Instructions (2007) CACI No. 2500). Setencich has plead these facts.

---

[1] In order to establish a prima facie case under the ADA for association discrimination, a plaintiff must prove (1) the plaintiff was qualified for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) plaintiff was known by his employer to have an associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the associate was a determining factor in the employer's decision. *Hartog v. Wasatch Academy, et al* 129 F 3d 1076 (3rd Cir., 1997)

1  Setencich sufficiently pleads his FEHA claim, which provides protection to Setencich for the
2  failure to hire motivated by his association with Jackson. As a result, the motion as to this claim is
3  denied.

4  **B.  Negligent Misrepresentation**

5  The prima facie elements of a negligent misrepresentation case are; (1) A representation that
6  an important fact was true which was not in fact true; (2) made by the defendant without reasonable
7  ground for believing it to be true; (3)  the defendant's intent to induce reliance;  (4) the plaintiff's
8  justifiable reliance; and (4) resulting damage to the plaintiff. (Judicial Council of California Civil
9  Jury Instructions (2007) CACI No. 1903).   Setencich has plead these facts, and therefore the motion
10 as to this claim is denied.

11 **C.  Fraud**

12 As to the Fraud claim, leave to amend should be granted to allow Setencich to plead specifics
13 as to the identity of which specific Defendant made the false representation(s) to Setencich and the
14 approximate dates of such representations, as required by *Lazar v. Superior Court* 12 Cal 4th 631
15 (1996).

## IV.

## CONCLUSION

18 The Court, having considered the pleadings submitted by the parties and oral argument from
19 counsel, and good cause appearing therefor,
20 IT IS HEREBY ORDERED as follows:
21 1.  The Motion is denied as to the first and third claims for Association Discrimination
22     and Negligent Misrepresentation, respectively; and
23 2.  Plaintiff is granted leave to amend to provide more specifically as to his fraud claim.
24 DATED:_____, 2007

26 _____
   UNITED STATES DISTRICT COURT JUDGE

# PROOF OF SERVICE

CASE NAME:   **SETENCICH V. AMERICAN RED CROSS**
CASE NO.:    C 07-03688 JCS

I declare that I am a citizen of the United States, that I have attained the age of majority, and that I am not a party to this action. My business address is 331 J Street, Sacramento, California 95814. I am familiar with this firm's practice of collection and processing of correspondence to be deposited for delivery via the U.S. Postal Service as well as other methods used for delivery of correspondence. On the below stated date, in the manner indicated, I caused the within document(s) entitled:

**[PROPOSED] ORDER DENYING AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT**

to be served on the party(ies) or their (its) attorney(s) of record in this action:

[X]  Via Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Sacramento, California.
[ ]  Via **CERTIFIED** Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Sacramento, California.
[ ]  Via Personal Service: I instructed each document to be hand-delivered via **HAND DELIVERY** to the address listed below.
[ ]  Via Overnight Courier: I caused each envelope to be delivered via overnight mail by **FEDERAL EXPRESS**.
[ ]  Via **FACSIMILE**: I instructed such to be transmitted via facsimile to the office(s) list below.

addressed as follows:

Ronald J. Klepetar, Esq.
Sabrina L. Shadi, Esq.
BAKER & HOSTETLER
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-7120

[ ]  State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
[**X**] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on September 11, 2007 at Sacramento, California.

/s/ Karilyn Ah Yun

Karilyn Ah Yun