RONALD J. KLEPETAR, Bar No. 52535
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025-7120
Telephone:    310.820.8800
Facsimile:     310.820.8859
Email:         rklepetar@bakerlaw.com
Email:         sshadi@bakerlaw.com

Attorneys for Defendant
AMERICAN RED CROSS BLOOD SERVICES
SOUTHERN CALIFORNIA REGION, Improperly
Sued As The American Red Cross

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>       Plaintiff,<br><br>     v.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>       Defendants. | Case No.  C07-03688 SBA<br><br>[Honorable Saundra Brown Armstrong]<br><br>**DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S REPLY TO PLAINTIFF BRIAN SETENCICH'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:        October 2, 2007<br>Time:       1:00 p.m.<br>Courtroom:   3<br><br>[Complaint filed:  March 13, 2007] |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

I.    **Plaintiff Has Not and Cannot Allege Sufficient Facts to Support a Claim for Association Discrimination**

Plaintiff Brian Setencich's claim for association discrimination should be dismissed because the conclusion that American Red Cross Blood Services Southern California Region's ("ARC") decision not to hire him was motivated by his association with Jackson is refuted by the facts alleged in Plaintiff's own complaint. Specifically, as discussed in ARC's motion to dismiss, Plaintiff's accusation that ARC did not hire him because ARC was motivated by a discriminatory animus toward Jackson due to Jackson's disability is inconsistent with the fact that ARC was making a concerted effort to fill the Communication Manager position in order to assist Jackson. (See Motion to Dismiss, p.3, line 19 to p. 4, line 8 and Complaint, ¶¶ 2 and 16). Plaintiff's silence as to this point is noteworthy and can only be interpreted to mean there is no viable explanation regarding this contradiction between the factual allegations in Plaintiff's complaint and his conclusory statements that he has suffered from association discrimination.

Further, ARC's argument that the prior business relationship between Jackson and Plaintiff is not the type anti-discrimination statutes are aimed to protect should not be summarily ignored, as Plaintiff suggests. It is true that FEHA is broader in certain respects than the ADA; however, the distinctions between these statutes present no meaningful differences with regard to Plaintiff's association discrimination claim. Accordingly, the court may look to decisions interpreting the ADA, such as *Larimer v. International Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004), in interpreting parallel provisions in FEHA in order to determine that the past, temporary business relationship between Plaintiff and Jackson is not within the intended scope of FEHA's prohibition on association discrimination. *See, e.g. Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 224 n. 7 (1999) ("decisions interpreting [the ADA] may be useful in deciding cases under the FEHA.") and *Pensingner v. Bowsmith, Inc.*, 60 Cal.App.4th 709 (1998) ("Because the FEHA is modeled after . . . the Americans with Disabilities Act (ADA) 42 U.S.C.A. § 12101 et seq.), interpretations of these laws are 'particularly useful 'to guide the construction'' of the California statute.")

1  Plaintiff's complaint does not allege facts sufficient to state a cause of action for

2  association discrimination, and his opposition to ARC's motion fails to show that sufficient facts

3  have been or could be alleged through an amendment. Therefore, ARC's motion to dismiss

4  should be granted as to the first purported cause of action, without leave to amend.

5  **II.    Simply Providing a Date and Naming the Individual Who Made the "Fraudulent**

6  **Representations" Will Not Cure the Defects In Plaintiff's Fraud Claim**

7  ARC has moved to dismiss Plaintiff's fraud claim on the grounds that his allegations do

8  not meet the strict pleading standards imposed by state and federal law. Plaintiff has responded

9  by seeking leave to amend to identify the "specific individual from ARC who made the fraudulent

10  representations and the approximate date." While these additional allegations would be helpful,

11  they will not suffice to sustain Plaintiff's fraud claim. Specifically, with the addition of such

12  allegations, the complaint would still fail to allege a particular promise ARC made to Plaintiff as

13  well as facts to support the conclusory allegation that "defendants had not intended to live up to"

14  their "promises."

15  A general allegation of lack of intent is insufficient unless the plaintiff alleges specific

16  facts from which such a lack of intent may be inferred by the court. *See Hills Transp. Co. v.*

17  *Southwest Forest Indus.*, 266 Cal.App.2d 702, 707-708 (discussing the well established rule that

18  pleadings of fraud and deceit must be specific). There are no allegations in Plaintiff's complaint

19  from which the falsity of ARC's intentions could be inferred. The fact that Plaintiff ultimately

20  was not hired is not enough. *Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 481.

21  Further, without sufficient allegations regarding ARC's intentions regarding hiring Plaintiff,

22  Plaintiff's claim appears to be one of negligent misrepresentation regarding Plaintiff being hired.

23  However, as discussed below, to be actionable, a negligent misrepresentation must ordinarily be

24  as to past or existing material facts. *Tarmann v. State Farm Mutual Automobile Insurance Co.*

25  (1991) 2 Cal.App.4th 153, 158.

26  Because Plaintiff's allegations are insufficient to state a cause of action for fraud and his

27  proposed amendments will not cure the numerous defects, ARC's motion to dismiss the second

28  purported cause of action should be sustained without leave to amend.

077975, 000039, 501487367.1                                                        - 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**III.    There Is No Misrepresentation As to a Past or Existing Fact to Support A Negligent Misrepresentation Claim**

Without addressing the legal authorities presented in ARC's motion to dismiss, Plaintiff summarily states that his claim for negligent misrepresentation is sufficiently pled. Plaintiff's concise statement of his position does not address that (a) there is no allegation that ARC intended to induce reliance on any representation allegedly made to him, (b) there are no facts alleged from which the conclusion that ARC intended to induce his reliance can be drawn, and (c) there are no allegations or facts to support an allegation that Plaintiff justifiably relied on a representation by ARC which caused him damage. Further, Plaintiff has not addressed the fact that the implied (but not actually alleged) misrepresentation that Plaintiff would be hired by ARC did not involve a past or existing material fact; if such a representation had been made, it would have involved a promise to perform at some future time. Such promises are not actionable as negligent misrepresentation. *See Id.* at 158-159. ("[T]he court properly sustained the demurrer" where, "the gist of both Tarmann's fraud and negligent misrepresentation claims is that State Farm said it *would* pay for her repairs *immediately upon their completion*, it failed to do so, Tarmann could not complete the repairs or redeem her vehicle, and she lost the use of it until State Farm settled the case;)" (emphasis in original).

Because Plaintiff's allegations are too uncertain, and because Plaintiff has not and cannot allege that ARC made an actionable misrepresentation to him as to a past or existing fact, ARC's motion to dismiss the third purported cause of action should be granted without leave to amend.

Dated: September 17, 2007                    BAKER & HOSTETLER LLP


                                             _____
                                             RONALD J. KLEPETAR
                                             SABRINA L. SHADI
                                             Attorneys for Defendants
                                             THE AMERICAN RED CROSS BLOOD
                                             SERVICES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On September 17, 2007, **DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S REPLY TO PLAINTIFF BRIAN SETENCICH'S OPPOSITION TO MOTION TO DISMISS** will be served on the person(s) listed below:

☒    via electronic mail by the United States District Court – Live System.

☐    by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 17, 2007, at Los Angeles, California.



CHARLENE E. STAMPS

077975, 000039, 501487367.1

PROOF OF SERVICE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES