1  JILL P. TELFER, Bar No. 145450
   LAW OFFICES OF JILL P. TELFER
2  331 J Street, Suite 200
   Sacramento, California 95814
3  Telephone:  (916) 446-1916
   Facsimile:   (916) 446-1726
4  Email:       jilltelfer@yahoo.com

5  Attorneys for Plaintiff
   BRIAN SETENCICH
6

7  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
8  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
9  Los Angeles, California 90025
   Telephone:  (310) 820-8800
10 Facsimile:   (310) 820-8859
   Email:       rklepetar@bakerlaw.com
11              sshadi@bakerlaw.com

12 Attorneys for Defendant
13 AMERICAN RED CROSS BLOOD SERVICES
   SOUTHERN CALIFORNIA REGION, Improperly
14 Sued As The American Red Cross

15

16                 UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18

| 19 | BRIAN SETENCICH, | Case No. C 07-03688 JCS |
|----|---|---|
| 20 | Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| 21 | v. | |
| 22 | THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive, | Date:   October 2, 2007<br>Time:   1:00 p.m.<br>Judge:  Hon. Saundra B. Armstrong |
| 23 | | |
| 24 | Defendants. | |

077975, 000039, 501492846.1

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## I.

## JURISDICTION AND SERVICE

Diversity jurisdiction under 28 U.S.C. §1332 exists because the American Red Cross ("ARC") is a federally chartered instrumentality of the United States and a corporation with its principal place of business in the District of Columbia (26 U.S.C. §300101). ARC was served on June 19, 2007 with the San Francisco Superior Court action. Thereafter, ARC removed the matter. Defendants Steve Brown and Robert Browning were served on Monday, September 18, 2007, but have not as yet responded to the complaint. Based on an agreement between counsel, the individual defendants will serve their responses by not later than October 19, 2007.

## II.

## DESCRIPTION OF THE CASE

1. **Brief description of events**

**Plaintiff:** Plaintiff, Brian Setencich ("Setencich") was recruited by the Director of Public Affairs and Communication, Marc Jackson to be ARC's Communications Manager. Setencich participated in three rounds of interviews with ARC's interview panel, which included Matt Peckerol, M.D. The board recommended the hire of Setencich as the most qualified candidate. Defendant Steve Brown told Setencich that his criminal record of filing a false tax return would not impede his hire. However, defendants, including Vice President Steve Brown and Director Robert Browning never intended on hiring Setencich given his association with Marc Jackson, who defendants targeted to constructively discharge due to his disability and protected activity. As a result of defendant's conduct, Setencich has been harmed in that he did not seek alternative employment during the lengthy meet and greet process, given the representations from the defendants. In addition, Setencich suffered emotional distress damages given the defendants' conduct.

**Defendant:** On June 1, 2005, Plaintiff submitted an application for employment to ARC based on a referral from Mr. Jackson. ARC welcomes employee referrals; however, Human Resources is the only department authorized to invite potential job candidates to interview. If H.R. feels a candidate from out of town meets all qualifications, has completed a thorough

telephone interview, and is among the final candidates, the Region arranges and pays for travel to ARC's office for face-to-face interviews. H.R. did not take these actions with Plaintiff.

At Mr. Jackson's request and as a courtesy to him, Bob Browning and Steve Brown each met separately with Plaintiff in the Pomona office on a day that he was visiting his former employee, Mr. Jackson. ARC's records do not reflect that an interview panel was convened to meet with Plaintiff or that any "board" recommended his hiring. ARC cannot say whether Mr. Jackson made his own arrangements to have Plaintiff meet with other staff at a time when Plaintiff was visiting Mr. Jackson; however, if that occurred, it was not authorized or part of any formal application process through H.R.

Mr. Brown denies that he told Plaintiff that Plaintiff's conviction would not impede his hiring. ARC policy states that convictions within the 7 year period preceding an application which pertain to financial crimes could be a basis for a decision not to hire. Further, the decision not to offer employment to Plaintiff was not related to his association with Mr. Jackson, who is still employed by ARC and has not been targeted for discharge for his disability or for engaging in protected activity.

ARC denies that Plaintiff has been harmed in any amount or manner by ARC. In the event Plaintiff did not seek alternative employment at any period when he was seeking employment by ARC, Plaintiff's choice was not justified by any conduct on the part of ARC.

