JILL P. TELFER (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California  95814
Telephone:  (916) 446-1916
Facsimile:  (916) 446-1726
email: jilltelfer@yahoo.com

Attorney for Plaintiff **BRIAN SETENCICH**

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN SETENCICH | Case No. C 07-03688 SBA |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** |
| vs. | |
| THE AMERICAN RED CROSS, a non-profit corporation; STEVE BROWN; ROBERT BROWNING; and DOES 1 through 30, inclusive, | **\*\*\*\* JURY TRIAL DEMANDED\*\*\*\*** |
| Defendants. | |

COMES NOW Plaintiff BRIAN SETENCICH and alleges as follows:

## BACKGROUND

1.    This action is for damages and equitable relief and is brought pursuant to the Fair Employment and Housing Act, California Government Code sections 12920 et seq., related statutes, and California common law.

2.    Plaintiff BRIAN SETENCICH ("Setencich") was recruited by defendants to work as the Communication Manager for the Blood Services, Western Region, Division of THE AMERICAN RED CROSS because of Setencich's excellent communication skills and extensive experience of working with the public.  He was a perfect fit and filled an important need for Defendants.  He would be working

1

1   directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for THE

2   AMERICAN RED CROSS.

3       3.      Jackson, as the director of Public Affairs and Communications, since 1997, has won a

4   multitude of national awards  for the work that he has performed for the defendants.  When defendants

5   learned of  Jackson's condition of psoriatic arthritis, which is a chronic condition protected under the

6   Fair Employment and Housing Act ("FEHA"), it has discriminated against him, denied reasonable

7   accommodation and are attempting to force him into quitting.   In addition, defendants began retaliating

8   against Jackson because of his protected activities, including protesting the illegal conduct of the

9   defendants.

10      4.      Defendant THE AMERICAN RED CROSS is a non-profit corporation, authorized to do

11  business in the State of California.

12      5.      Defendant STEVE BROWN ("Brown") is currently the Vice President of the Western

13  Region for Defendants.  Defendant ROBERT BROWNING ("Browning") is the Director of Human

14  Resources for Defendants.

15      6.      The association between Jackson and Setencich began in the early 1990's when Setencich

16  was on the Fresno City counsel and Jackson was the Director of Public Relations and Editor in Chief

17  for the Metro News.  The two worked on several issues together, and learned that they worked well

18  together.  Thereafter, in 1994, Setencich was elected State Assembly for the 30th District and made

19  Jackson his Chief of Staff.

20      7.      In 1997, Setencich became Special Liaison to the Mayor of San Francisco and Jackson

21  began working for Defendants in Southern California.

22      8.      Each Defendant had a discriminating animus against Jackson because of his disability,

23  and protected activity, and developed a discriminatory animus against Setencich when they learned of

24  his association with Jackson.

25      9.      The true names and capacities of the Defendants named herein as DOES 1 through 30,

26  inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore

27  sues such Defendants by fictitious names.  Plaintiff is informed and believes that the DOE Defendants

28  are responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries were

2

1  proximately caused by the aforesaid Defendants.  Plaintiffs will amend this complaint to show such true

2  names and capacities when they have been determined.

3      10.     Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein

4  was at all times relevant hereto the agent, employee or representative and or joint venturer of the

5  remaining Defendants, and was acting at least in part within the course and scope of such relationship.

6  Plaintiffs are further informed and believes, and thereon alleges, that each of the Defendants herein gave

7  consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

8      11.     Plaintiff alleges on information and belief that, at all times relevant herein, Defendants,

9  and each of them, have actively participated in the fraud, misrepresentation against plaintiff because of

10  his association with Jackson, who has a disability under FEHA and who has been subjected to

11  discrimination with his disability as a motivating factor.

12      12.     Plaintiff perfected his right to sue by filing a claim with the Department of Fair

13  Employment and Housing.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Association Discrimination**

16      13.     Setencich realleges and incorporates herein the allegations in paragraphs 1 through 12

17  as set forth above.

18      14.     Setencich was recruited beginning in mid to late 2005 by Defendants, given his legislative

19  and communication qualifications and met with hiring decision-makers.

20      15.     Plaintiff interviewed and met with decision-maker's on approximately three occasions.

21  He received positive reviews from the hiring panel and decision-makers.  The decision was made to hire

22  Setencich.  However, when defendants learned of Setencich's association with Jackson, who they were

23  attempting to force out given his use of family medical leave, disability, and protected activity, they

24  attempted to withdraw the decision.

25      16.     Jackson  needed the assistance of a Communication Manager to accommodate not only

26  his disability, but the growth of the department and to counter the attempts of the defendants to

27  undermine him and set him up to fail.  Jackson found plaintiff to be the most qualified for the position,

28  as did those on the hiring panel.

17.     Once Defendants, and each of them, learned that Marc Jackson wanted to hire plaintiff, they withdrew their support because of their discriminatory and retaliatory animus against Jackson. Defendants articulated a pretextural reason for not hiring Setencich.

18.     Defendants, and each of them, took adverse actions against Plaintiff, including but not limited to fraud, failure to hire although qualified, and giving pretextural reasons for the decision not to hire with plaintiff's association with Jackson as a motivating factor.

19.     As a result of the aforementioned conduct alleged herein, Plaintiff has suffered, and continues to suffer, humiliation, anxiety, mental anguish, emotional distress and lost wages in earning capacity.

20.     Defendants' willful and knowing failure discrimination of Plaintiff are outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society.

21.     As a proximate result of Defendants' wilful, intentional and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress.  Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

22.     Plaintiff has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendants, including severe anxiety, physical ailments directly attributable to stress and other emotion trauma.

