1  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, CA  90025-7120
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:    rklepetar@bakerlaw.com
5  Email:    sshadi@bakerlaw.com

6  Attorneys for Defendant
   AMERICAN RED CROSS BLOOD SERVICES
7  SOUTHERN CALIFORNIA REGION, Improperly
   Sued As The American Red Cross, STEVE
8  BROWN and ROBERT BROWNING

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  BRIAN SETENCICH,                         Case No.  C07-03688 SBA

13          Plaintiff,                       [Honorable Saundra Brown Armstrong]

14      v.                                   **DEFENDANT ROBERT BROWNING'S
                                             NOTICE OF MOTION AND MOTION TO
15  THE AMERICAN RED CROSS, a non-           DISMISS PLAINTIFF BRIAN
    profit corporation, STEVE BROWN,         SETENCICH'S FIRST AMENDED
16  ROBERT BROWNING and DOES 1               COMPLAINT; MEMORANDUM OF
    through 30, inclusive,                   POINTS AND AUTHORITIES**

17          Defendants.                      [Filed concurrently with (Proposed) Order]

18                                           **[F.R.C.P. 12(b)(6)]**

19                                           **Date:        February 12, 2008
                                             Time:         1:00 p.m.
20                                           Courtroom:     3**

21                                           **[Complaint filed:  March 13, 2007]**

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

2    NOTICE IS HEREBY GIVEN that on February 12, 2008 at 1:00 p.m., or as soon

3    thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street,

4    Oakland, California 94612, in Courtroom 3, defendant Robert Browning ("Browning") will and

5    hereby does move the Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss some or

6    all claims for relief alleged against him in the complaint of plaintiff Brian Setencich.

7    This motion is made on the ground that Brian Setencich's ("Plaintiff") first amended

8    complaint, in whole or in part, fails to state a cognizable theory or fails to state sufficient facts to

9    state a claim upon which relief can be granted.

10    **First Cause of Action:  Association Discrimination**:

11    As a matter of law, Plaintiff cannot state a cause of action for discrimination in violation

12    of the Fair Employment and Housing Act against Browning who is a supervisory employee but

13    not an employer.

14    **Second Cause of Action:  Fraud**

15    Plaintiff has failed to state a cause of action for fraud.  Plaintiff's allegations lack the

16    particularity required by Federal Rule of Civil Procedure 9 and state law to sustain a claim of

17    fraud.  Plaintiff's fraud claim also fails because the complaint does not allege any facts to support

18    the conclusion that Browning did not intend to live up to any alleged promise made to Plaintiff.

19    **Third Cause of Action:  Negligent Misrepresentation**

20    Plaintiff has failed to state a cause of action for negligent misrepresentation.  Plaintiff's

21    allegations are too uncertain and fail to state a claim against Browning because there is no claim

22    for promises to act in the future which are negligently made.

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

1    This motion is based on this Notice of Motion and Motion, the attached Memorandum of

2    Points and Authorities, and all other pleadings and papers on file herein, and upon such other

3    matters as may be adduced upon hearing.

4                                                        Respectfully submitted,

5    Dated: November 27, 2007                            BAKER & HOSTETLER LLP

6

7

8                                                        RONALD J. KLEPETAR
                                                         SABRINA L. SHADI
9                                                        Attorneys for Defendant
                                                         AMERICAN RED CROSS BLOOD
10                                                       SERVICES SOUTHERN CALIFORNIA
                                                         REGION, Improperly Sued As The American
11                                                       Red Cross, STEVE BROWN and ROBERT
                                                         BROWNING
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT BROWNING'S NOTICE OF MOTION TO DISMISS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.     Introduction**

Disgruntled at not being hired by American Red Cross Blood Services Southern California Region ("ARC") in 2005 (for legitimate business reasons), plaintiff Brian Setencich ("Plaintiff") has filed the instant lawsuit claiming that he was discriminated against for his association with ARC employee Marc Jackson ("Jackson"), who Plaintiff alleges was disabled at the time Plaintiff's application was pending with ARC.

For reasons which are not clear and which are certainly not supported by the facts alleged in the pleadings or by the law, Setencich decided to drag employees of ARC, including Robert Browning ("Browning"), as defendants in this lawsuit. The misguided nature of this strategy is most apparent in the fact that Plaintiff has attempted to name Browning as a defendant on a cause of action for discrimination in violation of FEHA. Browning cannot be held individually liable for discrimination under FEHA as a matter of law. Accordingly, his first cause of action must fail.

Plaintiff also seeks damages for Browning's alleged engagement in fraud and negligent misrepresentation because he allegedly advised plaintiff that ARC intended to hire him. The allegations in the second and third cause of action are not pled with sufficient particularity to sustain fraud claims. In addition, a promise to act in the future is not actionable as negligent misrepresentation.

Accordingly, for the reasons set forth below, Browning's motion to dismiss Plaintiff's complaint should be granted in its entirety, without leave to amend.

