1  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, CA 90025-7120
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:        rklepetar@bakerlaw.com
5  Email:        sshadi@bakerlaw.com

6  Attorneys for Defendant
   AMERICAN RED CROSS BLOOD SERVICES
7  SOUTHERN CALIFORNIA REGION, Improperly
   Sued As The American Red Cross, STEVE
8  BROWN and ROBERT BROWNING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>　　　　　Defendants. | Case No. C07-03688 SBA<br><br>[Honorable Saundra Brown Armstrong]<br><br>**DEFENDANT STEVE BROWN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with (Proposed) Order]<br><br>[F.R.C.P. 12(b)(6)]<br><br>Date:　　　　February 12, 2008<br>Time:　　　　1:00 p.m.<br>Courtroom:　　3<br><br>[Complaint filed: March 13, 2007] |

077975, 000039, 501610188.1                         - 1 -

STEVE BROWN 'S NOTICE OF MOTION TO DISMISS

TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 12, 2008, at 1:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, in Courtroom 3, defendant Steve Brown ("Brown") will and hereby does move the Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss some or all claims for relief alleged against him in the complaint of the plaintiff Brian Setencich.

This motion is made on the ground that Brian Setencich's ("Plaintiff") complaint, in whole or in part, fails to state a cognizable theory or fails to state sufficient facts to state a claim upon which relief can be granted.

**First Cause of Action: Association Discrimination**:

As a matter of law, Plaintiff cannot state a cause of action for discrimination in violation of the Fair Employment and Housing Act against Brown who is a supervisory employee but not an employer.

**Second Cause of Action: Fraud**

Plaintiff has failed to state a cause of action for fraud. Plaintiff's allegations lack the particularity required by Federal Rule of Civil Procedure 9 and state law to sustain a claim of fraud. Plaintiff's fraud claim also fails because the complaint does not allege any facts to support the conclusion that Brown did not intend to live up to any alleged promise made to Plaintiff.

**Third Cause of Action: Negligent Misrepresentation**

Plaintiff has failed to state a cause of action for negligent misrepresentation. Plaintiff's allegations are too uncertain and fail to state a claim against Brown because there is no claim for promises to act in the future which are negligently made.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

077975, 000039, 501610188.1                    - 2 -

STEVE BROWN 'S NOTICE OF MOTION TO DISMISS

1  This motion is based on this Notice of Motion and Motion, the attached Memorandum of
2  Points and Authorities, and all other pleadings and papers on file herein, and upon such other
3  matters as may be adduced upon hearing.

4      Respectfully submitted,

5  Dated: November 27, 2007      BAKER & HOSTETLER LLP

*[signature: Sabrina L. Shadi]*

RONALD J. KLEPETAR
SABRINA L. SHADI
Attorneys for Defendant
AMERICAN RED CROSS BLOOD
SERVICES SOUTHERN CALIFORNIA
REGION, Improperly Sued As The American
Red Cross, STEVE BROWN and ROBERT
BROWNING

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  Introduction

Disgruntled at not being hired by American Red Cross Blood Services Southern California Region ("ARC") in 2005 (for legitimate business reasons), plaintiff Brian Setencich ("Plaintiff") has filed the instant lawsuit claiming that he was discriminated against for his association with ARC employee Marc Jackson ("Jackson"), who Plaintiff alleges was disabled at the time Plaintiff's application was pending with ARC.

For reasons which are not clear and which are certainly not supported by the facts alleged in the pleadings or by the law, Setencich decided to drag employees of ARC, including Steve Brown ("Brown"), as defendants in this lawsuit. The misguided nature of this strategy is most apparent in the fact that Plaintiff has attempted to name Brown as a defendant on a cause of action for discrimination in violation of FEHA. Brown cannot be held individually liable for discrimination under FEHA as a matter of law. Accordingly, his first cause of action must fail.

Plaintiff also seeks damages for Brown's alleged engagement in fraud and negligent misrepresentation because he allegedly advised plaintiff that ARC intended to hire him. The allegations in the second and third cause of action are not pled with sufficient particularity to sustain fraud claims. In addition, a promise to act in the future is not actionable as negligent misrepresentation.

Accordingly, for the reasons set forth below, Brown's motion to dismiss Plaintiff's complaint should be granted in its entirety, without leave to amend.

## II.  Factual Background Based on Plaintiff's Allegations

Plaintiff was recruited by the defendants in mid to late 2005 to work as the Communications Manager for the Blood Services, Western Region, Division of the American Red Cross, because of Plaintiff's "excellent communication skills and extensive experience of working with the public." (FAC, ¶¶ 2, 14). In this position, he would have been "working directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for the American Red Cross." (FAC, ¶ 2). Plaintiff and Jackson had met in the early 1990's, had

"worked on several issues together," and after Plaintiff was elected to the State Assembly in 1994, he made Jackson his Chief of Staff. (FAC, ¶ 6). In 1997, Plaintiff became Special Liaison to the Mayor of San Francisco and Jackson began working for ARC in Southern California. (FAC, ¶ 6).

Plaintiff "interviewed and met with decision-maker's on approximately three occasions" and "received positive reviews from the hiring panel and decision-makers." (FAC, ¶ 15). Plaintiff "informed defendants that he had been convicted of filing a false tax return in 1997" and that "Defendants informed [him] that a criminal conviction is not an impediment to have and that numerous individuals with convictions had been hired in the past." (FAC, ¶ 25). According to Plaintiff, Brown told him that "they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table and they wanted to hire Plaintiff." (FAC, ¶ 25). Plaintiff believes, however, that "when defendants learned of Setencich's association with Jackson, who they were attempting to force out given his use of family medical leave, disability, and protected activity, they attempted to withdraw the decision." (FAC, ¶ 15). Ultimately, ARC did not hire Plaintiff. (FAC, ¶ 26).

### III. Analysis

#### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Such motions to dismiss should be granted when it is beyond doubt that no relief could be granted, under any set of facts, when the allegations are construed in a light most favorable to the pleader. *Helleloid v. Indep. Sch. Dist. Number 361*, 149 F.Supp.2d 863, 866-67 (D. MN 2001). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).

///

///

### B. Brown, as a Matter of Law, Cannot be Individually Liable for Discrimination

Without specifying who his "first claim for relief" is alleged against, Plaintiff has alleged that "Defendants" "took adverse actions against Plaintiff, including . . . failure to hire although qualified, and giving pretextual reasons for the decision not to hire with plaintiff's association with Jackson as a motivating factor." (FAC, ¶18).

It is well established law in California that "only employers—and not supervisory employees—are at risk of liability for discrimination." *Janken v. G.M. Hughes Electronics* (1996) 46 Cal.App.4th 55, 80. Therefore, Brown cannot, as a matter of law, be personally liable for personnel decisions such as failing to hire a candidate or applicant for employment. *Id.* at 63-65.

The decision in *Janken* addressed personal liability under FEHA for supervisors charged with acts of employment discrimination. In *Janken*, the court held that the state legislature did not intend to impose personal liability upon supervisors for alleged discriminatory conduct under the Fair Employment and Housing Act. *Id.* at 63. To hold supervisors personally liable for personnel decisions would create conflicts of interest and chill effective management while providing little or no protection to victims of discrimination. *Id.*

Here, Plaintiff has alleged that he was denied employment by ARC. Plaintiff does not allege that Brown was involved in either recruiting or deciding not to hire Plaintiff, but even if he was so involved, such actions constitute personnel decisions. *Janken* is clear that personnel decisions, even if later shown to have been undertaken for a discriminatory purpose, will not create individual liability for a supervisor. Accordingly, the plaintiff cannot maintain a claim of discrimination in violation of FEHA against Brown. Therefore, Brown's motion to dismiss Plaintiff's first cause of action must be granted, without leave to amends.

### C. Plaintiff's Claim For Fraud Is Not Pled With Sufficient Particularity

Plaintiff alleges that "Defendants made specific representations that it intended to hire Plaintiff . . . .", that "Defendants knew their statements were false at the time they were made" and that "Defendants, and each of them, decided not to hire Plaintiff for their own illegal reasons." (FAC, ¶¶ 24, 26).

077975, 000039, 501610188.1                                - 3 -

MEMORANDUM OF POINTS AND AUTHORITIES

Fraud actions are subject to strict pleading standards. In pleading a claim for fraud, the circumstances constituting fraud must be stated "with particularity." Fed.R.Civ.Proc. 9; *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (claims of fraud must be pled "with a high degree of meticulousness.") Specifically, Plaintiff must plead facts which show how, when, where, to whom and by what means the representations were made. *Standfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990). Here the allegations consist of broad statements regarding the intentions and conduct of "defendants" to hire him. The only description of a statement by Brown is that "they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table and they wanted to hire Plaintiff." (FAC, ¶ 25). These statements do not equate to an express promise on behalf of ARC to hire Plaintiff at any specific time or at all. Plaintiff's allegations are vague and conclusory and are therefore insufficient to satisfy the "particularity" required by Rule 9(b).

Plaintiff's fraud claim also fails because the complaint does not allege any facts to support the conclusory allegation that "defendants knew their statements were false at the time they were made." A claim for promissory fraud only lies when one makes a promise to do something in the future without the intention to actually perform the promise. *Lazar, supra*, 12 Cal.4th at 638. Further, "[i]n . . . differentiating a false promise from the great bulk of broken promises, the allegations necessary to show contemporaneous intention not to perform should be clear, specific, and unequivocal." *Hills Transp. Co. v. Southwest Forest Indus.*, 266 Cal.App.2d 702, 708 (1968) (citations omitted).

Here, the only fact to support Plaintiff's conclusion that Brown made a promise that he did not intend to keep is that ARC did not to hire Plaintiff (assuming for the sake of argument that Plaintiff could establish that Brown was authorized to and promised to hire him and made the decision for ARC not to hire Plaintiff). This is insufficient to sustain a claim of fraud. "[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise . . . ." *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 481 (1996).

Finally, Plaintiff's second claim for relief against Brown appears to be an attempt to avoid the preclusion of individual liability for discrimination under FEHA. At the heart of the

purported fraud claim is Plaintiff's effort to recover damages for ARC's decision not to hire Plaintiff for "illegal reasons" (FAC, ¶26) based on Plaintiff's relationship with Jackson. Calling discrimination by a different label cannot make Brown liable for a hiring decision he could not otherwise be held liable for.

Because Plaintiff's fraud claim has not been pled with sufficient particularity, because the complaint lacks sufficient allegations to support the claim that ARC made a promise it did not intend to keep, and because it is an inappropriate attempt to make Brown liable for a hiring decision, Plaintiff's second cause of action for fraud should be dismissed.

### D. Plaintiff Has Failed to State A Claim for Negligent Misrepresentation

In his third cause of action for negligent misrepresentation, Plaintiff alleges that "Defendants' representations . . ., including plaintiff being told he was to be hired" and other actions were "negligent and not in good faith."

In order to state a claim for negligent misrepresentation, Plaintiff must allege facts showing that there was (1) a false representation of a past or existing material fact; (2) made by the defendant without reasonable ground for believing it to be true; (3) the defendant's intent to induce reliance; (4) the plaintiff's justifiable reliance; and (4) resulting damage to the plaintiff. *See* California Civil Code §§ 1572(2) and 1710(2).

Plaintiff has failed to state a cause of action for negligent misrepresentation because his allegations of negligent misrepresentation are too uncertain. Plaintiff has not alleged that Brown intended to induce reliance on any representation he allegedly made to him, nor has he alleged any facts from which this conclusion may be drawn. Moreover, there are no allegations, much less any facts to support any allegation, that Plaintiff justifiably relied on a representation by Brown which caused Plaintiff damage.

Further, only misrepresentations as to a past or existing fact are actionable. There is no claim for promises which are negligently made. *See e.g., Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159. The representations Plaintiff has alleged were made to him are that his conviction would not stop his hire and that he "would be hired." These statements

convey Brown and his co-defendant's intentions to act in the future and therefore cannot form the basis for a negligent misrepresentation claim.

Because Plaintiff's allegations are too uncertain and the only alleged representation is an intention by Brown to act in the future, Plaintiff's third cause of action for negligent misrepresentation should be dismissed.

### IV. Conclusion

Because Plaintiff cannot state a cause of action for Association Discrimination against Brown as a matter of law, and because he has failed to state facts sufficient to support a cause of action against Brown for Fraud or Negligent Misrepresentation, Brown's motion to dismiss every cause of action in Plaintiff's complaint should be granted in its entirety.

Respectfully submitted,

Dated: November 27, 2007

BAKER & HOSTETLER LLP

RONALD J. KLEPETAR
SABRINA L. SHADI
Attorneys for Defendants
THE AMERICAN RED CROSS BLOOD SERVICES, STEVE BROWN and ROBERT BROWNING

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On November 27, 2007, **DEFENDANT STEVE BROWN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served on the person(s) listed below:

[X] via electronic mail by the United States District Court – Live System.

[ ] by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 27, 2007, at Los Angeles, California.

_____
CHARLENE E. STAMPS

077975, 000039, 501610188.1

PROOF OF SERVICE