| | |
|---|---|
| 1 | RONALD J. KLEPETAR, Bar No. 52535 |
|   | SABRINA L. SHADI, Bar No. 205405 |
| 2 | BAKER & HOSTETLER LLP |
|   | 12100 Wilshire Boulevard, 15th Floor |
| 3 | Los Angeles, CA  90025-7120 |
|   | Telephone:    310.820.8800 |
| 4 | Facsimile:     310.820.8859 |
|   | Email:           rklepetar@bakerlaw.com |
| 5 | Email:           sshadi@bakerlaw.com |

Attorneys for Defendant
AMERICAN RED CROSS BLOOD SERVICES
SOUTHERN CALIFORNIA REGION, Improperly
Sued As The American Red Cross, STEVE
BROWN and ROBERT BROWNING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH, | Case No.  C07-03688 SBA |
| Plaintiff, | [Honorable Saundra Brown Armstrong] |
| v. | **DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive, | |
| Defendants. | |
|  | [Filed concurrently with (Proposed) Order] |
|  | [F.R.C.P. 12(b)(6)] |
|  | Date:         February 12, 2008 |
|  | Time:         1:00 p.m. |
|  | Courtroom:   3 |
|  | [Complaint filed:  March 13, 2007] |

- 1 -

TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 12, 2008 at 1:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, in Courtroom 3, Defendant American Red Cross Blood Services Southern California Region ("ARC") will and hereby does move the Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss some or all claims for relief alleged against it in the complaint of the plaintiff Brian Setencich.

This motion is made on the ground that plaintiff Brian Setencich's complaint, in whole or in part, fails to state a cognizable theory or fails to state sufficient facts to state a claim upon which relief can be granted.

**First Cause of Action: Association Discrimination**:

Plaintiff has failed to state a cause of action for association discrimination. Plaintiff has not alleged facts which establish that the relationship between himself and third party Marc Jackson was the kind that was intended to be protected by the prohibitions against association discrimination based on disability.

**Second Cause of Action: Fraud**

Plaintiff has failed to state a cause of action for fraud. Plaintiff's allegations lack the particularity required by Federal Rule of Civil Procedure 9 and state law to sustain a claim of fraud. Plaintiff's fraud claim also fails because the complaint does not allege any facts to support the conclusion that ARC did not to live up to any alleged promise made to Plaintiff.

**Third Cause of Action: Negligent Misrepresentation**

Plaintiff has failed to state a cause of action for negligent misrepresentation. Plaintiff's allegations are too uncertain and fail to state a claim against ARC because there is no claim for promises to act in the future which are negligently made.

///

///

///

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all other pleadings and papers on file herein, and upon such other matters as may be adduced upon hearing.

Respectfully submitted,

Dated: November 27, 2007

BAKER & HOSTETLER LLP

*Sabrina L. Shadi*
RONALD J. KLEPETAR
SABRINA L. SHADI
Attorneys for Defendant
AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION, Improperly Sued As The American Red Cross, STEVE BROWN and ROBERT BROWNING

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   Introduction

Disgruntled at not being hired (for legitimate business reasons) by American Red Cross Blood Services Southern California Region ("ARC"), plaintiff Brian Setencich ("Plaintiff") has pursued the instant lawsuit claiming that he was discriminated against for his association with ARC employee Marc Jackson ("Jackson"), who Plaintiff alleges was disabled at the time Plaintiff's application was pending with ARC.

As with the allegations in his original complaint, the allegations in Plaintiff's first amended complaint ("FAC") are insufficient to sustain a cause of action for association discrimination based on disability. Specifically, Plaintiff has alleged that he and Jackson worked together on various occasions when both were involved in San Francisco politics in the 1990's. Such associations are not the kind that prohibitions on association discrimination are aimed to protect. Accordingly, his first cause of action must fail.

Plaintiff also seeks damages for ARC's alleged engagement in fraud and negligent misrepresentation when, it allegedly advised plaintiff that it intended to hire him to work for the organization. Despite the opportunity to amend, the allegations in the second and third cause of action are still not pled with sufficient particularity to sustain fraud claims. In addition, a promise to act in the future is not actionable as a negligent misrepresentation.

Accordingly, for the reasons set forth below, ARC's motion to dismiss Plaintiff's complaint should be granted in its entirety, without leave to amend.

## II.   Factual Background Based on Plaintiff's Allegations

Plaintiff was recruited by the defendants in mid to late 2005 to work as the Communications Manager for the Blood Services, Western Region, Division of the American Red Cross, because of Plaintiff's "excellent communication skills and extensive experience of working with the public." (FAC, ¶¶ 2, 14). In this position, he would have been "working directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for the American Red Cross." (FAC, ¶ 2). Plaintiff and Jackson had met in the early 1990's, had

- 1 -

"worked on several issues together," and after Plaintiff was elected to the State Assembly in 1994, he made Jackson his Chief of Staff. (FAC, ¶ 6). In 1997, Plaintiff became Special Liaison to the Mayor of San Francisco and Jackson began working for ARC in Southern California. (FAC, ¶ 6).

Plaintiff "interviewed and met with decision-maker's on approximately three occasions" and "received positive reviews from the hiring panel and decision-makers." (FAC, ¶ 15). Plaintiff "informed defendants that he had been convicted of filing a false tax return in 1997" and that "Defendants informed [him] that a criminal conviction is not an impediment to have and that numerous individuals with convictions had been hired in the past." (FAC, ¶ 25). According to Plaintiff, ARC employees made various statements to him "confirming he would be hired." (FAC, ¶ 25). Plaintiff believes, however, that "when defendants learned of Setencich's association with Jackson, who they were attempting to force out given his use of family medical leave, disability, and protected activity, they attempted to withdraw the decision." (FAC, ¶ 15). Ultimately, ARC did not hire Plaintiff. (FAC, ¶ 26).

### III. Analysis

#### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Such motions to dismiss should be granted when it is beyond doubt that no relief could be granted, under any set of facts, when the allegations are construed in a light most favorable to the pleader. *Helleloid v. Indep. Sch. Dist. Number 361*, 149 F.Supp.2d 863, 866-67 (D. MN 2001). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).

#### B. Plaintiff Has Failed to State A Claim for Association Discrimination

Plaintiff's first cause of action alleges that a decision was made to hire him but "when defendants learned of Setencich's association with Jackson, who they were attempting to force

- 2 -

out given his use of family medical leave, disability, and protected activity, they attempted to withdraw the decision." (FAC, ¶ 15).

While it is undisputed that FEHA prohibits discrimination based on association, the occasional and temporary business or social interactions between Plaintiff and Jackson are not the type of associations anti-discrimination statutes were aimed to protect. For example, in *Larimer v. International Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004), the court held that three types of situations are within the intended scope of the prohibition on discrimination based on association: "'expense,' 'disability by association,' and 'distraction.'" The court explained these categories as follows:

> An employee is fired (or suffers some other adverse personnel action) because (1) ("expense") his spouse has a disability that is costly to the employer because the spouse is covered by the company's health plan; (2a) ("disability by association") the employee's homosexual companion is infected with HIV and the employer fears that the employee may also have become infected, through sexual contact with the companion; (2b) (another example of disability by association) one of the employee's blood relatives has a disabling ailment that has a genetic component and the employee is likely to develop the disability as well (maybe the relative is an identical twin); (3) ("distraction") the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours. The qualification concerning the need for an accommodation (that is, special consideration) is critical because the right to an accommodation, being limited to disabled employees, does not extend to a nondisabled associate of a disabled person.

*Id.* Plaintiff has not alleged and cannot establish that any of these categories provide the basis of alleged discrimination against him.

Moreover, even if the relationship between Plaintiff and Jackson were of the nature FEHA was intended to protect, the allegations in Plaintiff's complaint refute Plaintiff's conclusion that he was not hired as a result of his relationship with Jackson. Specifically, Plaintiff's complaint states that he was recruited for a position in which he would fill "an important need for Defendants" and "would be working directly for [Jackson], the Director of Public Affairs and Communications." (FAC, ¶ 2). Plaintiff further alleges that "Jackson needed the assistance of a Communication Manager to accommodate not only his disability, but the growth of the

department and to counter the attempts of the defendants to undermine him and set him up to fail. Jackson found plaintiff to be the most qualified for the position, as did those on the hiring panel" (FAC, ¶ 16). Respectfully, the conclusion Plaintiff has reached simply makes no sense. It defies logic to claim that ARC was making a concerted effort to fill the Communication Manager position to assist Jackson but then did not hire Plaintiff into the position because it was discriminating against Plaintiff for his association with, and ultimately in order to punish, Jackson, because of Jackson's disability. As the First Circuit Court of Appeals stated in *Aulson v. Blanchard*, 83 F.3d 1, 3 (1996), courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupported conclusions, periphrastic circumlocutions, and the like need not be credited."

Because Plaintiff has failed to allege facts sufficient to state a cause of action for association discrimination, ARC's motion to dismiss should be granted as to the first cause of action.

### C. Plaintiff's Claim For Fraud Is Not Pled With Sufficient Particularity

Plaintiff alleges that "Defendants made specific representations that it intended to hire Plaintiff . . . .", that "Defendants knew their statements were false at the time they were made" and that "Defendants, and each of them, decided not to hire Plaintiff for their own illegal reasons." (FAC, ¶¶ 24, 26).

Fraud actions are subject to strict pleading standards. In pleading a claim for fraud, the circumstances constituting fraud must be stated "with particularity." Fed.R.Civ.Proc. 9; *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (claims of fraud must be pled "with a high degree of meticulousness.") Specifically, Plaintiff must plead facts which show how, when, where, to whom and by what means the representations were made. *Standfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990). If the defendant is a corporation, "the plaintiff must 'allege the names of the persons who made allegedly fraudulent misrepresentations, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written.'" *Lazar v. Sup.Ct.*, 12 Cal.4th 631, 645 (1996) (citations omitted). Here, Plaintiff's

allegations consist of broad statements regarding the intentions and conduct of "defendants" to hire him without naming any specific individual who made an express promise on behalf of ARC to hire plaintiff at any specific time or at all. Plaintiff's allegations are vague and conclusory and are therefore insufficient to satisfy the "particularity" required by Rule 9(b).

Plaintiff's fraud claim also fails because the only fact to support Plaintiff's conclusion that ARC made a promise that it did not intend to keep is that ARC decided not to hire Plaintiff (assuming for the sake of argument Plaintiff could establish that someone with authority made a promise on which Plaintiff could justifiably rely that ARC would hire Plaintiff). This is insufficient to sustain a claim of fraud. "[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise . . . ." *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 481 (1996).

Because Plaintiff's fraud claim has not been pled with sufficient particularity and because the complaint lacks sufficient allegations to support the claim that ARC made a promise it did not intend to keep, Plaintiff's second cause of action for fraud should be dismissed.

### D.   Plaintiff Has Failed to State A Claim for Negligent Misrepresentation

In his third cause of action for negligent misrepresentation, Plaintiff alleges that "Defendants' representations . . ., including plaintiff being told he was to be hired" and other actions were "negligent and not in good faith."

In order to state a claim for negligent misrepresentation, Plaintiff must allege facts showing that there was (1) a false representation of a past or existing material fact; (2) made by the defendant without reasonable ground for believing it to be true; (3) the defendant's intent to induce reliance; (4) the plaintiff's justifiable reliance; and (4) resulting damage to the plaintiff. *See* California Civil Code §§ 1572(2) and 1710(2).

Plaintiff has failed to state a cause of action for negligent misrepresentation because his allegations of negligent misrepresentation are too uncertain. Plaintiff has not alleged that ARC intended to induce reliance on any representation it allegedly made to him, nor has he alleged any facts from which this conclusion may be drawn. Moreover, there are no allegations, much less

- 5 -

1  any facts to support any allegation, that Plaintiff justifiably relied on a representation by ARC
2  which caused Plaintiff damage.
3     Further, only misrepresentations as to a past or existing fact are actionable. There is no
4  claim for promises which are negligently made. *See e.g., Tarmann v. State Farm Mut. Auto. Ins.*
5  *Co.* (1991) 2 Cal.App.4th 153, 159. The representations Plaintiff has alleged were made to him
6  are that his conviction would not stop his hire and that he "would be hired." These statements
7  convey the individual defendants' intentions to act in the future and therefore cannot form the
8  basis for a negligent misrepresentation claim.
9     Because Plaintiff's allegations are too uncertain and the only alleged representation is an
10 intention by the defendants to act in the future, Plaintiff's third cause of action for negligent
11 misrepresentation should be dismissed.

### IV. Conclusion

Because Plaintiff has failed to state facts sufficient to support a cause of action against ARC for Association Discrimination, Fraud or for Negligent Misrepresentation, ARC's motion to dismiss every cause of action in Plaintiff's first amended complaint should be granted in its entirety.

Respectfully submitted,

Dated: November 27, 2007         BAKER & HOSTETLER LLP

*Sabrina L. Shadi*
RONALD J. KLEPETAR
SABRINA L. SHADI
Attorneys for Defendants
AMERICAN RED CROSS BLOOD
SERVICES SOUTHERN CALIFORNIA
REGION, Improperly Sued As The American
Red Cross, STEVE BROWN and ROBERT
BROWNING

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On *Nov. 27*, 2007, **DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served on the person(s) listed below:

[X] via electronic mail by the United States District Court – Live System.

[ ] by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 27, 2007, at Los Angeles, California.

_____
CHARLENE E. STAMPS