1

2

3

4

5

6

7

8         UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| BRIAN SETENCICH, | Case No. C07-03688 SBA |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT** |
| v. | |
| THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive, | |
| Defendants. | **[F.R.C.P. 12(b)(6)]** |

TO PLAINTIFF AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

On February 12, 2008 at 1:00 p.m., there came on for hearing before the honorable Saundra Brown Armstrong, the motion of defendant American Red Cross Blood Services Southern California Region ("ARC") to dismiss plaintiff Brian Setencich's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Brian Setencich ("Plaintiff") was represented by Jill P. Telfer of the Law Offices of Jill P. Telfer. ARC was represented by Sabrina L. Shadi of Baker Hostetler LLP.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **I.    BACKGROUND**

2        Plaintiff was recruited by the defendants in mid to late 2005 to work as the

3    Communications Manager for the Blood Services, Western Region, Division of the American

4    Red Cross, because of Plaintiff's "excellent communication skills and extensive experience of

5    working with the public." (FAC, ¶¶ 2, 14). In this position, he would have been "working

6    directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for the

7    American Red Cross." (FAC, ¶ 2). Plaintiff and Jackson had met in the early 1990's, had

8    "worked on several issues together," and after Plaintiff was elected to the State Assembly in

9    1994, he made Jackson his Chief of Staff. (FAC, ¶ 6). In 1997, Plaintiff became Special Liaison

10   to the Mayor of San Francisco and Jackson began working for ARC in Southern California.

11   (FAC, ¶ 6).

12        Plaintiff "interviewed and met with decision-maker's on approximately three occasions"

13   and "received positive reviews from the hiring panel and decision-makers." (FAC, ¶ 15).

14   Plaintiff "informed defendants that he had been convicted of filing a false tax return in 1997" and

15   that "Defendants informed [him] that a criminal conviction is not an impediment to have and that

16   numerous individuals with convictions had been hired in the past." (FAC, ¶ 25). According to

17   Plaintiff, ARC employees made various statements to him "confirming he would be hired."

18   (FAC, ¶ 25). Plaintiff believes, however, that "when defendants learned of Setencich's

19   association with Jackson, who they were attempting to force out given his use of family medical

20   leave, disability, and protected activity, they attempted to withdraw the decision." (FAC, ¶ 15).

21   Ultimately, ARC did not hire Plaintiff. (FAC, ¶ 26).

22   **II.    LEGAL STANDARD**

23        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there

24   is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

25   cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

26   1990). Such motions to dismiss should be granted when it is beyond doubt that no relief could be

27   granted, under any set of facts, when the allegations are construed in a light most favorable to the

28   pleader. *Helleloid v. Indep. Sch. Dist. Number 361*, 149 F.Supp.2d 863, 866-67 (D. MN 2001).

[PROPOSED] ORDER GRANTING AMERICAN RED CROSS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

2  to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284

3  (5th Cir. 1993).

4  **III.    ANALYSIS**

5      **A.    Plaintiff Has Failed to State A Claim for Association Discrimination**

6      Plaintiff's first cause of action alleges that a decision was made to hire him but "when

7  defendants learned of Setencich's association with Jackson, who they were attempting to force

8  out given his use of family medical leave, disability, and protected activity, they attempted to

9  withdraw the decision." (FAC, ¶ 15).

10      While it is undisputed that FEHA prohibits discrimination based on association, the

11  occasional and temporary business or social interactions between Plaintiff and Jackson are not the

12  type of associations anti-discrimination statutes were aimed to protect. For example, in *Larimer*

13  *v. International Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004), the court held that

14  three types of situations are within the intended scope of the prohibition on discrimination based

15  on association: "'expense,' 'disability by association,' and 'distraction.'" The court explained

16  these categories as follows:

17      An employee is fired (or suffers some other adverse personnel action) because (1)
("expense") his spouse has a disability that is costly to the employer because the

18  spouse is covered by the company's health plan; (2a) ("disability by association")
the employee's homosexual companion is infected with HIV and the employer

19  fears that the employee may also have become infected, through sexual contact
with the companion; (2b) (another example of disability by association) one of the

20  employee's blood relatives has a disabling ailment that has a genetic component
and the employee is likely to develop the disability as well (maybe the relative is

21  an identical twin); (3) ("distraction") the employee is somewhat inattentive at
work because his spouse or child has a disability that requires his attention, yet

22  not so inattentive that to perform to his employer's satisfaction he would need an
accommodation, perhaps by being allowed to work shorter hours. The

23  qualification concerning the need for an accommodation (that is, special
consideration) is critical because the right to an accommodation, being limited to

24  disabled employees, does not extend to a nondisabled associate of a disabled

25  person.

26

27  *Id.*    Plaintiff has not alleged and cannot establish that any of these categories provide the basis

28  of alleged discrimination against him.

077975, 000039, 501438877.2                    - 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Moreover, even if the relationship between Plaintiff and Jackson were of the nature FEHA

2    was intended to protect, the allegations in Plaintiff's complaint refute Plaintiff's conclusion that

3    he was not hired as a result of his relationship with Jackson.  Specifically, Plaintiff's complaint

4    states that he was recruited for a position in which he would fill "an important need for

5    Defendants" and "would be working directly for [Jackson], the Director of Public Affairs and

6    Communications."  (FAC, ¶ 2).  Plaintiff further alleges that "Jackson needed the assistance of a

7    Communication Manager to accommodate not only his disability, but the growth of the

8    department and to counter the attempts of the defendants to undermine him and set him up to fail.

9    Jackson found plaintiff to be the most qualified for the position, as did those on the hiring panel"

10   (FAC, ¶ 16).  Plaintiff's conclusion that ARC was making a concerted effort to fill the

11   Communication Manager position to assist Jackson but then did not hire Plaintiff into the position

12   because it was discriminating against Plaintiff for his association with, and ultimately in order to

13   punish, Jackson, because of Jackson's disability does not follow logically from the facts alleged

14   in the FAC.  As the First Circuit Court of Appeals stated in *Aulson v. Blanchard*, 83 F.3d 1, 3

15   (1996), courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions,

16   unsupported conclusions, periphrastic circumlocutions, and the like need not be credited."

17        **B.    Plaintiff's Claim For Fraud Is Not Pled With Sufficient Particularity**

18        Plaintiff alleges that "Defendants made specific representations that it intended to hire

19   Plaintiff . . . .", that "Defendants knew their statements were false at the time they were made"

20   and that "Defendants, and each of them, decided not to hire Plaintiff for their own illegal

21   reasons."  (FAC, ¶¶ 24, 26).

22        Fraud actions are subject to strict pleading standards.  In pleading a claim for fraud, the

23   circumstances constituting fraud must be stated "with particularity."  Fed.R.Civ.Proc. 9;

24   *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (claims of fraud must be pled

25   "with a high degree of meticulousness.")  Specifically, Plaintiff must plead facts which show

26   how, when, where, to whom and by what means the representations were made. *Standfield v.*

27   *Starkey*, 220 Cal.App.3d 59, 73 (1990).  If the defendant is a corporation, "the plaintiff must

28   'allege the names of the persons who made allegedly fraudulent misrepresentations, their

077975, 000039, 501438877.2                                    - 4 -

1   authority to speak, to whom they spoke, what they said or wrote and when it was said or

2   written.'" *Lazar v. Sup.Ct.*, 12 Cal.4th 631, 645 (1996) (citations omitted).  Here, Plaintiff's

3   allegations consist of broad statements regarding the intentions and conduct of "defendants" to

4   hire him without naming any specific individual who made an express promise on behalf of ARC

5   to hire plaintiff at any specific time or at all.  Plaintiff's allegations are vague and conclusory and

6   are therefore insufficient to satisfy the "particularity" required by Rule 9(b).

7        Plaintiff's fraud claim also fails because the only fact to support Plaintiff's conclusion that

8   ARC made a promise that it did not intend to keep is that ARC decided not to hire Plaintiff

9   (assuming for the sake of argument Plaintiff could establish that someone with authority made a

10  promise on which Plaintiff could justifiably rely that ARC would hire Plaintiff).  This is

11  insufficient to sustain a claim of fraud.  "[S]omething more than nonperformance is required to

12  prove the defendant's intent not to perform his promise . . . ." *Magpali v. Farmers Group, Inc.*,

13  48 Cal.App.4th 471, 481 (1996).

14        **C.    Plaintiff Has Failed to State A Claim for Negligent Misrepresentation**

15       In his third cause of action for negligent misrepresentation, Plaintiff alleges that

16  "Defendants' representations . . ., including plaintiff being told he was to be hired" and other

17  actions were "negligent and not in good faith."

18       In order to state a claim for negligent misrepresentation, Plaintiff must allege facts

19  showing that there was (1) a false representation of a past or existing material fact; (2) made by

20  the defendant without reasonable ground for believing it to be true; (3) the defendant's intent to

21  induce reliance;  (4) the plaintiff's justifiable reliance; and (4) resulting damage to the plaintiff.

22  *See* California Civil Code §§ 1572(2) and 1710(2).

23       Plaintiff has failed to state a cause of action for negligent misrepresentation because his

24  allegations of negligent misrepresentation are too uncertain.  Plaintiff has not alleged that ARC

25  intended to induce reliance on any representation it allegedly made to him, nor has he alleged any

26  facts from which this conclusion may be drawn.  Moreover, there are no allegations, or any facts

27  to support any allegation, that Plaintiff justifiably relied on a representation by ARC which

28  caused Plaintiff damage.

[PROPOSED] ORDER GRANTING AMERICAN RED CROSS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1     Further, only misrepresentations as to a past or existing fact are actionable.  There is no

2  claim for promises which are negligently made.  *See e.g., Tarmann v. State Farm Mut. Auto. Ins.*

3  *Co.* (1991) 2 Cal.App.4th 153, 159.  The representations Plaintiff has alleged were made to him

4  are that his conviction would not stop his hire and that he "would be hired."  These statements

5  convey the individual defendants' intentions to act in the future and therefore cannot form the

6  basis for a negligent misrepresentation claim.

7  **IV.     CONCLUSION**

8     Plaintiff has failed to state facts sufficient to support a cause of action against ARC for

9  Association Discrimination, Fraud or for Negligent Misrepresentation.  Therefore, the Court,

10  having considered the pleadings submitted by the parties and oral argument from counsel, and

11  good cause appearing therefor,

12     HEREBY ORDERS as follows:

13     1.     ARC's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED in

14  its entirety; and

15     2.     This action is dismissed, with prejudice as to American Red Cross Blood Services

16  Southern California Region, improperly sued as The American Red Cross.

17     / / /

18     / / /

19     / / /

20     / / /

21     / / /

22     / / /

23     / / /

24     / / /

25     / / /

26     / / /

27     / / /

28     / / /

[PROPOSED] ORDER GRANTING AMERICAN RED CROSS'
MOTION  TO DISMISS PLAINTIFF'S COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    3.    Plaintiff is ordered to pay ARC's costs in the amount of $_____ which it has

2    incurred in connection with defending this action.

3

4    DATED: _____ , 2007

5    _____
     UNITED STATES DISTRICT COURT JUDGE

6

7

8    Submitted by:

9    RONALD J. KLEPETAR, Bar No. 52535
     SABRINA L. SHADI, Bar No. 205405
     BAKER & HOSTETLER LLP

10   12100 Wilshire Boulevard, 15th Floor
     Los Angeles, CA  90025-7120

11   Telephone:    310.820.8800
     Facsimile:    310.820.8859

12   Email:    rklepetar@bakerlaw.com
     Email:    sshadi@bakerlaw.com

13

14   Attorneys for Defendant
     AMERICAN RED CROSS BLOOD SERVICES NORTHERN CALIFORNIA REGION,
     Improperly Sued As The American Red Cross, STEVE BROWN and ROBERT BROWNING

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

077975, 000039, 501438877.2

- 7 -

[PROPOSED] ORDER GRANTING AMERICAN RED CROSS'
MOTION  TO DISMISS PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On November 27, 2007, I served a copy of the within document(s): **[PROPOSED] ORDER GRANTING DEFENDANT AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S COMPLAINT**

☒   via e-mail.

☐   by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 27, 2007, at Los Angeles, California.

CHARLENE E. STAMPS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

077975, 000039, 501438877.2

PROOF OF SERVICE