UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>    Plaintiff,<br><br>v.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>    Defendants. | Case No. C07-03688 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT STEVE BROWN'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT**<br><br>**[F.R.C.P. 12(b)(6)]** |

077975, 000039, 501613289.2

- 1 -

TO PLAINTIFF AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

On February 12, 2008 at 1:00 p.m., there came on for hearing before the honorable Saundra Brown Armstrong, the motion of defendant Steve Brown ("Brown") to dismiss plaintiff Brian Setencich's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Brian Setencich ("Plaintiff") was represented by Jill P. Telfer of the Law Offices of Jill P. Telfer. Brown was represented by Sabrina L. Shadi of Baker Hostetler LLP.

## I.   BACKGROUND

Plaintiff was recruited by the defendants in mid to late 2005 to work as the Communications Manager for the Blood Services, Western Region, Division of the American Red Cross, because of Plaintiff's "excellent communication skills and extensive experience of working with the public." (FAC, ¶¶ 2, 14). In this position, he would have been "working directly for Marc Jackson ("Jackson"), the Director of Public Affairs and Communications for the American Red Cross." (FAC, ¶ 2). Plaintiff and Jackson had met in the early 1990's, had "worked on several issues together," and after Plaintiff was elected to the State Assembly in 1994, he made Jackson his Chief of Staff. (FAC, ¶ 6). In 1997, Plaintiff became Special Liaison to the Mayor of San Francisco and Jackson began working for ARC in Southern California. (FAC, ¶ 6).

Plaintiff "interviewed and met with decision-maker's on approximately three occasions" and "received positive reviews from the hiring panel and decision-makers." (FAC, ¶ 15). Plaintiff "informed defendants that he had been convicted of filing a false tax return in 1997" and that "Defendants informed [him] that a criminal conviction is not an impediment to have and that numerous individuals with convictions had been hired in the past." (FAC, ¶ 25). According to Plaintiff, Brown told him that "they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table and they wanted to hire Plaintiff." (FAC, ¶ 25). Plaintiff believes, however, that "when defendants learned of Setencich's association with Jackson, who they were attempting to force out given his use of family medical leave, disability, and protected activity, they attempted to withdraw the

1  decision." (FAC, ¶ 15). Ultimately, ARC did not hire Plaintiff. (FAC, ¶ 26).

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Such motions to dismiss should be granted when it is beyond doubt that no relief could be granted, under any set of facts, when the allegations are construed in a light most favorable to the pleader. *Helleloid v. Indep. Sch. Dist. Number 361*, 149 F.Supp.2d 863, 866-67 (D. MN 2001). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.  ANALYSIS

### A.  Brown, as a Matter of Law, Cannot be Individually Liable for Discrimination

Without specifying who his "first claim for relief" is alleged against, Plaintiff has alleged that "Defendants" "took adverse actions against Plaintiff, including . . . failure to hire although qualified, and giving pretextual reasons for the decision not to hire with plaintiff's association with Jackson as a motivating factor." (FAC, ¶18).

It is well established law in California that "only employers—and not supervisory employees—are at risk of liability for discrimination." *Janken v. G.M. Hughes Electronics* (1996) 46 Cal.App.4th 55, 80. Therefore, Brown cannot, as a matter of law, be personally liable for personnel decisions such as failing to hire a candidate or applicant for employment. *Id.* at 63-65.

The decision in *Janken* addressed personal liability under FEHA for supervisors charged with acts of employment discrimination. In *Janken*, the court held that the state legislature did not intend to impose personal liability upon supervisors for alleged discriminatory conduct under the Fair Employment and Housing Act. *Id.* at 63. To hold supervisors personally liable for personnel decisions would create conflicts of interest and chill effective management while providing little or no protection to victims of discrimination. *Id.*

Here, Plaintiff has alleged that he was denied employment by ARC. Plaintiff does not allege that Brown was involved in either recruiting or deciding not to hire Plaintiff, but even if he was so involved, such actions constitute personnel decisions. *Janken* is clear that personnel decisions, even if later shown to have been undertaken for a discriminatory purpose, will not create individual liability for a supervisor. Accordingly, the plaintiff cannot maintain a claim of discrimination in violation of FEHA against Brown.

### B. **Plaintiff's Claim For Fraud Is Not Pled With Sufficient Particularity**

Plaintiff alleges that "Defendants made specific representations that it intended to hire Plaintiff . . . .", that "Defendants knew their statements were false at the time they were made" and that "Defendants, and each of them, decided not to hire Plaintiff for their own illegal reasons." (FAC, ¶¶ 24, 26).

Fraud actions are subject to strict pleading standards. In pleading a claim for fraud, the circumstances constituting fraud must be stated "with particularity." Fed.R.Civ.Proc. 9; *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (claims of fraud must be pled "with a high degree of meticulousness.") Specifically, Plaintiff must plead facts which show how, when, where, to whom and by what means the representations were made. *Standfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990). Here the allegations consist of broad statements regarding the intentions and conduct of "defendants" to hire him. The only description of a statement by Brown is that "they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table and they wanted to hire Plaintiff." (FAC, ¶ 25). These statements do not equate to an express promise on behalf of ARC to hire Plaintiff at any specific time or at all. Plaintiff's allegations are vague and conclusory and are therefore insufficient to satisfy the "particularity" required by Rule 9(b).

Plaintiff's fraud claim also fails because the complaint does not allege any facts to support the conclusory allegation that "defendants knew their statements were false at the time they were made." A claim for promissory fraud only lies when one makes a promise to do something in the future without the intention to actually perform the promise. *Lazar, supra*, 12 Cal.4th at 638. Further, "[i]n . . . differentiating a false promise from the great bulk of broken promises, the

1  allegations necessary to show contemporaneous intention not to perform should be clear, specific,
2  and unequivocal." *Hills Transp. Co. v. Southwest Forest Indus.*, 266 Cal.App.2d 702, 708 (1968)
3  (citations omitted).
4      Here, the only fact to support Plaintiff's conclusion that Brown made a promise that he
5  did not intend to keep is that ARC did not to hire Plaintiff (assuming for the sake of argument that
6  Plaintiff could establish that Brown was authorized to and promised to hire him and made the
7  decision for ARC not to hire Plaintiff). This is insufficient to sustain a claim of fraud.
8  "[S]omething more than nonperformance is required to prove the defendant's intent not to
9  perform his promise . . . ." *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 481 (1996).
10     Finally, Plaintiff's second claim for relief against Brown appears to be an attempt to avoid
11 the preclusion of individual liability for discrimination under FEHA. At the heart of the
12 purported fraud claim is Plaintiff's effort to recover damages for ARC's decision not to hire
13 Plaintiff for "illegal reasons" (FAC, ¶26) based on Plaintiff's relationship with Jackson. Calling
14 discrimination by a different label cannot make Brown liable for a hiring decision he could not
15 otherwise be held liable for.

16     **C.**     **Plaintiff Has Failed to State A Claim for Negligent Misrepresentation**

17     In his third cause of action for negligent misrepresentation, Plaintiff alleges that
18 "Defendants' representations . . ., including plaintiff being told he was to be hired" and other
19 actions were "negligent and not in good faith."
20     In order to state a claim for negligent misrepresentation, Plaintiff must allege facts
21 showing that there was (1) a false representation of a past or existing material fact; (2) made by
22 the defendant without reasonable ground for believing it to be true; (3) the defendant's intent to
23 induce reliance; (4) the plaintiff's justifiable reliance; and (4) resulting damage to the plaintiff.
24 *See* California Civil Code §§ 1572(2) and 1710(2).
25     Plaintiff has failed to state a cause of action for negligent misrepresentation because his
26 allegations of negligent misrepresentation are too uncertain. Plaintiff has not alleged that Brown
27 intended to induce reliance on any representation he allegedly made to him, nor has he alleged
28 any facts from which this conclusion may be drawn. Moreover, there are no allegations, much

077975, 000039, 501613289.2      - 5 -

less any facts to support any allegation, that Plaintiff justifiably relied on a representation by Brown which caused Plaintiff damage.

Further, only misrepresentations as to a past or existing fact are actionable. There is no claim for promises which are negligently made. *See e.g., Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159. The representations Plaintiff has alleged were made to him are that his conviction would not stop his hire and that he "would be hired." These statements convey Brown and his co-defendant's intentions to act in the future and therefore cannot form the basis for a negligent misrepresentation claim.

IV. **CONCLUSION**

Plaintiff cannot state a cause of action for Association Discrimination against Brown as a matter of law, and he has failed to state facts sufficient to support a cause of action against Brown for Fraud or Negligent Misrepresentation. Therefore, the Court, having considered the pleadings submitted by the parties and oral argument from counsel, and good cause appearing therefor,

HEREBY ORDERS as follows:

1. Brown's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED in its entirety; and

2. This action is dismissed, with prejudice as to Brown.

3. Plaintiff is ordered to pay Brown's costs in the amount of $_____ which he has incurred in connection with defending this action.

DATED: _____, 2007

_____
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

RONALD J. KLEPETAR, Bar No. 52535
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email:         rklepetar@bakerlaw.com
Email:         sshadi@bakerlaw.com

Attorneys for Defendant
AMERICAN RED CROSS BLOOD SERVICES NORTHERN CALIFORNIA REGION, Improperly Sued As The American Red Cross, STEVE BROWN and ROBERT BROWNING

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On November 27, 2007, I served a copy of the within document(s): **[PROPOSED] ORDER GRANTING DEFENDANT STEVE BROWN'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT**

[X] via e-mail.

[ ] by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 27, 2007, at Los Angeles, California.

_____
CHARLENE E. STAMPS