**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

BRIAN SETENCICH,

    Plaintiff,

v.

THE AMERICAN RED CROSS, *et al.*,

    Defendants.

No. C 07-3688 SBA

**ORDER**

[Docket Nos. 9, 16]

    Before the Court is defendant American Red Cross Blood Services Southern California Region's Motion to Dismiss plaintiff Brian Setencich's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9]. Also before the Court is plaintiff Setencich's request for leave of Court to file an amended complaint. *See* Docket No. 16, at 2, 6-7. After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, both motions are DENIED as MOOT.

**BACKGROUND**

**1.    Allegations**

    The following allegations are drawn from Setencich's original complaint. In 2005, Setencich was recruited by the Red Cross to work as the Communications Manager for Blood Services, Western Region, Division of the American Red Cross. In this position, Setencich would have reported to the Director of Public Affairs and Communications, Marc Jackson. Setencich and Jackson worked with one another in the early 1990s when Setencich was on the Fresno City Council and Jackson was the Director of Public Relations and Editor in Chief of the Metro News. Later, when Setencich was elected to the California State Assembly in 1994, he hired Jackson as his Chief of Staff. In 1997, Setencich became Special Liaison to the Mayor of San Francisco and Jackson began working for the Red Cross.

    Setencich was qualified for the Communications Manager position and he met with Red Cross principals and the hiring panel on numerous occasions. The board "made specific representations that

it intended to hire Plaintiff." Compl. ¶ 15. The defendants knew of his 1997 conviction of filing a false tax return and represented to him that the conviction was not an impediment to employment. At some point, the hiring panel learned of Setencich's association with Jackson. Jackson suffered from a disability at the time that Setencich was interviewing for the position. The Red Cross was attempting to force Jackson out of his position because of his "disability, use of medical leave and protected activity." After learning of his association with Jackson, the Red Cross decided not to hire Setencich. The Red Cross "was attempting to terminate the Director of Public Affairs and Communication (Jackson) by taking pretextual discipline against him, defaming him and setting him up to fail by providing him inadequate support." Docket No. 16, at 2. In its attempt to provide Jackson with inadequate support, the Red Cross reneged on its promise to hire Setencich, and instead, hired a lesser qualified employee. According to the plaintiff, "[t]he hire of Setencich would have impeded the [Red Cross's] efforts to terminate Jackson given Setencich's knowledge and political clout." *Id*. at 3. The Red Cross therefore discriminated against Setencich based upon his association with Jackson, an employee it was attempting to constructively discharge because of his disability.

## 2.    Procedural Background

On March 13, 2007, Setencich filed a complaint against the Red Cross in San Francisco Superior Court. This complaint makes three claims for relief: (1) association discrimination in violation of the California Fair Employment and Housing Act (FEHA); (2) fraud; and (3) negligent misrepresentation. *See* Docket No. 1. On July 19, 2007, the Red Cross removed the case to this Court under 36 U.S.C. § 300105, the "sue and be sued" provision of The American National Red Cross's federal corporate charter.[1] On July 24, 2007, the Red Cross filed this motion to dismiss.

---

[1] There is little doubt as to the propriety of this Court's jurisdiction over this matter. Title 36 U.S.C. § 300105(a)(5) provides that the Red Cross has the power to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." The Supreme Court has interpreted this provision in the Red Cross's charter as conferring "original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." *American Nat'l Red Cross v. S.G. & A.E.*, 505 U.S. 247, 248

2

Since the filing of the Red Cross's motion to dismiss, Setencich has filed an amended complaint, in part to attempt to address the admitted pleading deficiencies with his fraud claim. *See* Docket No. 28. Setencich requests leave of Court to file the amended complaint. *See* Docket No. 16, at 2, 6-7. After the amended complaint was submitted, the Red Cross filed a motion to dismiss the amended complaint. *See* Docket No. 3. That motion to dismiss is largely similar to the present one. The other two named defendants, Steve Brown and Robert Browning, have also filed motions to dismiss the amended complaint. *See* Docket Nos. 29, 30. The motions to dismiss Setencich's amended complaint are currently scheduled to be heard on February 12, 2008.

**ANALYSIS**

At the time the Red Cross filed its first motion to dismiss, the operative pleading in this case was the plaintiff's original complaint. The plaintiff has since filed an amended complaint, as he is entitled to do under Rule 15(a), because no prior amendment has been filed nor any responsive pleading by the defendants. As a result, the motion to dismiss the original complaint is moot.

Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'resposive pleading' within the meaning of Rule 15." *Crum*, 231 F.3d at 1130 n.3; *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995); *see also Morrison v. Mahoney*, 399 F.3d 1042, 1047 (9th Cir. 2005). Thus, where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court. *See* FED. R. CIV. P. 15(a); *Crum*, 231 F.3d at 1130 n.3; *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995). Therefore, the plaintiff's requested leave to file an amended complaint is unnecessary. He may file an amended complaint as a matter of right. To the extent any question remains, the Clerk of Court is directed to

---

(1992); *see also K.V. Mart Co. v. United Food & Commercial Workers Int'l Union*, 173 F.3d 1221, 1224 (9th Cir. 1999) (per curiam); *Williams v. Leonard*, 2003 WL 163183, at *1 (N.D. Cal. 2003).

3

accept the filing of the amended complaint [Docket No. 28].

And because the Red Cross's motion to dismiss challenges the plaintiff's original and now "non-existent" complaint, the defendant's motion is moot. An "amended complaint supercedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, the Red Cross's has itself already filed a second motion to dismiss in apparent recognition that the first is now inoperative.

## CONCLUSION

Accordingly, the Red Cross's motion to dismiss [Docket No. 9] and Setencich's request for leave of Court to file an amended complaint are both DENIED as MOOT.

IT IS SO ORDERED.

December 4, 2007                               _____
                                                Saundra Brown Armstrong
                                                United States District Judge