JILL P. TELFER (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone: (916) 446-1916
Facsimile: (916) 446-1726
email: jilltelfer@yahoo.com

Attorney for Plaintiff
**BRIAN SETENCICH**

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN SETENCICH,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE AMERICAN RED CROSS, a non-profit corporation; STEVE BROWN; ROBERT BROWNING; and DOES 1 through 30, inclusive,<br><br>  Defendants. | Case No. C 07-03688 SBA<br><br>**PLAINTIFF BRIAN SETENCICH'S OPPOSITION TO DEFENDANT ROBERT BROWNING'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>[Filed concurrently with (Proposed) Order]<br><br>Date: February 12, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Judge: Hon. Saundra B. Armstrong |

# I

## INTRODUCTION

Defendant ROBERT BROWNING ("Browning") moves to dismiss Plaintiff BRIAN SETENCICH's ("Setencich") three claims against him for (1) Association Discrimination[1], (2) Fraud; and (3) Negligent Misrepresentation. Setencich opposes Browning's Motion to Dismiss as to the fraud and negligent misrepresentation claims. Setencich does not oppose the individual defendant's request to be dismissed from the first claim since only employers may be liable for discrimination under *Janken. V. G.M. Hughes Electronics*, 46 Cal App 4th 55 (1996).

---

[1] Cal. Govt. Code §12926(m), et. seq.

1

II

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Setencich was recruited in mid to late 2005 to work as the Communications Manager for the ARC, reporting to the Director of Public Affairs and Communications, Marc Jackson ("Jackson") (First Amended Complaint ("FAC"), ¶2). Setencich was qualified for the position, filling an important need for the AMERICAN RED CROSS ("ARC") (FAC ¶2). Setencich met with the principals and hiring panel on three separate occasions, with the decision being made by the Board to hire Setencich (¶FAC 15) Defendants Steve Brown and Browning represented to Setencich they were going to hire him and that his 1997 conviction of filing a false tax return concerning tax consequences of less than $10,000.00 was not an impediment to hire (FAC ¶25). However, neither intended on letting the panel proceed to hire Setencich because of Setencich's association with Jackson ( FAC ¶15-17). Steve Brown and Browning were attempting to terminate the Director of Public Affairs and Communication (Jackson) by taking pretextural discipline against him, defaming him and setting him up to fail by providing him inadequate support to do his job. The action against Jackson were motivated by Jackson's disability, use of medical leave and protected activity (FAC ¶3 and 15).

The hire of Setencich would have impeded the principals efforts to terminate Jackson, given Setencich's knowledge and political clout. ( FAC ¶25). Browning was aware of Setencich's association with Jackson and therefore did not hire him, hiring a less qualified applicant ( FAC ¶17). The association between Jackson and Setencich was based on several years of working closely together when Setencich was on the Fresno City Council and Jackson was the Director of Public Relations and Editor in Chief of the Metro News ( FAC ¶6). When Setencich was elected to the State Legislature and became Speaker of the House for the State Assembly, Jackson was his Chief of Staff. (*Ibid*.). The association continued when Setencich was Special Liaison to Mayor Willie Brown and Jackson began working for ARC ( FAC ¶7).

Setencich filed his complaint in San Francisco Superior Court on March 13, 2007. Defendant ARC removed the case on July 19, 2007 on the alleged basis that ARC must be sued in federal court because of a federal corporate charter (36 U.S.C. §2). Defendant ARC alone filed a motion to dismiss on July 24, 2007. In response, Setencich filed his first amended complaint on November 8, 2007. In

2

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBERT BROWNING'S SECOND MOTION TO DISMISS

November 27, 2007 each defendant filed a motion to dismiss Setencich's First Amended Complaint.

## III

## LEGAL ANALYSIS

### A. The Legal Standard on a Motion to Dismiss

A complaint should not be dismissed for failure to state on claim under Fed. Rule Civ. Procedure 12(b)(6) "unless it appears beyond doubt that a plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Durning v First Boston Corp.* 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 26 Ed. 2d 80 (1957). Sufficient facts exist to support Setencich's claims for fraud and negligent misrepresentation.

The Federal Rules of Civ. Procedure govern the sufficiency of a pleading in a federal action, even those based on diversity. (*FSLIC v. Texas Real Estate Counselors* 995 F.2d 261, 269-270 (5th Cir. 1992.) The Rules are extremely liberal and are designed specifically to minimize disputes over pleading technicalities. (See FRCP 1, 8(f), and *Conley, supra*, at 47-48.) Federal Rules provide for notice pleading. The pleadings need not allege facts constituting the claim for relief or defense. They need only give fair notice of the pleader's claim so the opposing party can respond, undertake discovery and prepare for trial. (See *Conley v. Gibson, supra*, 355 U.S at 47-48).

In ruling on a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. (*Id.*) The plaintiff is not held to a "heightened pleading standard." (*Swierkiewicz v. Sorema*, N.A. 534 U.S. 506, 515, 152 L.Ed. 2d 1 (2002).) "[F]ederal Courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims . . ." (*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).) Unlike the practice in many states, the Federal Rules do not draw distinctions between pleading facts, ultimate facts or conclusions of law. (Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: CIV PRO BEFORE TRIAL (The Rutter Group 2002) 8:27; pp. 8-6.) Setencich properly pleads the necessary elements and pleads sufficient facts as to the second and third causes of action to put Browning on notice of the claims brought against him.

If the Court should find that Setencich fails to provide sufficient allegations to state a claim for which relief may be granted, respectfully request the Court grant leave to amend. A District Court

should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the plaintiffs cannot be cured by the allegations of other facts. (*Lopez v. Smith*, 2003 F.3d 1122,1127 (9th Cir. 2000).). The Supreme Court explained,

> Unless it appears "beyond a doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed for failure to state a claim, and leave to amend should be liberally granted. <u>Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)</u>

**B.     Fraud**

Setencich provides the circumstances of Defendant's fraud with specificity in his First Amended Complaint sufficient to defeat Defendant's motion. Defendant relies on a stock security case, which require a higher standard of specificity in pleading based on the Private Securities Litigation Reform Act. (See Defendant's moving papers citing *Desaigovder v. Meyercord* 223 F.3d 1020, 1022 (9th Cir. 2000)

Federal Rule of Civ. Procedure 9(b) provides:

> In all averments of fraud or mistake, the *circumstances* constituting fraud or mistake shall be stated with particularity, *malice, intent, knowledge, and other condition of mind of a person may be averred generally.* (Emphasis added)

"The purpose of FRCP 9(b) is to provide notice, not to test the factual allegations of the claim." *(Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir.2003)). Setencich does plead the circumstances constituting the fraud with particularity to put defendant on notice. The First Amended Complaint provides,

> Defendants made specific representations that it intended to hire Plaintiff which brought plaintiff down to Southern California on three occasions. During Plaintiff's first visit, he informed defendants that he had been convicted of filing a false tax return in 1997..with tax consequences of less than $10,000.00. FAC ¶24
>
> In late 2005, Defendant Brown took Setencich aside, put his arm around him and told Setencich they had worked with people with criminal backgrounds before; they liked

4

to give people second chances; they hire people for what they can bring to the table; and they wanted to hire Plaintiff. Brown reiterated this to Plaintiff in approximately March, 2006. Browning also told Plaintiff that his criminal background would not impede his hire. These statements were republished to Setencich and others, confirming he would be hired, until approximately the summer of 2006. FAC ¶25

In addition to providing the circumstances of the fraud with particularity, Setencich also pleads generally to malice and animus of Brown.

While the 'actual fraud alleged must be stated with particularity the requisite intent of the alleged [perpetrator of the fraud] need not be alleged with great specificity. *Wight v. Bankamerica Corp.* 219 F.3d 79, 91 (2d Cir. 2000) FRCP 9(b). The Court in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997) explains:

> "The normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control. But even under a relaxed application of FRCP 9(b), boilerplate and conclusory allegations will not suffice. While state of mind may be averred generally, plaintiffs must still allege facts that show the court their basis for inferring that the defendants acted with 'scienter.'" *See also Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir.1998).

Here, Setencich Plaintiff alleges on information and belief that...at all times relevant herein, Defendants, and each of them, have actively participated in the fraud, misrepresentation against plaintiff because of his association with Jackson, who has a disability under FEHA and who has been subjected to discrimination with his disability as a motivating factor. FAC ¶11.

> The decision was made to hire Setencich. However, when defendants learned of Setencich's association with Jackson, who they were attempting to force out given his use of family medical leave, disability, and protected activity, they attempted to withdraw the decision. FAC ¶15.

Setencich provides sufficient specificity as to the circumstances of Browning's fraud and his requisite animus and as a result, Setencich respectfully requests the Court to deny dismissal of this claim.

### C. Negligent Misrepresentation

The elements of a claim for negligent misrepresentation are as follows: (1) the defendant must have made a representation as to a past or existing material fact; (2) that representation must have been untrue; (3) regardless of his actual belief defendant must have made the representation without any reasonable ground for believing it to be true; (4) the representation must have been made with the intent to induce the plaintiff to rely upon it ;[2] (5) the plaintiffs must have been unaware of the falsity of the representation; (6) the plaintiffs must have acted in justifiable reliance upon its truth; and (7) the plaintiffs must have sustained damages as a result of such reliance. *See In Re Heritage Bond Litigation v. Kasirer, et al.* 289 F Supp 1132 (2003) " Where the defendant makes false statements, honestly believing they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation. *Bily v. Arthur Young & Co.* , 3 Cal 4th 370, 407(1992)

Browning moves to dismiss this claim contending Setencich has not alleged a misrepresentation to a past or existing fact, intent to induce reliance, justifiable reliance or damages. However, Setencich pleads: Defendants made specific representations that it wanted to hire Setencich with confirmation he would be hired. (FAC ¶25)These statements were republished to Setencich and others, confirming he would be hired. The statements were misrepresentations of an existing fact since at the time they were made defendant had not intent on hiring plaintiff.

Sentencich pleads intent to induce reliance and justifiable reliance in FAC ¶2, 8, 11, 14, 24-37 and 31. Finally, Setencich pleads his damages.

> Defendants' representations as relied from above, including plaintiff being told he was to be hired, where plaintiff lost income, not only in travel and time, but made it so he was unable to secure other employment FAC .¶32

---

[2]

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBERT BROWNING'S SECOND MOTION TO DISMISS

As a result, the claim is sufficiently pled and the motion as to this claim should be denied.

## IV

## CONCLUSION

Setencich has pled facts sufficient to support his second and third claims against Defendant BROWNING for Fraud and Negligent Misrepresentation to warrant denial of the motion as to these two claims.

Dated: January 22, 2008          LAW OFFICES OF JILL P. TELFER
                                 A Professional Corporation

                                 _____
                                 JILL P. TELFER
                                 Attorney for Plaintiff BRIAN SETENCICH

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBERT BROWNING'S SECOND MOTION TO DISMISS

# PROOF OF SERVICE

CASE:     Setencich v. The American Red Cross, et al.
COURT:    USDC, Northern District, Oakland Division
CASE NO.  C 07-03688 SBA

I declare that I am a citizen of the United States, that I have attained the age of majority, and that I am not a party to this action. My business address is 331 J Street, Sacramento, CA 95814. I am familiar with this firm's practice of collection and processing of correspondence to be deposited for delivery via the U.S. Postal Service as well as other methods used for delivery of correspondence. On the below stated date, in the manner indicated, I caused the foregoing document(s) entitled:

**PLAINTIFF BRIAN SETENCICH'S OPPOSITION TO DEFENDANT ROBERT BROWNING'S SECOND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

to be served on the party(ies) or their (its) attorney(s) of record in this action by:

[ x ]   Facsimile transmission to the number(s) <u>noted below</u>.

[ ]   Placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail and <u>addressed as indicated below</u>. Said documents will be deposited with the U.S. Postal Service at Sacramento, California on this date in the ordinary course of business. I understand that upon motion of a party served service shall be assumed invalid if the postal cancellation date or postage meter date on the envelope is more than one (1) day after the date of deposit for mailing as contained in this declaration.

[ ]   Hand-delivery addressed to:

**Sabrina L. Shadi, Esq.**
**BAKER & HOSTETLER**
**12100 Wilshire Boulevard, 15th Floor**
**Los Angeles, California  90025-7120**
**(310) 820-8859 - Fax**

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2008, in Sacramento, California.

Karilyn Ah Yun