1  [1]JILL P. TELFER (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J Street, Suite 200
3  Sacramento, California  95814
   Telephone:  (916) 446-1916
4  Facsimile:  (916) 446-1726
   email: jilltelfer@yahoo.com
5
   Attorney for Plaintiff
6  **BRIAN SETENCICH**

7

8                      UNITED STATED DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12 BRIAN SETENCICH                          )  Case No. C 07-03688 SBA
                                            )
13          Plaintiff,                      )  **PLAINTIFF BRIAN SETENCICH'S**
                                            )  **OPPOSITION TO DEFENDANT**
14          vs.                             )  **AMERICAN RED CROSS' MOTION TO**
                                            )  **DISMISS PLAINTIFF'S FIRST AMENDED**
15 THE AMERICAN RED CROSS, a non-profit     )  **COMPLAINT**
   corporation; STEVE BROWN; ROBERT         )
16 BROWNING; and DOES 1 through 30, inclusive,)  Date:       February 12, 2008
                                            )  Time:       1:00 p.m.
17          Defendants.                     )  Courtroom:  3
                                            )  Judge:      Hon. Saundra B. Armstrong
18 _____ )

19                                 **I**

20                           **INTRODUCTION**

21        Defendant AMERICAN RED CROSS ("ARC") moves to dismiss Plaintiff BRIAN

22 SETENCICH's ("Setencich") three claims against him for (1) Association Discrimination (Cal. Govt.

23 Code §12926(m), et. seq.), (2) Fraud; and (3) Negligent Misrepresentation.  Setencich opposes the

24 motion to dismiss as to all three claims.

25        Setencich properly pleads his first claim for Association Discrimination under the Fair

26 Employment and Housing Act ("FEHA") which provides protection for any applicant who is denied

27
   _____
28
       [1]California Government Code § 12926(m)

                                        1

─────────────────────────────────────────────────────────────────────
       PLAINTIFF'S OPPOSITION TO  ARC'S  MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  employment because of his association with another who is disabled, or a member of another protected

2  class under FEHA.  ARC's attempt to restrict protection under FEHA is not based on any relevant

3  statutory or relevant case law authority.  Likewise, Setencich sufficiently pleads his second and third

4  claim for fraudulent and negligent misrepresentation, respectively, warranting denial of the motion in

5  its entirety.

## II

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

8        Setencich was recruited in mid to late 2005 to work as the Communications Manager for the

9  ARC, reporting to the Director of Public Affairs and Communications, Marc Jackson ("Jackson") (First

10  Amended Complaint ("FAC"), ¶2).  Setencich was qualified for the position, filling an important need

11  for the ARC (FAC, ¶2).  Setencich met with the principals and hiring panel on three separate occasions,

12  with the decision being made by the Board to hire Setencich (Complaint, ¶15) Defendants Steve Brown

13  and Robert Browning represented to Setencich they wanted to hire him, would be hired, and that his

14  1997 conviction of filing a false tax return concerning tax consequences of less than $10,000.00 was not

15  an impediment to hire (FAC, ¶24 and 25).  However, neither intended on letting the panel proceed with

16  the hire Setencich because of Setencich's association with Jackson (FAC, ¶15-17).  ARC was attempting

17  to terminate the Director of Public Affairs and Communication (Jackson) by taking pretextural discipline

18  against him, defaming him and setting him up to fail by providing him inadequate support.  The action

19  against Jackson were motivated by Jackson's disability, use of medical leave and protected activity

20  (FAC, ¶3 and 15).

21        The hire of Setencich would have impeded the principals efforts to terminate Jackson given

22  Setencich's knowledge and political clout. ARC's managing agents, Steve Brown and Robert Browning,

23  never intended on hiring Setencich given his association with Jackson (FAC, ¶8 and 11).  The

24  association between Jackson and Setencich was based on several year of working closely together when

25  Setencich was on the Fresno City Council and Jackson was the Director of Public Relations and Editor

26  in Chief of the Metro News ( FAC, ¶6).  When Setencich was elected to the State Legislature and

27  became Speaker of the House for the State Assembly, Jackson was his Chief of Staff. (*Ibid.*).  The

28  association continued when Setencich was Special Liaison to Mayor Willie Brown and Jackson began

PLAINTIFF'S OPPOSITION TO ARC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1 | working for ARC (FAC,¶7).

2 |       Setencich filed his complaint in San Francisco Superior Court on March 13, 2007. Defendant

3 | ARC removed the case on July 19, 2007 on the alleged basis that ARC must be sued in federal court

4 | because of a federal corporate charter (36 U.S.C. §2). Defendant ARC alone filed a motion to dismiss

5 | on July 24, 2007. In response, Setencich filed his first amended complaint on November 8, 2007. In

6 | November 27, 2007 each defendant filed a motion to dismiss Setencich's First Amended Complaint.

7 | **III**

8 | **LEGAL ANALYSIS**

9 | **A.    The Legal Standard on a Motion to Dismiss**

10 |       A complaint should not be dismissed for failure to state on claim under Fed. Rule Civ. Procedure

11 | 12(b)(6) "unless it appears beyond doubt that a plaintiff could prove no set of facts in support of his

12 | claim which would entitle him to relief." *Durning v First Boston Corp.* 815 F.2d 1265, 1267 (9th Cir.

13 | 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 26 Ed. 2d 80 (1957). Sufficient facts exist to support

14 | Setencich's three claims for Association Discrimination, Fraud and Negligent Misrepresentation. The

15 | Association Discrimination and Negligence Misrepresentation claims have been sufficiently pled. As

16 | to the Fraud claim, leave to amend is requested to provide the specifics to the fraud as articulated in

17 | *Lazar*. ARC has brought a motion based exclusively on non-9th Circuit cases interpreting the

18 | Americans With Disabilities Act ("ADA") and not the FEHA, on which Setencich's discrimination

19 | claim is based.

20 |       The Federal Rules of Civil Procedure govern the sufficiency of a pleading in a federal action,

21 | even those based on diversity. (*FSLIC v. Texas Real Estate Counselors* 995 F.2d 261, 269-270 (5th Cir.

22 | 1992.) The Rules are extremely liberal and are designed specifically to minimize disputes over pleading

23 | technicalities. (See FRCP 1, 8(f), and *Conley, supra,* at 47-48.)

24 |       Federal Rules provide for notice pleading. The pleadings need not allege facts constituting the

25 | claim for relief or defense. They need only give fair notice of the pleader's claim so the opposing party

26 | can respond, undertake discovery and prepare for trial. (See *Conley v. Gibson, supra,* 355 U.S at 47-48).

27 | "[F]ederal Courts and litigants must rely on summary judgment and control of discovery to weed out

28 | unmeritorious claims . . ." (*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*

3

PLAINTIFF'S OPPOSITION TO ARC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1    507 U.S. 163 (1993).)  Unlike the practice in many states, the Federal Rules do not draw distinctions

2    between pleading facts, ultimate facts or conclusions of law. (Schwarzer, Tashima & Wagstaffe, CAL.

3    PRAC. GUIDE: CIV PRO BEFORE TRIAL (The Rutter Group 2002) 8:27; pp. 8-6.)  Setencich

4    properly pleads the necessary facts as to the first and third claim to put ARC on notice of the claim

5    brought against it.  As to the fraud claim, facts exist to meet the specificity requirements under California

6    law.

7            In ruling on a motion to dismiss, all allegations of material fact are taken as true and construed

8    in the light most favorable to the non-moving party.  (*Id.*)  The plaintiff is not held to a "heightened

9    pleading standard." (*Swierkiewicz v. Sorema*, N.A. 534 U.S. 506,515, 152 L.Ed. 2d 1 (2002).)  If the

10   Court should find that Setencich failed to provide sufficient allegations to state a claim for which relief

11   may be granted, respectfully request the Court grant leave to amend.  A District Court should grant leave

12   to amend even if no request to amend the pleadings was made, unless it determines that the plaintiffs

13   cannot be cured by the allegations of other facts. (*Lopez v. Smith*, 2003 F.3d 1122,1127 (9th Cir. 2000).)

14   **B.    Association Discrimination**

15           ARC contends that although FEHA prohibits discrimination based on association, the protection

16   should be severely limited, relying on the 7th Circuit case *Larimer v. International Business Machines*

17   *Corp.* 370 F.3d 698, 700 (7th Cir. 2004) where the Court elected not to provide protection under the

18   American With Disabilities Act ("ADA")to a man who was terminated after the birth of his premature

19   twins.  However, the 9th Circuit has not adopted this restrictive view.  Of most significance, the

20   Setencich claim is under FEHA, which provides significantly more protections than the ADA.

21           California Government Code §12926(m) provides,

22           "race . . . physical disability, mental disability, medical condition . . . includes a
             perception that the person has any of those characteristics *or that the person is associated*
23           *with a person who has or is perceived to have any of those characteristics.*" California
             Government Code §12926 (Emphasis added.)
24
             The ADA more restrictive association discrimination protection[2] provides:
25

26           ───────────────────

27           [2]In order to establish a prima facie case under the ADA for association discrimination, a plaintiff must
             prove (1) the plaintiff was qualified for the job at the time of the adverse employment action; (2) the
             plaintiff was subjected to adverse employment action; (3) plaintiff was known by his employer to have
28           an associate with a disability; (4) the adverse employment action occurred under circumstances raising
             a reasonable inference that the disability of the associate was a determining factor in the employer's

                                                          4

1
2
3
". . . excluding or otherwise denying equal jobs or benefits to a qualified individual because of a *known disability of the individual with whom the qualified individual is known to have a relationship or association.*"42 U.S.C. §121112(b)(4)  (Emphasis added.)

4  Setencich pleads the prima facie elements of association discrimination under FEHA:

5  (1) Setencich applied for a position with the Red Cross (FAC, ¶2, 14-15);  (2) ARC refused to hire him

6  (FAC ¶15, 17 and 18); and (3) Setencich's association with Jackson (who has a disability and engaged

7  in protected activities) was a motivating factor in not hiring him (FAC, ¶18).  (Judicial Council of

8  California Civil Jury Instructions (2007) CACI No. 2500).  As a result, the motion as to this claim

9  should be denied.

10  FEHA provides broader protections for the employee than the federal statutes.  California

11  Government Code §12926.1 identifies that although the ADA provides a floor for protection, FEHA has

12  always, even prior to the passage of the Federal Act, afforded additional protections.  The Supreme

13  Court explained in *Aguilar v. Avis Rent A Car, Inc.* 29 Cal 4ᵗʰ 121 (1999) that FEHA declares,

14
15
16
17
18
19
'As a public policy of the state that it's necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination. This Court has declared that policy to be fundamental.' (citing *Brown v. Superior Court* 37 Cal 3ʳᵈ 477, 485 (1984).  'Employment discrimination foments domestic strife and arrest, deprives the state of the fullest utilization of its capacities for development an advance, and substantially and adversely affects the interest of employers and the public in general' (citing California Government Code §12920) The express purpose of the FEHA is to 'provide effective remedies which will eliminate such discriminatory practices'. (*Ibid.*) In addition, the legislature has directed that the FEHA to be construed liberally so as to accomplish its purpose.  California Government Code §12993; citing *Brown v. Superior Court*, supra, 37 Cal 3d at 486; *Aguilar v. Avis* at 129.

20  Defendant argues the allegations in the complaint refute Setencich's contention that he was not

21  hired because of his relationship with Jackson.  However, ARC fails to provide any substance to the

22  argument. Jackson recruited Plaintiff to be the Communications Director to fill an important need for

23  Jackson to accommodate Jackson's disability, the growth of the Department and to counter attempts by

24  Brown and Browning to undermine Jackson and set him up to fail (FAC ¶16).  ARC argues that it makes

25  no sense for ARC (through the actions of Jackson as a managing agent of the defendant) to make a

26  concerted effort to fill the Communications Manager position, but then not hire Plaintiff because of his

27
28
decision. *Hartog v. Wasatch Academy, et al* 129 F 3d 1076 (3ʳᵈ Cir., 1997)

PLAINTIFF'S OPPOSITION TO ARC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  association with Jackson. However, Jackson usually was able to hire staff on his own. Jackson recruited

2  to fill the position. Defendant contends he is a managing agent. (Telfer Decl., ¶8) At no time did Brown

3  or Browning, Jackson's superiors who are also managing agents of ARC ever intend on letting Jackson

4  fill the position with someone who would support him.

5        Setencich properly pleads his FEHA claim, which provides protection to Setencich for the failure

6  to hire motivated by his association with Jackson. As a result, the motion should be denied.

7        **C.    Fraud**

8        Setencich provides the circumstances of Defendants' fraud with specificity in his First Amended

9  Complaint sufficient to defeat Defendant's motion. Defendant ARC relies on stock security cases,

10  which require a higher standard of specificity in pleading based on the Private Securities Litigation

11  Reform Act. (See Defendant's moving papers citing *Desaigoudar v. Meyercord* 223 F.3d 1020, 1022

12  (9th Cir. 2000)

13        Federal Rule of Civ. Procedure 9(b) provides:

14

15        . . . In all averments of fraud or mistake, the *circumstances* constituting fraud
       or mistake shall be stated with particularity, *malice, intent, knowledge, and other*

16        *condition of mind of a person may be averred generally*. (Emphasis added)

17        "The purpose of FRCP 9(b) is to provide notice, not to test the factual allegations of the claim."

18  *(Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406, 414 n.2 (3d

19  Cir.2003)). Setencich does plead the circumstances constituting the fraud with particularity to put

20  defendant on notice. The First Amended Complaint provides,

21

22        Defendants made specific representations that it intended to hire Plaintiff which
       brought plaintiff down to Southern California on three occasions. During Plaintiff's first
       visit, he informed defendants that he had been convicted of filing a false tax return in

23        1997..with tax consequences of less than $10,000.00. First Amended Complaint ("FAC")
       ¶24

24

25        In late 2005, Defendant Brown took Setencich aside, put his arm around him and told
       Setencich they had worked with people with criminal backgrounds before; they liked to
       give people second chances; they hire people for what they can bring to the table; and

26        they wanted to hire Plaintiff. Brown reiterated this to Plaintiff in approximately March,
       2006. Browning also told Plaintiff that his criminal background would not impede his

27        hire. These statements were republished to Setencich and others, confirming he would
       be hired, until approximately the summer of 2006. FAC ¶25

28

6

1    In addition to providing the circumstances of the fraud with particularity, Setencich also pleads

2    generally to malice and animus of ARC's managing agents. While the 'actual fraud alleged must be

3    stated with particularity the requisite intent of the alleged [perpetrator of the fraud] need not be alleged

4    with great specificity. *Wight v. Bankamerica Corp.* 219 F.3d 79, 91 (2d Cir. 2000) FRCP 9(b). The

5    Court in *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410,1418 (3d Cir.1997) provides

6    "The normally rigorous particularity rule has been relaxed somewhat where the factual

7    information is peculiarly within the defendant's knowledge or control. But even under a relaxed

8    application of FRCP 9(b), boilerplate and conclusory allegations will not suffice. While state of mind

9    may be averred generally, plaintiffs must still allege facts that show the court their basis for inferring that

10    the defendants acted with 'scienter.'" *See also Corley v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041,1051

11    (7ᵗʰ Cir.1998).

12    Here, Setencich Plaintiff alleges on information and belief that...at all times relevant herein,

13    Defendants, and each of them, have actively participated in the fraud, misrepresentation against plaintiff

14    because of his association with Jackson, who has a disability under FEHA and who has been subjected

15    to discrimination with his disability as a motivating factor. FAC ¶11.

16        The decision was made to hire Setencich. However, when defendants learned of
Setencich's association with Jackson, who they were attempting to force out given his

17    use of family medical leave, disability, and protected activity, they attempted to withdraw
the decision. FAC ¶15.

18

19    Setencich provides sufficient specificity as to the circumstances of ARC's fraud and his requisite

20    animus and as a result, Setencich respectfully requests the Court to deny dismissal of this claim.

21    **D.    Negligent Misrepresentation**

22    The elements of a claim for negligent misrepresentation are as follows: (1) the defendant must

23    have made a representation as to a past or existing material fact; (2) that representation must have been

24    untrue; (3) regardless of his actual belief defendant must have made the representation without any

25    reasonable ground for believing it to be true; (4) the representation must have been made with the intent

26    to induce the plaintiff to rely upon it ;[3] (5) the plaintiffs must have been unaware of the falsity of the

27    representation; (6) the plaintiffs must have acted in justifiable reliance upon its truth; and (7) the

28

_____

3

_____

PLAINTIFF'S OPPOSITION TO ARC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  plaintiffs must have sustained damages as a result of such reliance. *See In Re Heritage Bond Litigation*

2  *v. Kasirer, et al.* 289 F Supp 1132 (2003) " Where the defendant makes false statements, honestly

3  believing they are true, but without reasonable ground for such belief, he may be liable for negligent

4  misrepresentation. *Bily v. Arthur Young & Co.* , 3 Cal 4th 370, 407(1992)

5      ARC moves to dismiss this claim contending Setencich has not alleged a misrepresentation to

6  a past or existing fact, intent to induce reliance, justifiable reliance or damages.  However,  Setencich

7  pleads: Defendants made specific representations that it wanted to hire Setencich with confirmation he

8  would be hired.  (FAC ¶25)These statements were republished to Setencich and others, confirming he

9  would be hired.  The statements were misrepresentations of an existing fact since at the time they were

10  made defendant had not intent on hiring plaintiff.

11      Sentencich pleads intent to induce reliance and justifiable reliance in FAC ¶2, 8, 11, 14, 24-37

12  and 31.  Finally, Setencich pleads his damages.

13      Defendants' representations as relied from above, including plaintiff being told
        he was to be hired, where plaintiff lost income, not only in travel and time, but made it
14      so he was unable to secure other employment FAC .¶32

15  As a result, the claim is sufficiently pled and the motion as to this claim should be

16  denied.

17                                  **IV**

18                              **CONCLUSION**

19      Setencich has pled facts sufficient to support his first, second and third claims against Defendant

20  ARC for Association Discrimination, Fraud and Negligent Misrepresentation to warrant denial of the

21  motion.  If the court is inclined to grant any aspect of Defendant's motion, Setencich respectfully

22   requests leave to amend.

23  Dated: January 22, 2008                    LAW OFFICES OF JILL P. TELFER
                                               A Professional Corporation
24

25

26                                             JILL P. TELFER
                                               Attorney for Plaintiff BRIAN SETENCICH
27

28

PLAINTIFF'S OPPOSITION TO ARC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

CASE:        Setencich v. The American Red Cross, et al.
COURT:      USDC, Northern District, Oakland Division
CASE NO.   C 07-03688 SBA


      I declare that I am a citizen of the United States, that I have attained the age of majority, and that I am not a party to this action. My business address is 331 J Street, Sacramento, CA 95814. I am familiar with this firm's practice of collection and processing of correspondence to be deposited for delivery via the U.S. Postal Service as well as other methods used for delivery of correspondence. On the below stated date, in the manner indicated, I caused the foregoing document(s) entitled:

**PLAINTIFF BRIAN SETENCICH'S OPPOSITION TO DEFENDANT AMERICAN RED CROSS' SECOND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

to be served on the party(ies) or their (its) attorney(s) of record in this action by:

      [ x ]    Facsimile transmission to the number(s) <u>noted below</u>.

      []    Placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail and <u>addressed as indicated below</u>. Said documents will be deposited with the U.S. Postal Service at Sacramento, California on this date in the ordinary course of business. I understand that upon motion of a party served service shall be assumed invalid if the postal cancellation date or postage meter date on the envelope is more than one (1) day after the date of deposit for mailing as contained in this declaration.

      [ ]    Hand-delivery addressed to:

      **Sabrina L. Shadi, Esq.**
      **BAKER & HOSTETLER**
      **12100 Wilshire Boulevard, 15th Floor**
      **Los Angeles, California  90025-7120**
      **fax - (310) 820-8859**


      I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2008, in Sacramento, California.


_____
Karilyn Ah Yun