JILL P. TELFER, (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:    (916) 446-1916
Facsimile:    (916) 446-1726
email: jilltelfer@yahoo.com

Attorney for Plaintiff
**BRIAN SETENCICH**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>                Plaintiff,<br><br>vs.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>                Defendants. | CASE NO.: C 07-03688 JCS<br><br>**[PROPOSED] ORDER DENYING AMERICAN RED CROSS MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT**<br><br>**[F.R.C.P. 12(b)(b)]**<br><br>[Filed concurrently with Plaintiff'S Opposition to Defendant ARC's Motion to Dismiss The First Amended Complaint]<br><br>Date   :   February 12, 2008<br>Time   :   1:00 p.m.<br>Courtroom:   3 |

**TO DEFENDANT AND DEFENDANT'S ATTORNEYS OF RECORD:**

On February 12, 2008 at 1:00 p.m., there came on for hearing the motion of Defendant American Red Cross ("ARC") to dismiss plaintiff Brian Setencich's ("Setencich") First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) before honorable Saundra Brown Armstrong. Setencich was represented by Jill P. Telfer. ARC was represented by the Baker & Hostetler law firm.

**I. BACKGROUND**

Setencich filed his complaint in San Francisco Superior Court on March 13, 2007. Defendant

1  ARC removed the case on July 19, 2007 on the alleged basis that ARC must be sued in federal court
2  because of a federal corporate charter (36 U.S.C. §2).  Defendant ARC alone filed a  motion to
3  dismiss on July 24, 2007.  In response, Setencich filed his first amended complaint on November 8,
4  2007. In November 27, 2007 each defendant filed a motion to dismiss Setencich's First Amended
5  Complaint.

6  **II. LEGAL STANDARD**

7      A complaint should not be dismissed for failure to state on claim under Fed. Rule Civ.
8  Procedure 12(b)(6) "unless it appears beyond doubt that a plaintiff could prove no set of facts in
9  support of his claim which would entitle him to relief."  *Durning v First Boston Corp*. 815 F.2d
10 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 26 Ed. 2d 80 (1957).  Sufficient
11 facts exist to support Setencich's three claims for Association Discrimination, Fraud and Negligent
12 Misrepresentation.  The Association Discrimination and Negligence Misrepresentation claims have
13 been sufficiently pled.  As to the Fraud claim, leave to amend is requested to provide the specifics to
14 the fraud as articulated in *Lazar*.  ARC has brought a motion based exclusively on non-9th Circuit
15 cases interpreting the Americans With Disabilities Act ("ADA") and not the FEHA, on which
16 Setencich's discrimination claim is based.

17     The Federal Rules of Civil Procedure govern the sufficiency of a pleading in a federal action,
18 even those based on diversity. (*FSLIC v. Texas Real Estate Counselors* 995 F.2d 261, 269-270 (5th
19 Cir. 1992.)   The Rules are extremely liberal and are designed specifically to minimize disputes over
20 pleading technicalities.  (See FRCP 1, 8(f), and *Conley, supra*, at 47-48.)

21     Federal Rules provide for notice pleading.  The pleadings need not allege facts constituting
22 the claim for relief or defense.  They need only give fair notice of the pleader's claim so the opposing
23 party can respond, undertake discovery and prepare for trial.  (See *Conley v. Gibson*, *supra*, 355 U.S
24 at 47-48). "[F]ederal Courts and litigants must rely on summary judgment and control of discovery to
25 weed out unmeritorious claims . . ."  (*Leatherman v. Tarrant County Narcotics Intelligence &*
26 *Coordination Unit*, 507 U.S. 163 (1993).)  Unlike the practice in many states, the Federal Rules do
27 not draw distinctions between pleading facts, ultimate facts or conclusions of law.  (Schwarzer,
28 Tashima &  Wagstaffe, CAL. PRAC. GUIDE: CIV PRO BEFORE TRIAL (The Rutter Group 2002)

8:27; pp. 8-6.) Setencich properly pleads the necessary facts as to the first and third claim to put ARC on notice of the claim brought against it. As to the fraud claim, facts exist to meet the specificity requirements under California law.

In ruling on a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. (*Id*.) The plaintiff is not held to a "heightened pleading standard." (*Swierkiewicz v. Sorema*, N.A. 534 U.S. 506,515, 152 L.Ed. 2d 1 (2002).) If the Court should find that Setencich failed to provide sufficient allegations to state a claim for which relief may be granted, respectfully request the Court grant leave to amend. A District Court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the plaintiffs cannot be cured by the allegations of other facts. (*Lopez v. Smith*, 2003 F.3d 1122,1127 (9th Cir. 2000).)

**B.     Association Discrimination**

ARC contends that although FEHA prohibits discrimination based on association, the protection should be severely limited, relying on the 7th Circuit case *Larimer v. International Business Machines Corp.* 370 F.3d 698, 700 (7th Cir. 2004) where the Court elected not to provide protection under the American With Disabilities Act ("ADA") to a man who was terminated after the birth of his premature twins. However, the 9th Circuit has not adopted this restrictive view. Of most significance, the Setencich claim is under FEHA, which provides significantly more protections than the ADA.

California Government Code §12926(m) provides,

"race . . . physical disability, mental disability, medical condition . . . includes a perception that the person has any of those characteristics *or that the person is associated with a person who has or is perceived to have any of those characteristics*." California Government Code §12926  (Emphasis added.)

The ADA more restrictive association discrimination protection[1] provides:

---

[1] In order to establish a prima facie case under the ADA for association discrimination, a plaintiff must prove (1) the plaintiff was qualified for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) plaintiff was known by his employer to have an associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the associate was a determining factor in the employer's decision. *Hartog v. Wasatch Academy, et al* 129 F 3d 1076 (3rd Cir., 1997)

[Proposed] Order Denying Defendant's Motion to Dismiss Complaint     3

> ". . . excluding or otherwise denying equal jobs or benefits to a qualified individual because of a *known disability of the individual with whom the qualified individual is known to have a relationship or association*." 42 U.S.C. §121112(b)(4)  (Emphasis added.)

Setencich pleads the prima facie elements of association discrimination under FEHA: (1) Setencich applied for a position with the Red Cross (FAC, ¶2, 14-15);  (2) ARC refused to hire him (FAC ¶15, 17 and 18); and (3) Setencich's association with Jackson (who has a disability and engaged in protected activities) was a motivating factor in not hiring him (FAC, ¶18).  (Judicial Council of California Civil Jury Instructions (2007) CACI No. 2500).  As a result, the motion as to this claim should be denied.

FEHA provides broader protections for the employee than the federal statutes.  California Government Code §12926.1 identifies that although the ADA provides a floor for protection, FEHA has always, even prior to the passage of the Federal Act, afforded additional protections.  The Supreme Court explained in *Aguilar v. Avis Rent A Car, Inc.* 29 Cal 4th 121 (1999) that FEHA declares,

> 'As a public policy of the state that it's necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination. This Court has declared that policy to be fundamental.' (citing *Brown v. Superior Court* 37 Cal 3rd 477, 485 (1984).  'Employment discrimination foments domestic strife and arrest, deprives the state of the fullest utilization of its capacities for development an advance, and substantially and adversely affects the interest of employers and the public in general' (citing California Government Code §12920)  The express purpose of the FEHA is to 'provide effective remedies which will eliminate such discriminatory practices'.  (*Ibid*.)  In addition, the legislature has directed that the FEHA to be construed liberally so as to accomplish its purpose.  California Government Code §12993; citing *Brown v. Superior Court*, supra, 37 Cal 3d at 486; *Aguilar v. Avis* at 129.

Defendant argues the allegations in the complaint refute Setencich's contention that he was not hired because of his relationship with Jackson.  However, ARC fails to provide any substance to the argument.  Jackson recruited Plaintiff to be the Communications Director to fill an important need for Jackson to accommodate Jackson's disability, the growth of the Department and to counter attempts by Brown and Browning to undermine Jackson and set him up to fail (FAC ¶16).  ARC argues that it makes no sense for ARC (through the actions of Jackson as a managing agent of the defendant) to make a concerted effort to fill the Communications Manager position, but then not hire

[Proposed] Order Denying Defendant's Motion to Dismiss Complaint    4

Plaintiff because of his association with Jackson.  However, Jackson usually was able to hire staff on his own.  Jackson recruited to fill the position.  Defendant contends he is a managing agent. (Telfer Decl., ¶8)  At no time did Brown or Browning, Jackson's superiors who are also managing agents of ARC ever intend on letting Jackson fill the position with someone who would support him.

Setencich properly pleads his FEHA claim, which provides protection to Setencich for the failure to hire motivated by his association with Jackson.  As a result, the motion is denied.

### C.    Fraud

Setencich provides the circumstances of Defendants' fraud with specificity in his First Amended Complaint sufficient to defeat Defendant's motion.  Defendant ARC relies on stock security cases, which require a higher standard of specificity in pleading based on the Private Securities Litigation Reform Act.  (See Defendant's moving papers citing *Desaigoudar v. Meyercord* 223 F.3d 1020, 1022 (9th Cir. 2000)

Federal Rule of Civ. Procedure 9(b)  provides:

> . . . In all averments of fraud or mistake, the *circumstances* constituting fraud or mistake shall be stated with particularity, *malice, intent, knowledge, and other condition of mind of a person may be averred generally*.  (Emphasis added)

"The purpose of FRCP 9(b) is to provide notice, not to test the factual allegations of the claim." *(Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir.2003)).  Setencich does plead the circumstances constituting the fraud with particularity to put defendant on notice.  The First Amended Complaint provides,

> Defendants made specific representations that it intended to hire Plaintiff which brought plaintiff down to Southern California on three occasions.  During Plaintiff's first visit, he informed defendants that he had been convicted of filing a false tax return in 1997..with tax consequences of less than $10,000.00. First Amended Complaint ("FAC") ¶24

> In late 2005, Defendant Brown took Setencich aside, put his arm around him and told Setencich they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table; and they wanted to hire Plaintiff.  Brown reiterated this to Plaintiff in approximately March, 2006.  Browning also told Plaintiff that his criminal background would not impede his hire.  These statements were republished to Setencich and others, confirming he would be hired, until approximately the summer of 2006. FAC ¶25

In addition to providing the circumstances of the fraud with particularity, Setencich also pleads generally to malice and animus of ARC's managing agents. While the 'actual fraud alleged must be stated with particularity the requisite intent of the alleged [perpetrator of the fraud] need not be alleged with great specificity. *Wight v. Bankamerica Corp.* 219 F.3d 79, 91 (2d Cir. 2000) FRCP 9(b). The Court in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,1418 (3d Cir.1997) provides

"The normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control. But even under a relaxed application of FRCP 9(b), boilerplate and conclusory allegations will not suffice. While state of mind may be averred generally, plaintiffs must still allege facts that show the court their basis for inferring that the defendants acted with 'scienter.'" *See also Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041,1051 (7th Cir.1998).

Here, Setencich Plaintiff alleges on information and belief that...at all times relevant herein, Defendants, and each of them, have actively participated in the fraud, misrepresentation against plaintiff because of his association with Jackson, who has a disability under FEHA and who has been subjected to discrimination with his disability as a motivating factor. FAC ¶11.

> The decision was made to hire Setencich. However, when defendants learned of Setencich's association with Jackson, who they were attempting to force out given his use of family medical leave, disability, and protected activity, they attempted to withdraw the decision. FAC ¶15.

Setencich provides sufficient specificity as to the circumstances of ARC's fraud and his requisite animus and as a result, the Court denies dismissal of this claim.

### D.     Negligent Misrepresentation

The elements of a claim for negligent misrepresentation are as follows: (1) the defendant must have made a representation as to a past or existing material fact; (2) that representation must have been untrue; (3) regardless of his actual belief defendant must have made the representation without any reasonable ground for believing it to be true; (4) the representation must have been made with the intent to induce the plaintiff to rely upon it ;  (5) the plaintiffs must have been unaware of the falsity of the representation; (6) the plaintiffs must have acted in justifiable reliance

1  upon its truth; and (7) the plaintiffs must have sustained damages as a result of such reliance. *See In Re Heritage Bond Litigation v. Kasirer, et al.* 289 F Supp 1132 (2003) " Where the defendant makes false statements, honestly believing they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation. *Bily v. Arthur Young & Co.* , 3 Cal 4th 370, 407(1992)

ARC moves to dismiss this claim contending Setencich has not alleged a misrepresentation to a past or existing fact, intent to induce reliance, justifiable reliance or damages.  However,  Setencich pleads: Defendants made specific representations that it wanted to hire Setencich with confirmation he would be hired.  (FAC ¶25)These statements were republished to Setencich and others, confirming he would be hired.  The statements were misrepresentations of an existing fact since at the time they were made defendant had not intent on hiring plaintiff.

Sentencich pleads intent to induce reliance and justifiable reliance in FAC ¶2, 8, 11, 14, 24-37 and 31.  Finally, Setencich pleads his damages.

Defendants' representations as relied from above, including plaintiff being told he was to be hired, where plaintiff lost income, not only in travel and time, but made it so he was unable to secure other employment FAC .¶32

As a result, the claim is sufficiently pled and the motion as to this claim is denied.

**IV.**

**CONCLUSION**

The Court, having considered the pleadings submitted by the parties and oral argument from counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. The motion is denied as to the first, second and third claims for Association Discrimination, Fraud Negligent Misrepresentation is DENIED.

DATED:_____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE

[Proposed] Order Denying Defendant's Motion to Dismiss Complaint     7