JILL P. TELFER, (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:     (916) 446-1916
Facsimile:     (916) 446-1726
email: jilltelfer@yahoo.com

Attorney for Plaintiff
**BRIAN SETENCICH**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: C 07-03688 JCS<br><br>**[PROPOSED] ORDER DENYING STEVE BROWN'S MOTION TO DISMISS PLAINTIFF BRIAN SETENCICH'S FIRST AMENDED COMPLAINT**<br><br>**[F.R.C.P. 12(b)(b)]**<br><br>[Filed concurrently with Plaintiff'S Opposition to Defendant ARC's Motion to Dismiss The First Amended Complaint]<br><br>Date　:　February 12, 2008<br>Time　:　1:00 p.m.<br>Courtroom:　3 |

**TO DEFENDANT AND DEFENDANT'S ATTORNEYS OF RECORD:**

On February 12, 2008 at 1:00 p.m., there came on for hearing the motion of Defendant Steve Brown ("Brown") to dismiss plaintiff Brian Setencich's ("Setencich") First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) before honorable Saundra Brown Armstrong. Setencich was represented by Jill P. Telfer. ARC was represented by the Baker & Hostetler law firm.

**I. BACKGROUND**

Setencich filed his complaint in San Francisco Superior Court on March 13, 2007. Defendant

1  ARC removed the case on July 19, 2007 on the alleged basis that ARC must be sued in federal court
2  because of a federal corporate charter (36 U.S.C. §2).  Defendant ARC alone filed a motion to
3  dismiss on July 24, 2007.  In response, Setencich filed his first amended complaint on November 8,
4  2007. In November 27, 2007 each defendant filed a motion to dismiss Setencich's First Amended
5  Complaint.

## II. LEGAL STANDARD

7  A complaint should not be dismissed for failure to state on claim under Fed. Rule Civ.
8  Procedure 12(b)(6) "unless it appears beyond doubt that a plaintiff could prove no set of facts in
9  support of his claim which would entitle him to relief." *Durning v First Boston Corp*. 815 F.2d
10 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 26 Ed. 2d 80 (1957).  Sufficient
11 facts exist to support Setencich's three claims for Association Discrimination, Fraud and Negligent
12 Misrepresentation.  The Association Discrimination and Negligence Misrepresentation claims have
13 been sufficiently pled.  As to the Fraud claim, leave to amend is requested to provide the specifics to
14 the fraud as articulated in *Lazar*.  ARC has brought a motion based exclusively on non-9th Circuit
15 cases interpreting the Americans With Disabilities Act ("ADA") and not the FEHA, on which
16 Setencich's discrimination claim is based.

17 The Federal Rules of Civil Procedure govern the sufficiency of a pleading in a federal action,
18 even those based on diversity. (*FSLIC v. Texas Real Estate Counselors* 995 F.2d 261, 269-270 (5th
19 Cir. 1992.)  The Rules are extremely liberal and are designed specifically to minimize disputes over
20 pleading technicalities.  (See FRCP 1, 8(f), and *Conley, supra*, at 47-48.)

21 Federal Rules provide for notice pleading.  The pleadings need not allege facts constituting
22 the claim for relief or defense.  They need only give fair notice of the pleader's claim so the opposing
23 party can respond, undertake discovery and prepare for trial.  (See *Conley v. Gibson*, *supra*, 355 U.S
24 at 47-48). "[F]ederal Courts and litigants must rely on summary judgment and control of discovery to
25 weed out unmeritorious claims . . ." (*Leatherman v. Tarrant County Narcotics Intelligence &*
26 *Coordination Unit*, 507 U.S. 163 (1993).)  Unlike the practice in many states, the Federal Rules do
27 not draw distinctions between pleading facts, ultimate facts or conclusions of law. (Schwarzer,
28 Tashima & Wagstaffe, CAL. PRAC. GUIDE: CIV PRO BEFORE TRIAL (The Rutter Group 2002)

1  8:27; pp. 8-6.) Setencich properly pleads the necessary facts as to the first and third claim to put
2  ARC on notice of the claim brought against it. As to the fraud claim, facts exist to meet the
3  specificity requirements under California law.
4      In ruling on a motion to dismiss, all allegations of material fact are taken as true and
5  construed in the light most favorable to the non-moving party. (*Id*.) The plaintiff is not held to a
6  "heightened pleading standard." (*Swierkiewicz v. Sorema*, N.A. 534 U.S. 506,515, 152 L.Ed. 2d 1
7  (2002).) If the Court should find that Setencich failed to provide sufficient allegations to state a
8  claim for which relief may be granted, respectfully request the Court grant leave to amend. A
9  District Court should grant leave to amend even if no request to amend the pleadings was made,
10 unless it determines that the plaintiffs cannot be cured by the allegations of other facts. (*Lopez v.
11 Smith*, 2003 F.3d 1122,1127 (9th Cir. 2000).)

12     **B.    Association Discrimination**

13     Setencich does not oppose Brown's request to dismiss this claim. Regardless, under *Janken
14 v. G.M. Hughes Electronics*, 46 Cal App 4th 55 (1996) individual supervisors or manager can not be
15 liable for discrimination under FEHA. As a result, the Association Discrimination against Brown is
16 GRANTED.

17     **C.    Fraud**

18     Setencich provides the circumstances of Defendants' fraud with specificity in his First
19 Amended Complaint sufficient to defeat Defendant's motion. Defendant Brown relies on stock
20 security cases, which require a higher standard of specificity in pleading based on the Private
21 Securities Litigation Reform Act. (See Defendant's moving papers citing *Desaigoudar v. Meyercord*
22 223 F.3d 1020, 1022 (9th Cir. 2000)
23     Federal Rule of Civ. Procedure 9(b) provides:

24
25         . . . In all averments of fraud or mistake, the *circumstances* constituting fraud
            or mistake shall be stated with particularity, *malice, intent, knowledge, and other
            condition of mind of a person may be averred generally*. (Emphasis added)
26
27     "The purpose of FRCP 9(b) is to provide notice, not to test the factual allegations of the
28 claim." *(Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406, 414 n.2

1  (3d Cir.2003)). Setencich does plead the circumstances constituting the fraud with particularity to put

2  defendant on notice.  The First Amended Complaint provides,

3
4        Defendants made specific representations that it intended to hire Plaintiff which brought plaintiff down to Southern California on three occasions.  During Plaintiff's first visit, he informed defendants that he had been convicted of filing a
5  false tax return in 1997..with tax consequences of less than $10,000.00. First Amended Complaint ("FAC") ¶24
6
7   In late 2005, Defendant Brown took Setencich aside, put his arm around him and told Setencich they had worked with people with criminal backgrounds before; they liked to give people second chances; they hire people for what they can bring to the table;
8  and they wanted to hire Plaintiff.  Brown reiterated this to Plaintiff in approximately March, 2006.  Browning also told Plaintiff that his criminal background would not
9  impede his hire.  These statements were republished to Setencich and others, confirming he would be hired, until approximately the summer of 2006. FAC ¶25
10

11      In addition to providing the circumstances of the fraud with particularity, Setencich also pleads

12  generally to malice and animus of ARC's managing agents. While the 'actual fraud alleged must be

13  stated with particularity the requisite intent of the alleged [perpetrator of the fraud] need not be

14  alleged with great specificity. *Wight v. Bankamerica Corp.* 219 F.3d 79, 91 (2d Cir. 2000) FRCP

15  9(b).  The Court in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,1418 (3d Cir.1997)

16  provides

17      "The normally rigorous particularity rule has been relaxed somewhat where the factual

18  information is peculiarly within the defendant's knowledge or control. But even under a relaxed

19  application of FRCP 9(b), boilerplate and conclusory allegations will not suffice.  While state of

20  mind may be averred generally, plaintiffs must still allege facts that show the court their basis for

21  inferring that the defendants acted with 'scienter.'" *See also Corley v. Rosewood Care Ctr., Inc.*,

22  142 F.3d 1041,1051 (7th Cir.1998).

23      Here, Setencich Plaintiff alleges on information and belief that...at all times relevant herein,

24  Defendants, and each of them, have actively participated in the fraud, misrepresentation against

25  plaintiff  because of his association with Jackson, who has a disability under FEHA and who has

26  been subjected to discrimination with his disability as a motivating factor. FAC ¶11.

27      The decision was made to hire Setencich.  However, when defendants learned of Setencich's association with Jackson, who they were attempting to force out given his
28  use of family medical leave, disability, and protected activity, they attempted to

[Proposed] Order Denying Brown's Motion to Dismiss First Amended Complaint    4

1 | withdraw the decision. FAC ¶15.

2 | Setencich provides sufficient specificity as to the circumstances of Brown's fraud and his
3 | requisite animus and as a result, the Court denies dismissal of this claim.

4 | **D.     Negligent Misrepresentation**

5 | The elements of a claim for negligent misrepresentation are as follows: (1) the defendant
6 | must have made a representation as to a past or existing material fact; (2) that representation must
7 | have been untrue; (3) regardless of his actual belief defendant must have made the representation
8 | without any reasonable ground for believing it to be true; (4) the representation must have been
9 | made with the intent to induce the plaintiff to rely upon it ;  (5) the plaintiffs must have been
10 | unaware of the falsity of the representation; (6) the plaintiffs must have acted in justifiable reliance
11 | upon its truth; and (7) the plaintiffs must have sustained damages as a result of such reliance. *See In*
12 | *Re Heritage Bond Litigation v. Kasirer, et al.* 289 F Supp 1132 (2003) " Where the defendant makes
13 | false statements, honestly believing they are true, but without reasonable ground for such belief, he
14 | may be liable for negligent misrepresentation. *Bily v. Arthur Young & Co.* , 3 Cal 4th 370, 407(1992)

15 | Brown moves to dismiss this claim contending Setencich has not alleged a misrepresentation
16 | to a past or existing fact, intent to induce reliance, justifiable reliance or damages.  However,
17 | Setencich pleads: Defendants made specific representations that it wanted to hire Setencich with
18 | confirmation he would be hired.  (FAC ¶25)These statements were republished to Setencich and
19 | others, confirming he would be hired.  The statements were misrepresentations of an existing fact
20 | since at the time they were made defendant had not intent on hiring plaintiff.

21 | Sentencich pleads intent to induce reliance and justifiable reliance in FAC ¶2, 8, 11, 14, 24-
22 | 37 and 31.  Finally, Setencich pleads his damages.

23 | > Defendants' representations as relied from above, including plaintiff being told he was to be hired, where plaintiff lost income, not only in travel and time, but
24 | > made it so he was unable to secure other employment FAC .¶32

25 | As a result, the claim is sufficiently pled and the motion as to this claim is DENIED.

26 | **IV.**

27 | **CONCLUSION**

28 | The Court, having considered the pleadings submitted by the parties and oral argument from

counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. The motion as to the second and third claims for Fraud and Negligent Misrepresentation is DENIED.
2. The Association Discrimination Claim against Steve Brown ONLY, is GRANTED

DATED:_____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE