RONALD J. KLEPETAR, Bar No. 52535
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:        rklepetar@bakerlaw.com
Email:        sshadi@bakerlaw.com

Attorneys for Defendant
AMERICAN RED CROSS BLOOD SERVICES
SOUTHERN CALIFORNIA REGION, Improperly
Sued As The American Red Cross, STEVE
BROWN and ROBERT BROWNING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>                    Defendants. | Case No.  C07-03688 SBA<br><br>[Honorable Saundra Brown Armstrong]<br><br>**DEFENDANT STEVE BROWN'S REPLY REGARDING HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:         February 12, 2008<br>Time:         1:00 p.m.<br>Courtroom:  3<br><br>[Complaint Filed:  March 13, 2007<br>First Amended Complaint Filed: November 8, 2007] |

077975, 000039, 501702773.1          - 1 -

STEVE BROWN'S REPLY REGARDING MOTION TO DISMISS

I.   **Brown's Purported "Intent" Not to Hire Plaintiff Cannot Be Inferred From the Facts Alleged in the First Amended Complaint**

Notwithstanding Plaintiff's protestations regarding the sufficiency of his pleadings of fraud, Plaintiff has not alleged any facts from which it can be concluded that Steve Brown ("Brown") did not intend to hire Jackson at the time he advised Plaintiff that he wanted to hire him.

While Plaintiff's opposition brief relies on the "Defendants'" alleged animus against Jackson, this does not bear out Plaintiff's conclusion that Brown was not interested in hiring him at the time he told Plaintiff that he would like to do so. Any purported lack of intent to hire Plaintiff at the time Brown advised Plaintiff that "they wanted to hire Plaintiff" is contradicted by Plaintiff's allegations that a decision was made to hire Plaintiff which was then withdrawn after "the defendants" learned of Plaintiff's association with Jackson. (*See* FAC, ¶¶ 15 and 17). Plaintiff's own allegations are that the defendants' *original intent was to hire Plaintiff* and that an affirmative decision to act on this intent was made and then later changed. Moreover, even if these internal contradictions were absent from Plaintiff's position, Plaintiff has not pointed to any relevant authority to support his conclusion that allegations of animus toward Jackson can be construed as evidence of Brown's state of mind.

Based on Plaintiff's own allegations, it is also clear that what Plaintiff truly relies on to establish that Brown did not want to hire him is the fact that the defendants changed their mind and did not hire him. However, the fact that Plaintiff ultimately was not hired is not enough to establish Brown's personal intent at the time he allegedly indicated that Plaintiff would be hired. *Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 481.

Finally, while Plaintiff has conceded that Brown cannot be held personally liable for association discrimination, he has not addressed that his claim of fraud is an attempted end run around to the preclusion of individual liability for discrimination under FEHA. As discussed in Brown's motion to dismiss, the crux of Plaintiff's purported fraud claim is his effort to recover damages for ARC's decision not to hire Plaintiff for "illegal reasons" based on Plaintiff's relationship with Jackson. (*See* FAC, ¶26). Describing an allegedly discriminatory hiring

decision as "fraud" does not make Brown liable for conduct he could not otherwise be held liable for as a matter of law.

Because Plaintiff's allegations are insufficient to state a cause of action for fraud and because it is inappropriate to hold Brown personally liable for a hiring decision, Brown's motion to dismiss the second purported cause of action should be sustained without leave to amend.

## II. Plaintiff's Creative Arguments Notwithstanding, Plaintiff Has Failed to State a Claim for Negligent Misrepresentation Against Brown

As discussed in Brown's motion to dismiss, if Brown made any representation to Plaintiff that he would be hired, this would have involved a promise to perform at some future time. To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. *Tarmann v. State Farm Mutual Automobile Insurance Co.* (1991) 2 Cal.App.4th 153, 158. Promises to perform at a future time are not actionable as negligent misrepresentation. *See Id.* at 158-159. ("[T]he court properly sustained the demurrer" where, "the gist of both Tarmann's fraud and negligent misrepresentation claims is that State Farm said it *would* pay for her repairs *immediately upon their completion*, it failed to do so, Tarmann could not complete the repairs or redeem her vehicle, and she lost the use of it until State Farm settled the case;)" (Emphasis in original).

Even if Brown's alleged representation of a plan to act in the future is considered a statement of an existing fact, Plaintiff's claim for negligent misrepresentation against Brown still fails. As stated in *Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407, a case Plaintiff relies upon in his opposition brief, a party may be liable for negligent misrepresentation when it makes a false statement "honestly believing they are true, but without reasonable ground for belief." Here, Plaintiff has not alleged that Brown honestly believed the truth of the statement that Plaintiff would be hired; to the contrary, Plaintiff's opposition brief describes Brown's statement that the defendants wanted to hire Plaintiff, with confirmation that he would be hired, as "misrepresentations of an existing fact" because "at the time they were made *defendant had not intent [sic] on hiring Plaintiff.*" (Opposition, p.6, lines 2-3). Such allegations do not state a claim for negligent misrepresentation. *See Tarmann, supra,* 2 Cal.App.4th at 159 (holding that an

1  alleged false promise cannot be pled as a negligent misrepresentation which constitutes making a
2  promise with an honest but unreasonable intent to perform).  Accordingly, Plaintiff's third
3  purported cause of action should be dismissed as to Brown.

5  Dated:  January 29, 2008                    BAKER & HOSTETLER LLP

                                               *[signature]*
                                               RONALD J. KLEPETAR
                                               SABRINA L. SHADI
                                               Attorneys for Defendants
                                               THE AMERICAN RED CROSS BLOOD
                                               SERVICES, STEVE BROWN and ROBERT
                                               BROWNING

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On January 29, 2008, **DEFENDANT STEVE BROWN'S REPLY REGARDING HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** will be served on the person(s) listed below:

[X] via electronic mail by the United States District Court – Live System.

[ ] by placing the document(s) listed above in a sealed envelope and causing postage to be placed thereon, fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 29, 2008, at Los Angeles, California.

_____
CHARLENE E. STAMPS

077975, 000039, 501702773.1