1  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, CA  90025-7120
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:        rklepetar@bakerlaw.com
5  Email:        sshadi@bakerlaw.com

6  Attorneys for Defendant
   AMERICAN RED CROSS BLOOD SERVICES
7  SOUTHERN CALIFORNIA REGION, Improperly
   Sued As The American Red Cross, STEVE
8  BROWN and ROBERT BROWNING

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  BRIAN SETENCICH,                    Case No.  C07-03688 SBA

13            Plaintiff,               [Honorable Saundra Brown Armstrong]

14       v.                            **DEFENDANT AMERICAN RED CROSS
                                       BLOOD SERVICES SOUTHERN
15  THE AMERICAN RED CROSS, a non-     CALIFORNIA REGION'S REPLY
    profit corporation, STEVE BROWN,   REGARDING ITS MOTION TO DISMISS
16  ROBERT BROWNING and DOES 1         PLAINTIFF'S FIRST AMENDED
    through 30, inclusive,             COMPLAINT**

17            Defendants.              **Date:        February 12, 2008**
                                       **Time:        1:00 p.m.**
18                                     **Courtroom:    3**

19
                                       **[Complaint Filed:  March 13, 2007**
20                                     **First Amended Complaint Filed:  November
                                       8, 2007]**
21

22

23

24

25

26

27

28

- 1 -

AMERICAN RED CROSS' REPLY

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

I.      **Despite the Opportunity to Amend, Plaintiff Still Has Not and Cannot Allege Sufficient Facts to Support a Claim for Association Discrimination**

A.      **Plaintiff's Citation to Unpled Facts Does Not Resolve the Illogical Conclusions Reached In Plaintiff's Amended Complaint**

Plaintiff Brian Setencich's claim for association discrimination should be dismissed because the conclusion that American Red Cross Blood Services Southern California Region's ("ARC") decision not to hire him was motivated by his association with Jackson is refuted by the facts alleged in Plaintiff's own complaint. Specifically, as discussed in ARC's motion to dismiss, Plaintiff's accusation that ARC did not hire him because ARC was motivated by a discriminatory animus toward Jackson due to Jackson's disability is inconsistent with the fact that Plaintiff was making a concerted effort to fill the Communication Manager position in order to assist Jackson. (See Motion to Dismiss, p.3, line 21 to p. 4, line 7 and First Amended Complaint ("FAC"), ¶¶ 2 and 16).

In an attempt to address this point in his opposition brief, Plaintiff has submitted a declaration from his attorney regarding ARC's position on Jackson's status as a managing agent. Relying on his counsel's declaration, Plaintiff has attempted to salvage the FAC by stating, in his opposition brief, that Jackson was able to hire his own staff and that Jackson recruited Plaintiff to fill the position of Communications Manager. This representation of Jackson as the sole person who made efforts to fill the Communication Manager position differs significantly from the allegations of the original and amended complaints. Specifically, the FAC does not say that Plaintiff was recruited by Jackson alone, but rather that "[Setencich] was recruited by *defendants* to work as the Communication Manager . . . ." (FAC, ¶2) (Emphasis added). Plaintiff has named ARC, Steve Brown and Robert Browning—not Jackson—as the defendants in this matter. Further, Plaintiff's description of the recruitment process includes interviews by "decision-makers" and a "hiring panel"; however, neither the original or amended complaint has identified Jackson as a member of either of these groups.   (*See* FAC, ¶ 15).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

The facts alleged in Plaintiff's pleadings do not lead to the conclusion that he has suffered association discrimination. The additional facts he has attempted to add through his counsel's declaration and his opposition brief contradict the allegations in his complaint and therefore do not warrant consideration as support for his claims nor a further opportunity to amend his pleadings. Accordingly, Plaintiff's first cause of action for association discrimination should be dismissed without leave to amend.

**B.    The Court May Rely On ADA Cases In Analyzing Plaintiff's FEHA Claim**

While it is true that FEHA is broader in certain respects than the ADA, the distinctions between these statutes present no meaningful differences with regard to Plaintiff's association discrimination claim. Accordingly, the court may look to decisions interpreting the ADA, such as *Larimer v. International Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004), in interpreting parallel provisions in FEHA in order to determine that the past relationship between Plaintiff and Jackson is not within the intended scope of FEHA's prohibition on association discrimination. *See, e.g. Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 224 n. 7 (1999) ("decisions interpreting [the ADA] may be useful in deciding cases under the FEHA.") and *Pensinger v. Bowsmith, Inc.*, 60 Cal.App.4th 709 (1998) ("Because the FEHA is modeled after . . . the Americans with Disabilities Act (ADA) 42 U.S.C.A. § 12101 et seq.), interpretations of these laws are 'particularly useful 'to guide the construction'' of the California statute.")[1] Further, Plaintiff has not cited to any cases which suggest or apply a different standard in FEHA association discrimination cases than the one applied in ADA-based cases.

ARC's argument that the prior relationship between Jackson and Plaintiff is not the type anti-discrimination statutes are aimed to protect is valid and warrants dismissing Plaintiff's first purported cause of action for association discrimination.

/ / /

/ / /

/ / /

---
[1]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    II.    **ARC's Purported "Intent" Not to Hire Plaintiff Cannot Be Inferred From the Facts**

2    **Alleged in the First Amended Complaint**

3    Notwithstanding Plaintiff's protestations regarding the sufficiency of his pleadings of

4    fraud, he has not alleged any facts from which an "intent" not to hire Plaintiff at the time

5    "Defendants" expressed an intent to hire him can be inferred. While Plaintiff's opposition brief

6    relies on the "Defendants'" alleged animus against Jackson, this does not bear out Plaintiff's

7    conclusion that ARC never intended to hire him. Any purported lack of intent at the time ARC

8    represented an interest in hiring Plaintiff is contradicted by Plaintiff's own allegations.

9    Specifically, Plaintiff's allegations show that ARC's *original intent was to hire Plaintiff* and that

10   an affirmative decision to act on this intent was made and then later changed. (*See* FAC, ¶¶ 15

11   and 17). The contradictions within Plaintiff's pleadings notwithstanding, Plaintiff also has not

12   pointed to any relevant authority to support his conclusion that allegations of animus toward

13   Jackson can be construed as evidence of the state of mind of the individuals who indicated an

14   interest in hiring Plaintiff.

15   Based on Plaintiff's own allegations, it is also clear that what Plaintiff truly relies on to

16   establish that ARC's intentions to hire him were false is the fact that the ARC changed its mind

17   and did not hire him. However, the fact that Plaintiff ultimately was not hired is not enough to

18   establish ARC's intent at the time it allegedly indicated that Plaintiff would be hired. *Magpali v.*

19   *Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 481.

20   Because Plaintiff's allegations are insufficient to state a cause of action for fraud, ARC's

21   motion to dismiss the second purported cause of action should be sustained without leave to

22   amend.

23   III.   **Plaintiff's Creative Arguments Notwithstanding, Plaintiff Has Failed to State a**

24   **Claim for Negligent Misrepresentation**

25   As discussed in ARC's motion to dismiss, if ARC made any representation to Plaintiff

26   that he would be hired, this would have involved a promise to perform at some future time. To be

27   actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts.

28   *Tarmann v. State Farm Mutual Automobile Insurance Co.* (1991) 2 Cal.App.4th 153, 158.

- 4 -

1    Promises to perform at a future time are not actionable as negligent misrepresentation. *See Id.* at

2    158-159. ("[T]he court properly sustained the demurrer" where, "the gist of both Tarmann's

3    fraud and negligent misrepresentation claims is that State Farm said it *would* pay for her repairs

4    *immediately upon their completion*, it failed to do so, Tarmann could not complete the repairs or

5    redeem her vehicle, and she lost the use of it until State Farm settled the case;)" (Emphasis in

6    original).

7        Even if ARC's alleged representations of a plan to act in the future are considered

8    statements of existing fact, Plaintiff's claim for negligent misrepresentation against ARC still

9    fails. As stated in *Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407, a case Plaintiff relies

10   upon in his opposition brief, a party may be liable for negligent misrepresentation when it makes

11   a false statement "honestly believing they are true, but without reasonable ground for belief."

12   Here, Plaintiff has not alleged that ARC honestly believed the truth of the statement that Plaintiff

13   would be hired; to the contrary, Plaintiff's opposition brief describes ARC's statements regarding

14   its plan to hire Plaintiff as "misrepresentations of an existing fact" because "at the time they were

15   made *defendant had not intended on hiring Plaintiff*." (Opposition, p.8, lines 9-10). Such

16   allegations do not state a claim for negligent misrepresentation. *See Tarmann, supra,* 2

17   Cal.App.4th at 159 (holding that an alleged false promise cannot be pled as a negligent

18   misrepresentation which constitutes making a promise with an honest but unreasonable intent to

19   perform). Accordingly, Plaintiff's third purported cause of action should be dismissed.

20                                          Respectfully submitted,

21   Dated:   January 29, 2008             BAKER & HOSTETLER LLP

22

23                                         _____

24                                         RONALD J. KLEPETAR
                                           SABRINA L. SHADI
25                                         Attorneys for Defendants
                                           THE AMERICAN RED CROSS BLOOD
26                                         SERVICES, STEVE BROWN and ROBERT
                                           BROWNING
27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## PROOF OF SERVICE

2

3     I am employed in Los Angeles County, California.  I am over the age of eighteen years and not
a party to the within-entitled action.  My business address is 12100 Wilshire Boulevard, 15th
Floor, Los Angeles, California  90025-7120.  On January 29, 2008, **DEFENDANT
4     AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA
REGION'S REPLY REGARDING ITS MOTION TO DISMISS PLAINTIFF'S FIRST
5     AMENDED COMPLAINT** will be served on the person(s) listed below:

6

7     ☒          via electronic mail by the United States District Court – Live System.

8     ☐          by placing the document(s) listed above in a sealed envelope and causing postage
to be placed thereon, fully prepaid, in the United States mail at Los Angeles,
9               California, addressed as set forth below.

10    ☐          by causing the document(s) listed above to be personally delivered to the person(s)
at the address(es) set forth below.
11

      Jill P. Telfer, Esq.
12    LAW OFFICES OF JILL P. TELFER
      A Professional Corporation
13    331 J Street, Suite 200
      Sacramento, CA 95814
14    Phone: (916) 446-1916
      Fax: (916) 446-1726
15    Email: jilltelfer@yahoo.com

16

17        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
18    day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
19    meter date is more than one day after date of deposit for mailing in affidavit.

20        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
21

22        Executed on January 29, 2008, at Los Angeles, California.

23

24                                        _Charlene C. Stamps_

25                                           CHARLENE E. STAMPS

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES