JILL P. TELFER, Bar No. 145450
LAW OFFICES OF JILL P. TELFER
331 J Street, Suite 200
Sacramento, California 95814
Telephone:      (916) 446-1916
Facsimile:      (916) 446-1726
Email:          jilltelfer@yahoo.com

Attorneys for Plaintiff
BRIAN SETENCICH

RONALD J. KLEPETAR, Bar No. 52535
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025
Telephone:      (310) 820-8800
Facsimile:      (310) 820-8859
Email:          rklepetar@bakerlaw.com
                sshadi@bakerlaw.com

Attorneys for Defendants
AMERICAN RED CROSS BLOOD SERVICES
SOUTHERN CALIFORNIA REGION, Improperly
Sued As The American Red Cross, STEVE
BROWN and ROBERT BROWNING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>                    Defendants. | Case No.  C 07-03688 SBA<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date:        February 12, 2008<br>Time:        1:00 p.m.<br>Judge:      Hon. Saundra B. Armstrong |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
ORLANDO

# I.

## JURISDICTION AND SERVICE

Diversity jurisdiction under 28 U.S.C. §1332 exists because the American Red Cross ("ARC") is a federally chartered instrumentality of the United States and a corporation with its principal place of business in the District of Columbia (26 U.S.C. §300101). All parties have been served. On November 27, 2007, each of the defendants filed motions to dismiss the first amended complaint which are set to be heard on February 12, 2008. The parties have stipulated to dismiss defendant Robert Browning.

# II.

## DESCRIPTION OF THE CASE

**1.      Brief description of events**

**Plaintiff**: Plaintiff, Brian Setencich ("Setencich") was recruited by the Director of Public Affairs and Communication, Marc Jackson to be ARC's Communications Manager. Marc Jackson was diagnosed with a life threatening medical condition in approximately 2003, which required accommodation. At the time of the recruitment of Setencich, Marc Jackson was being set up to fail with inadequate staff support to accomplish his responsibilities, and denial of accommodations.

Setencich participated in three rounds of interviews over a nine month period of time. The interview panel determined that Setencich was the most qualified candidate and recommended his hire. When Marc Jackson submitted the paperwork to hire Setencich, Vice President Steve Brown prevented the hire, even though Marc Jackson had previously determined who he hired for his department. After Marc Jackson and his physician complained about the lack of accommodation and discrimination, Defendant Steve Brown verbally agreed to give Setencich a fair opportunity, promising that he and Human Resource Director Robert Browning would interview Setencich.

When Steven Brown interviewed Setencich, he told Setencich that his criminal record of filing a false tax return would not impede his hire. However, defendants, including Vice President Steve Brown never intended on hiring Setencich given his association with Marc

Jackson, who was targeted to be constructively discharged due to his disability and protected activity.  The pretextual reason for not hiring Setencich was his criminal record.  However, the defendants, including Steve Brown, approved of the hire of Angie Turner to be a nurse in the Southern California region, even though she had a felony conviction for her involvement in a heroin ring.

As a result of defendants conduct, Setencich has been harmed in that he did not seek alternative employment during the lengthy meet and greet process, given the representations from the defendants. In addition, Setencich suffered emotion distress damages.

**Defendants**:  On June 1, 2005, Setencich submitted an application for employment to ARC based on a referral from his former colleague Marc Jackson, who had worked on Setencich's campaign and as his chief of staff when Setencich became a member of the California legislature.  Generally, Human Resources oversees the application, interview and hiring process.  However, with regard to Setencich, Jackson himself arranged for interviews without going through normal channels or waiting for HR to go through its normal pre-interview screening process.  Advising Setencich that he would not be involved in recommending his hiring (in order to avoid the appearance of favoritism), Jackson arranged for Setencich to meet with members of his staff and Dr. Pekerol, who Jackson worked with as a member of an ARC advisory board and sought treatment from in connection with the illness which caused Jackson's disability.

After advising Jackson that Setencich would not be hired due to his felony tax evasion conviction, Bob Browning and Steve Brown each agreed to meet with Plaintiff as a courtesy to Jackson but immediately thereafter confirmed to Jackson that Setencich would not be hired.  Brown denies that he told Setencich that his conviction would not impede his hiring.  ARC policy states that convictions within the 7 year period preceding an application which pertain to financial crimes could be a basis for a decision not to hire.  Further, in contrast to the lack of any connection between Ms. Turner's decades old conviction and her duties at ARC, Setencich, who was a public figure, had only recently been convicted and served time for a crime involving fraud and was applying for a job in which he would be interfacing with the media and other members of the public as a representative of ARC.  Contrary to Setencich's speculative allegations, the

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
ORLANDO

decision not to offer employment to Plaintiff was not related to his association with Mr. Jackson, who is still employed by ARC and has not been targeted for constructive or actual discharge based on his disability or for engaging in protected activity.

ARC denies that Plaintiff has been harmed in any amount or manner by ARC. Plaintiff was not employed or looking for other work at the time he applied to work for ARC. In the event Plaintiff did not seek alternative employment at any period when he was seeking employment by ARC, Plaintiff's choice was not justified by any conduct on the part of ARC.

**2.     Factual issues that are in dispute:**

(a)    That ARC denied Setencich employment as a result of his association with current Director of Public Affairs and Communication, Marc Jackson because of Jackson's disability and protected activities.

(b)    That Setencich participated in three rounds of interviews;

(c)    That "the panel" recommended the hire of Setencich as the most qualified candidate;

(d)    That defendants represented to Setencich that he was hired; and

(e)    That defendants represented to Setencich that his prior criminal conviction would not impede his hire.

**3.     The principal legal issues in dispute:**

(a)    Whether ARC subjected Setencich to unlawful employment discrimination in violation of the Fair Employment and Housing Act ("FEHA");

(b)    Whether defendants committed fraud by allegedly representing to Setencich he was hired and his prior criminal conviction would not impede his hire;

(c)    Whether defendants engaged in making negligent misrepresentations by allegedly representing to Setencich he was hired and his prior criminal conviction would not impede his hire; and

(d)    Whether any conduct by any of the defendants caused any compensable damage to Setencich.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
ORLANDO

1    **4.     Other factual issues:**

2    Not known at this time.

3    **5.     Joinder of other parties:**

4    Plaintiff will seek to amend his Complaint or bring a motion to consolidate if Marc

5    Jackson decides to sue ARC.  Plaintiff is informed and believes Marc Jackson has perfected his

6    right to sue by filing a Department of Fair Employment and Housing ("DFEH") Complaint but is

7    unable to confirm whether or not Marc Jackson intends on bringing a lawsuit against ARC. The

8    defendants would likely oppose any effort to join Marc Jackson in the instant action or

9    consolidate this action with any brought by Mr. Jackson.  Among other things, such a joinder or

10   consolidation would cause unnecessary delay in proceeding with the instant action and

11   accordingly would unduly prejudice the defendants.

12   **6.     Evidence Preservation:**

13   **Plaintiff**:  Plaintiff has retained all documents that he has created, received or obtained in

14   connection with the facts alleged in the complaint.

15   **Defendants**:  Counsel for ARC is coordinating with ARC's Human Resources, Legal and

16   IT departments to preserve all evidence relevant to issues reasonably evident in this action.

17   **7.     Consent to assignment of a U.S. Magistrate Judge:**

18   The defendants do not consent to the assignment of a U.S. Magistrate for this matter.

19                                   **III.**

20                               **MOTIONS**

21   Plaintiff intends on filing a motion for leave to amend his complaint or consolidate if

22   Marc Jackson decides to sue ARC.  Each of the defendants has filed a motion to dismiss the entire

23   action.  In the event this action survives beyond the pleading stage, the defendants anticipate

24   filing a motion for summary judgment or partial summary judgment.

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
ORLANDO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
ORLANDO

**IV.**

**DISCOVERY**

The parties propose the following discovery plan:

| Activities | Completed By |
|---|---|
| Fact Discovery | 30 days before trial |
| Expert disclosures | 90 days before trial |
| Expert depositions | 30 days before trial |

The parties request court permission to be able to stipulate to changes to discovery procedures that do not affect court deadlines without seeking court approval.

**V.**

**RELIEF**

Plaintiff seeks compensatory damages, punitive damages and attorney fees under California Government Code Section 12965(b). The defendants assert that if Plaintiff could establish liability, his wage recovery should be limited to the period from the date of his termination until the date he commenced other employment, less any appropriate adjustments for insufficient mitigation efforts or periods when he was not able to work. Any medical costs should be calculated based on Plaintiff's ability to establish that unlawful conduct by the defendants caused Plaintiff to incur the costs and based on his ability to establish the legitimacy of the costs.

**VI.**

**SETTLEMENT AND ADR**

The parties agree to an early mediation in front of a Court-appointed mediator.

**VII.**

**TRIAL SCHEDULE**

1.      **Requested trial date**

        January 12, 2009

2.      **Anticipated trial length**

        This case will be tried by jury and is anticipated to be a 7 day jury trial.

1

## VIII.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON

The parties have filed their disclosures of non-party interested entities or persons pursuant to Civil L.R. 3-16.


DATED: February 1, 2008            LAW OFFICES OF JILL P. TELFER
                                    *A Professional Corporation*



                                    /s/ Jill P. Telfer_____
                                    JILL P. TELFER
                                    Attorney for Plaintiff
                                    **BRIAN SETENCICH**


DATED: February 1, 2008            BAKER & HOSTETLER LLP



                                    /s/ Sabrina L. Shadi_____
                                    SABRINA L. SHADI
                                    Attorneys for Defendant AMERICAN RED
                                    CROSS BLOOD SERVICES SOUTHERN
                                    CALIFORNIA REGION, STEVE BROWN and
                                    ROBERT BROWNING



## CASE MANAGEMENT ORDER

The Case Management and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition, the court orders:




Dated: _____       _____
                                 JUDGE, UNITED STATES DISTRICT COURT

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
ORLANDO