1  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, CA  90025-7120
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:        rklepetar@bakerlaw.com
5  Email:        sshadi@bakerlaw.com

6  Attorneys for Defendants
   AMERICAN RED CROSS BLOOD
7  SERVICES SOUTHERN CALIFORNIA
   REGION, Improperly Sued As The American
8  Red Cross and STEVE BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BRIAN SETENCICH, | Case No.  C07-03688 SBA |
|---|---|
| Plaintiff, | [Honorable Saundra B. Armstrong, Department 3] |
| v. | **DEFENDANT STEVE BROWN'S ANSWER TO BRIAN SETENCICH'S FIRST AMENDED COMPLAINT** |
| THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive, | |
| Defendants. | Complaint Filed:  March 13, 2007<br>First Amended Complaint Filed:  November 8, 2007<br>Trial:  None |

077975, 000039, 501796040.1         - 1 -

Defendant Steve Brown ("Brown'") answers and responds to plaintiff Brian Setencich's ("Setencich") First Amended Complaint as follow:

1. Answering paragraph 1, because paragraph 1 is a statement regarding the relief sought by Setencich and the statutes upon which he has relied in bringing this action, Brown can neither admit nor deny the allegations of this paragraph.

2. Answering paragraph 2, Brown is informed and believes that Marc Jackson ("Jackson"), the Director of Communications and Marketing for American Red Cross Blood Services' West Division invited Setencich to apply for the position of Communication Manager and that, if hired, Setencich would have been working directly for Jackson. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, accordingly, denies each such allegation.

3. Answering paragraph 3, Brown is informed and believes that since 1997, Jackson, along with his staff in the Communications and Marketing Department, has won national awards related to work they have performed for American Red Cross Blood Services Southern California Region / West Division. Except as expressly admitted or stated on information and belief, Brown denies the allegations in this paragraph.

4. Answering paragraph 4, Brown is informed and believes that the allegations of this paragraph are true.

5. Answering paragraph 5, Brown denies the allegations of this paragraph.

6. Answering paragraph 6, Brown is informed and believes that Jackson and Setencich met in the early 1990's. Brown is further informed and believes that Setencich made Jackson his Chief of Staff when Setencich was elected to the State Assembly in 1994. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, accordingly, denies each such allegation.

7. Answering paragraph 7, Brown is informed and believes that Jackson began working for American Red Cross Blood Services in 1997. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, accordingly, denies each such allegation.

8. Answering paragraph 8, Brown denies the allegations in this paragraph.

9. Answering paragraph 9, Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies each such allegation in this paragraph.

10. Answering paragraph 10, Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies each such allegation in this paragraph.

11. Answering paragraph 11, Brown denies the allegations in this paragraph.

12. Answering paragraph 12, the records maintained by the Department of Fair Employment and Housing speak for themselves.

## COUNT I

## ASSOCIATION DISCRIMINATION

13. Brown realleges and incorporates by reference its answers contained in paragraphs 1 through 12 of the first amended complaint.

14. Answering paragraph 14, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

15. Answering paragraph 15, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

16. Answering paragraph 16, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

17. Answering paragraph 17, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

18. Answering paragraph 18, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

19. Answering paragraph 19, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

20. Answering paragraph 20, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

1    21.    Answering paragraph 21, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

22.    Answering paragraph 22, pursuant to the Court's Order dated February 14, 2008, the claim for Association Discrimination has been dismissed as to Brown.

## COUNT II

### FRAUD

23.    Brown realleges and incorporates by reference its answers contained in paragraph 1 through 22 of the first amended complaint.

24.    Answering paragraph 24, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

25.    Answering paragraph 25, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

26.    Answering paragraph 26, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

27.    Answering paragraph 27, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

28.    Answering paragraph 28, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

29.    Answering paragraph 29, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

30.    Answering paragraph 30, pursuant to the Court's Order dated February 14, 2008, the claim for Fraud has been dismissed as to all defendants.

## COUNT III

### NEGLIGENT MISREPRESENTATION

31.    Brown realleges and incorporates by reference its answers contained in paragraphs 1 through 30 of the first amended complaint.

32.    Answering paragraph 32, Brown denies the allegations in this paragraph.

33.    Answering paragraph 33, Brown denies the allegations in this paragraph.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  34. Answering paragraph 34, Brown denies the allegations in this paragraph.

2  35. Answering paragraph 35, Brown denies the allegations in this paragraph.

3  36. Answering paragraph 36, Brown denies the allegations in this paragraph.

4  37. Brown alleges the following as affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

38. Setencich's claims are barred by his failure to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(No Grounds for Punitive Damages)**

39. Brown is not guilty of malice, fraud or oppression against Setencich, and therefore, he is not entitled to punitive damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

40. If Setencich has suffered any injuries as alleged in the first amended complaint or otherwise, which Brown denies, then Setencich has failed to take reasonable steps to mitigate his alleged damages and any recovery in this action should be reduced to the extent that he failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Justifiable Reliance)**

41. Setencich's claim of alleged misrepresentation by Brown is barred because Setencich could not have justifiably or reasonably relied thereon.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Emotional Distress Damages)**

42. Brown's actions with respect to Setencich were neither extreme nor outrageous, and therefore, Setencich is not entitled to damages for emotional distress.

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (No Misrepresentation of Fact)

43. Setencich's claim based on alleged misrepresentations by Brown is barred because Brown did not make any misrepresentation of fact.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

44. The First Amended Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations, including those set forth in California Code of Civil Procedure Sections 337, 338, 339 or 340 and Government Code Sections 129609 and 12965(b).

## EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Further Defenses)

45. Brown hereby reserves the right to amend this pleading to include further affirmative defenses.

**WHEREFORE,** prays for judgment as follows:

1. That Setencich takes nothing by reason of the first amended complaint;
2. That Setencich's first amended complaint be dismissed with prejudice;
3. That judgment be rendered in favor of Steve Brown;
4. That Steve Brown be awarded costs of suit;
5. That Steve Brown be awarded reasonable attorneys' fees; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    6.    For such other and further relief as this Court may deem just and proper.

Dated: March 26, 2008            BAKER & HOSTETLER LLP

/s/ Sabrina L. Shadi
RONALD J. KLEPETAR
SABRINA L. SHADI
Attorneys for Defendants
AMERICAN RED CROSS BLOOD
SERVICES SOUTHERN CALIFORNIA
REGION and STEVE BROWN

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

077975, 000039, 501796040.1           - 7 -

STEVE BROWN'S ANSWER TO BRIAN SETENCICH'S FIRST AMENDED COMPLAINT

# **PROOF OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On March 26, 2008, I served a copy of the within document(s): **DEFENDANT STEVE BROWN'S ANSWER TO BRIAN SETENCICH'S FIRST AMENDED COMPLAINT**

☒ via electronic mail by the U.S. District Court – Live Systems

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, CA 95814
Phone: (916) 446-1916
Fax: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on March 26, 2008, at Los Angeles, California.

/s/ Charlene E. Stamps
CHARLENE E. STAMPS

077975, 000039, 501796040.1

PROOF OF SERVICE