2. **Factual issues that are in dispute:**
   (a) That ARC denied Setencich employment as a result of his association with current Director of Public Affairs and Communication, Marc Jackson because of Jackson's disability and protected activities.
   (b) That Setencich participated in three rounds of interviews with "ARC's interview panel";
   (c) That "the board" recommended the hire of Setencich as the most qualified candidate;
   (d) That defendants represented to Setencich that he was hired; and
   (e) That defendants represented to Setencich that his prior criminal conviction

would not impede his hire.

3. **The principal legal issues in dispute:**

    (a) Whether ARC subjected Setencich to unlawful employment discrimination in violation of the Fair Employment and Housing Act ("FEHA");

    (b) Whether defendants committed fraud by allegedly representing to Setencich he was hired and his prior criminal conviction would not impede his hire;

    (c) Whether defendants engaged in making negligent misrepresentations by allegedly representing to Setencich he was hired and his prior criminal conviction would not impede his hire; and

    (d) Whether any conduct by ARC caused any compensable damage to Setencich.

4. **Other factual issues:**

Not known at this time.

5. **Joinder of other parties:**

Plaintiff will seek to amend his Complaint or bring a motion to consolidate if Marc Jackson decides to sue ARC. Plaintiff is informed and believes Marc Jackson has perfected his right to sue by filing a Department of Fair Employment and Housing ("DFEH") Complaint but is unable to confirm whether or not Marc Jackson intends on bringing a lawsuit against ARC. ARC would likely oppose any effort to join Marc Jackson in the instant action or consolidate this action with any brought by Mr. Jackson. Among other things, such a joinder or consolidation would cause unnecessary delay in proceeding with the instant action and accordingly would unduly prejudice ARC.

6. **Evidence Preservation:**

**Plaintiff:** Plaintiff has retained all documents that he has created, received or obtained in connection with the facts alleged in the complaint.

**Defendant:** Counsel for ARC is coordinating with ARC's Human Resources, Legal and IT departments to preserve all evidence relevant to issues reasonably evident in this action.

1  Counsel is also familiarizing itself with the methods in which relevant information is stored by
2  ARC and how it may be produced to Plaintiff.
3      7.    **Consent to assignment of a U.S. Magistrate Judge:**
4  ARC does not consent to the assignment of a U.S. Magistrate for this matter.

## III.
## MOTIONS

Plaintiff intends on filing a motion for leave to amend his complaint or consolidate if Marc Jackson decides to sue ARC. ARC has filed a motion to dismiss the entire action. ARC believes that motions to dismiss by the individual defendants would also be appropriate. In the event this action survives beyond the pleading stage, ARC anticipates filing a motion for summary judgment or partial summary judgment.

## IV.
## DISCOVERY

The parties propose the following discovery plan:

| Activities | Completed By |
|---|---|
| Initial Disclosure of Documents | October 2, 2007 |
| Fact Discovery | 30 days before trial |
| Expert disclosures | 90 days before trial |
| Expert depositions | 30 days before trial |

The parties request court permission to be able to stipulate to changes to discovery procedures that do not affect court deadlines without seeking court approval.

## V.
## RELIEF

Plaintiff seeks compensatory damages, punitive damages and attorney fees under California Government Code Section 12965(b). ARC asserts that if Plaintiff could establish liability, his wage recovery should be limited to the period from the date of his termination until the date he commenced other employment, less any appropriate adjustments for insufficient mitigation efforts or periods when he was not able to work. Any medical costs should be

calculated based on Plaintiff's ability to establish that unlawful conduct by ARC caused Plaintiff to incur the costs and based on his ability to establish the legitimacy of the costs.

## VI.
## SETTLEMENT AND ADR

The parties agree to an early mediation in front of a Court-appointed mediator.

## VII.
## TRIAL SCHEDULE

1. **Requested trial date**

    Fall, 2008

2. **Anticipated trial length**

    This case will be tried by jury and is anticipated to be a 7 day jury trial.

## VIII.
## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON

The parties have filed their disclosures of non-party interested entities or persons pursuant to Civil L.R. 3-16.

DATED: Sept 21, 2007

LAW OFFICES OF JILL P. TELFER
*A Professional Corporation*

JILL P. TELFER
Attorney for Plaintiff
**BRIAN SETENCICH**

DATED: Sept 21, 2007

BAKER & HOSTETLER LL;

SABRINA L. SHADI
Attorneys for Defendant AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION

**CASE MANAGEMENT ORDER**

The Case Management and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the court orders:

Dated: _____          _____
                                  JUDGE, UNITED STATES DISTRICT COURT