WHEREFORE, Plaintiff prays for judgment as specifically set forth below.

## SECOND CLAIM FOR RELIEF

### Fraud

23.     The Plaintiff incorporates by reference the allegations in paragraph 1 through 22, as though set forth fully herein.

24.     Defendants made specific representations that it intended to hire Plaintiff which brought plaintiff down to Southern California on three occasions.  During Plaintiff's first visit, he informed defendants that he had been convicted of filing a false tax return in 1997 where he failed to pay taxes on a stock dividend from TCBY Yogurt with tax consequences of less than $10,000.00.  Defendants informed Setencich that a criminal conviction is not an impediment to being hired and that numerous individuals with convictions had been hired in the past.

4

25.     Specifically, in June, 2005, the Human Resource Representative who reviewed Setencich's application and written statement describing the criminal conviction informed Sentencich that the conviction would not stop his hire.  In late 2005, Defendant Brown took Setencich aside, put his arm around him and told Setencich they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table; and they wanted to hire Plaintiff.  Brown reiterated this to Plaintiff in approximately March, 2006.  Browning also told Plaintiff that his criminal background would not impede his hire.  These statements were republished to Setencich and others, confirming he would be hired, until approximately the summer of 2006.

26.     However, Defendants knew their statements were false at the time they were made.  Defendants, and each of them, decided not to hire Plaintiff for their own illegal reasons, and instead hired other employees with felony convictions and even used them for their ads and campaigns.

27.     Sentencich reasonably relied on the representations of Brown, Browning and Human Resources and did not discover the fraud until approximately September, 2006.

28.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff continued to visit Defendants and did not look for other employment.  Plaintiff has incurred and will continue to incur special damages, including, but not necessarily limited to lost wages and salary, lost stock options and bonuses lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

29.     As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress, without limitation in an amount to be determined according to proof at trial.

30.     The conduct of the Defendants, and each of them, as herein alleged, was malicious, wilful, oppressive, was despicable conduct which constituted wilful, malicious, oppressive conduct on the part of the Defendants, and each of them, which justify an award of exemplary and punitive damages against these Defendants, and each of them, in an amount according to proof at trial or, in a sum sufficient to deter Defendants from such conduct in the future.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth below.

### THIRD CLAIM FOR RELIEF

#### Negligent Misrepresentation

31.     Plaintiff realleges and incorporates herein the allegations in paragraphs 1 through 30, as though set forth fully herein.

32.     Defendants' representations as relied from above, including plaintiff being told he was to be hired, where plaintiff lost income, not only in travel and time, but made it so he was unable to secure other employment.

33.     Defendants' actions were negligent and not in good faith.

34.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has incurred and will continue to incur special damages, including, but not necessarily limited to lost wages and salary, lost stock options and bonuses lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

35.     The conduct of the Defendants, and each of them, as herein alleged, was malicious, wilful, oppressive, was despicable conduct which constituted wilful, malicious, oppressive conduct on the part of the Defendants, and each of them, which justify an award of exemplary and punitive damages against these Defendants, and each of them, in an amount according to proof at trial or, in a sum sufficient to deter Defendants from such conduct in the future.

36.     As a result of the aforementioned conduct alleged herein, Plaintiff has suffered, and continues to suffer, humiliation, anxiety, mental anguish, emotional distress and lost wages in earning capacity.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth below.

### PRAYER

1.     Award Plaintiff compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

2.     Prejudgment interest;

3.     Reasonable attorneys' fees;

4.     Reasonable costs of suit;

5.     For punitive damages; and

1    6.    For any other relief that the Court deems just and proper.

2

3    Dated: November 8, 2007                    **LAW OFFICES OF JILL P. TELFER**
                                               A Professional Corporation
4
                                               /s/ Jill P. Telfer
5
                                               _____
6                                              **JILL P. TELFER**
                                               Attorney for Plaintiff BRIAN SETENCICH
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

**PROOF OF SERVICE**

2
CASE:          Setencich v. The American Red Cross, et al.
COURT:         USDC, Northern District, Oakland Division
3
CASE NO.       C 07-03688 SBA

4

5          I declare that I am a citizen of the United States, that I have attained the age of majority, and that
I am not a party to this action.  My business address is 331 J Street, Sacramento, CA 95814.  I am
6   familiar with this firm's practice of collection and processing of correspondence to be deposited for
delivery via the U.S. Postal Service as well as other methods used for delivery of correspondence.  On
7   the below stated date, in the manner indicated, I caused the foregoing document(s) entitled:

8          **FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

9   to be served on the party(ies) or their (its) attorney(s) of record in this action by:

10          [ ]      Facsimile transmission to the number(s) noted below.

11          [**x**]      Placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the
designated area for outgoing mail and addressed as indicated below.  Said documents
12                   will be deposited with the U.S. Postal Service at Sacramento, California on this date in
the ordinary course of business.  I understand that upon motion of a party served service
13                   shall be assumed invalid if the postal cancellation date or postage meter date on the
envelope is more than one (1) day after the date of deposit for mailing as contained in
14                   this declaration.

15          [ ]      Hand-delivery addressed to:

16                   **Sabrina L. Shadi, Esq.**
                     **BAKER & HOSTETLER**
17                   **12100 Wilshire Boulevard, 15th Floor**
                     **Los Angeles, California  90025-7120**

18

19          I declare under penalty of perjury that the foregoing is true and correct.  Executed on November
8, 2007, at Sacramento, California.
20

21                                                          /s/ Tricia Lenox

22                                                          _____
                                                            TRICIA LENOX
23

24

25

26

27

28