**II.    Factual Background Based on Plaintiff's Allegations**

Plaintiff was recruited by the defendants in mid to late 2005 to work as the Communications Manager for the Blood Services, Western Region, Division of the American Red Cross, because of Plaintiff's "excellent communication skills and extensive experience of working with the public." (FAC, ¶¶ 2, 14). In this position, he would have been "working directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for the

- 1 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  American Red Cross."  (FAC, ¶ 2).  Plaintiff and Jackson had met in the early 1990's, had

2  "worked on several issues together," and after Plaintiff was elected to the State Assembly in

3  1994, he made Jackson his Chief of Staff.  (FAC, ¶ 6).  In 1997, Plaintiff became Special Liaison

4  to the Mayor of San Francisco and Jackson began working for ARC in Southern California.

5  (FAC, ¶ 6).

6      Plaintiff "interviewed and met with decision-maker's on approximately three occasions"

7  and "received positive reviews from the hiring panel and decision-makers."  (FAC, ¶ 15).

8  Plaintiff "informed defendants that he had been convicted of filing a false tax return in 1997" and

9  that "Defendants informed [him] that a criminal conviction is not an impediment to have and that

10  numerous individuals with convictions had been hired in the past."  (FAC, ¶ 25).  According to

11  Plaintiff, Browning informed him that his conviction "would not stop his hire."  (FAC, ¶ 25).

12  Plaintiff believes, however, that "when defendants learned of Setencich's association with

13  Jackson, who they were attempting to force out given his use of family medical leave, disability,

14  and protected activity, they attempted to withdraw the decision."  (FAC, ¶ 15).  Ultimately, ARC

15  did not hire Plaintiff.  (FAC, ¶ 26).

16  **III.     Analysis**

17      **A.     Legal Standard for Motion to Dismiss**

18      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there

19  is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

20  cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

21  1990).  Such motions to dismiss should be granted when it is beyond doubt that no relief could be

22  granted, under any set of facts, when the allegations are construed in a light most favorable to the

23  pleader.  *Helleloid v. Indep. Sch. Dist. Number 361*, 149 F.Supp.2d 863, 866-67 (D. MN 2001).

24  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

25  to prevent a motion to dismiss.  *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284

26  (5th Cir. 1993).

27  / / /

28  / / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.    Browning, as a Matter of Law, Cannot be Individually Liable for Discrimination**

Without specifying who his "first claim for relief" is alleged against, Plaintiff has alleged that "Defendants" "took adverse actions against Plaintiff, including . . . failure to hire although qualified, and giving pretextual reasons for the decision not to hire with plaintiff's association with Jackson as a motivating factor." (FAC, ¶18).

It is well established law in California that "only employers—and not supervisory employees—are at risk of liability for discrimination." *Janken v. G.M. Hughes Electronics* (1996) 46 Cal.App.4th 55, 80. Therefore, Browning cannot, as a matter of law, be personally liable for personnel decisions such as failing to hire a candidate or applicant for employment. *Id*. at 63-65.

The decision in *Janken* addressed personal liability under FEHA for supervisors charged with acts of employment discrimination. In *Janken*, the court held that the state legislature did not intend to impose personal liability upon supervisors for alleged discriminatory conduct under the Fair Employment and Housing Act. *Id*. at 63. To hold supervisors personally liable for personnel decisions would create conflicts of interest and chill effective management while providing little or no protection to victims of discrimination. *Id*.

Here, Plaintiff has alleged that he was denied employment by ARC. Plaintiff does not allege that Browning was involved in either recruiting or deciding not to hire Plaintiff, but even if he was so involved, such actions constitute personnel decisions. *Janken* is clear that personnel decisions, even if later shown to have been undertaken for a discriminatory purpose, will not create individual liability for a supervisor. Accordingly, the plaintiff cannot maintain a claim of discrimination in violation of FEHA against Browning. Therefore, Browning's motion to dismiss Plaintiff's first cause of action must be granted, without leave to amends.

**C.    Plaintiff's Claim For Fraud Is Not Pled With Sufficient Particularity**

Plaintiff alleges that "Defendants made specific representations that it intended to hire Plaintiff . . . .", that "Defendants knew their statements were false at the time they were made"

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

1   and that "Defendants, and each of them, decided not to hire Plaintiff for their own illegal

2   reasons."  (FAC, ¶¶ 24, 26).

3        Fraud actions are subject to strict pleading standards.  In pleading a claim for fraud, the

4   circumstances constituting fraud must be stated "with particularity."  Fed.R.Civ.Proc. 9;

5   *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (claims of fraud must be pled

6   "with a high degree of meticulousness.")  Specifically, Plaintiff must plead facts which show

7   how, when, where, to whom and by what means the representations were made.  *Standfield v.*

8   *Starkey*, 220 Cal.App.3d 59, 73 (1990).  Here the allegations consist of broad statements

9   regarding the intentions and conduct of "defendants" to hire him.  The only description of a

10  statement by Browning is that he "informed Setencich that [his] conviction would not stop his

11  hire" (FAC, ¶ 25).  This statement does not equate to an express promise on behalf of ARC to

12  hire Plaintiff at any specific time or at all.  Plaintiff's allegations are vague and conclusory and

13  are therefore insufficient to satisfy the "particularity" required by Rule 9(b).

14       Plaintiff's fraud claim also fails because the complaint does not allege any facts to support

15  the conclusory allegation that "defendants knew their statements were false at the time they were

16  made."  A claim for promissory fraud only lies when one makes a promise to do something in the

17  future without the intention to actually perform the promise.  *Lazar, supra*, 12 Cal.4th at 638.

18  Further, "[i]n . . . differentiating a false promise from the great bulk of broken promises, the

19  allegations necessary to show contemporaneous intention not to perform should be clear, specific,

20  and unequivocal."  *Hills Transp. Co. v. Southwest Forest Indus.*, 266 Cal.App.2d 702, 708 (1968)

21  (citations omitted).

22       Here, the only fact to support Plaintiff's conclusion that Browning made a promise that he

23  did not intend to keep is that ARC did not to hire Plaintiff (assuming for the sake of argument that

24  Plaintiff could establish that Browning was authorized to and promised to hire him and made the

25  decision for ARC not to hire Plaintiff).  This is insufficient to sustain a claim of fraud.

26  "[S]omething more than nonperformance is required to prove the defendant's intent not to

27  perform his promise . . . ."  *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 481 (1996).

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

1    Finally, Plaintiff's second claim for relief against Browning appears to be an attempt to

2    avoid the preclusion of individual liability for discrimination under FEHA.  At the heart of the

3    purported fraud claim is Plaintiff's effort to recover damages for ARC's decision not to hire

4    Plaintiff for "illegal reasons" (FAC, ¶26) based on Plaintiff's relationship with Jackson.  Calling

5    discrimination by a different label cannot make Browning liable for a hiring decision he could not

6    otherwise be held liable for.

7    Because Plaintiff's fraud claim has not been pled with sufficient particularity, because the

8    complaint lacks sufficient allegations to support the claim that ARC made a promise it did not

9    intend to keep, and because it is an inappropriate attempt to make Browning liable for a hiring

10   decision, Plaintiff's second cause of action for fraud should be dismissed.

11   **D.    Plaintiff Has Failed to State A Claim for Negligent Misrepresentation**

12   In his third cause of action for negligent misrepresentation, Plaintiff alleges that

13   "Defendants' representations . . ., including plaintiff being told he was to be hired" and other

14   actions were "negligent and not in good faith."

15   In order to state a claim for negligent misrepresentation, Plaintiff must allege facts

16   showing that there was (1) a false representation of a past or existing material fact; (2) made by

17   the defendant without reasonable ground for believing it to be true; (3) the defendant's intent to

18   induce reliance;  (4) the plaintiff's justifiable reliance; and (4) resulting damage to the plaintiff.

19   *See* California Civil Code §§ 1572(2) and 1710(2).

20   Plaintiff has failed to state a cause of action for negligent misrepresentation because his

21   allegations of negligent misrepresentation are too uncertain.  Plaintiff has not alleged that

22   Browning intended to induce reliance on any representation he allegedly made to him, nor has he

23   alleged any facts from which this conclusion may be drawn.  Moreover, there are no allegations,

24   much less any facts to support any allegation, that Plaintiff justifiably relied on a representation

25   by Browning which caused Plaintiff damage.

26   Further, only misrepresentations as to a past or existing fact are actionable.  There is no

27   claim for promises which are negligently made.  *See e.g., Tarmann v. State Farm Mut. Auto. Ins.*

28   *Co.* (1991) 2 Cal.App.4th 153, 159.  The representations Plaintiff has alleged were made to him

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

1    are that his conviction would not stop his hire and that he "would be hired." These statements

2    convey Browning and his co-defendant's intentions to act in the future and therefore cannot form

3    the basis for a negligent misrepresentation claim.

4        Because Plaintiff's allegations are too uncertain and the only alleged representation is an

5    intention by Browning to act in the future, Plaintiff's third cause of action for negligent

6    misrepresentation should be dismissed.

7    **IV.   Conclusion**

8        Because Plaintiff cannot state a cause of action for Association Discrimination against

9    Browning as a matter of law, and because he has failed to state facts sufficient to support a cause

10   of action against Browning for Fraud or Negligent Misrepresentation, Browning's motion to

11   dismiss every cause of action in Plaintiff's complaint should be granted in its entirety.

12                           Respectfully submitted,

13   Dated: November 27, 2007           BAKER & HOSTETLER LLP

14

15

16                              RONALD J. KLEPETAR
                                SABRINA L. SHADI

17                              Attorneys for Defendants
                             THE AMERICAN RED CROSS BLOOD

18                              SERVICES

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

## PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On November 27, 2007, **DEFENDANT ROBERT BROWNING'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served on the person(s) listed below:

☒    via electronic mail by the United States District Court – Live System.

☐    by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 27, 2007, at Los Angeles, California.

CHARLENE E. STAMPS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES