JILL P. TELFER, Bar No. 145450
LAW OFFICES OF JILL P. TELFER
331 J Street, Suite 200
Sacramento, California 95814
Telephone: (916) 446-1916
Facsimile: (916) 446-1726
Email: jilltelfer@yahoo.com

Attorneys for Plaintiff
BRIAN SETENCICH

RONALD J. KLEPETAR, Bar No. 52535
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: rklepetar@bakerlaw.com
       sshadi@bakerlaw.com

Attorneys for Defendants
AMERICAN RED CROSS BLOOD SERVICES
SOUTHERN CALIFORNIA REGION, Improperly
Sued As The American Red Cross and STEVE
BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>        Plaintiff,<br><br>v.<br><br>THE AMERICAN RED CROSS, a non-profit corporation, STEVE BROWN, ROBERT BROWNING and DOES 1 through 30, inclusive,<br><br>        Defendants. | Case No. C 07-03688 SBA<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date: April 30, 2008<br>Time: 2:30 p.m.<br>Judge: Hon. Saundra B. Armstrong |

077975, 000039, 501851430.1

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

# I.

# JURISDICTION AND SERVICE

Diversity jurisdiction under 28 U.S.C. §1332 exists because the American Red Cross ("ARC") is a federally chartered instrumentality of the United States and a corporation with its principal place of business in the District of Columbia (26 U.S.C. §300101). All parties have been served.

# II.

# DESCRIPTION OF THE CASE

1. **Brief description of events**

**Plaintiff**: Plaintiff, Brian Setencich ("Setencich") was recruited by the Director of Public Affairs and Communication for the West Division, Marc Jackson to be ARC's Communications Manager. Marc Jackson was diagnosed with a life threatening medical condition in approximately 2003, which required accommodation. At the time of the recruitment of Setencich, Marc Jackson was being set up to fail with inadequate staff support to accomplish his responsibilities, and denial of accommodations.

Setencich submitted his application on June 1, 2005, and thereafter participated in three rounds of interviews over a ten month period of time. The initial interview panel determined that Setencich was the most qualified candidate and recommended his hire. When Marc Jackson submitted the paperwork to hire Setencich, Vice President Steve Brown prevented the hire, even though Marc Jackson had previously determined who he hired for his department. After Marc Jackson and his physician complained about the lack of accommodation and discrimination, Defendant Steve Brown verbally agreed to give Setencich a fair opportunity, promising that he and Human Resource Director Robert Browning would interview Setencich.

When Steven Brown interviewed Setencich, he told Setencich that his criminal record of filing a false tax return would not impede his hire and that ARC believed in giving people second chances. However, defendants, including Vice President Steve Brown never intended on hiring Setencich given his association with Marc Jackson, who was targeted to be constructively discharged due to his disability and protected activity. The pretextural reason for not hiring

1  Setencich was his criminal record. However, the defendants, including Steve Brown, approved of
2  the hire of Angie Turner to be a nurse in the Southern California region, even though she had a
3  felony conviction for her involvement in a heroine smuggling ring.

4  As a result of defendants☐ conduct, Setencich has been harmed in that he did not seek
5  alternative employment during the lengthy meet and greet process, given the representations from
6  the defendants. In addition, Setencich suffered emotion distress damages.

7  **Defendants**: On June 1, 2005, Setencich submitted an application for employment to
8  ARC based on a referral from his former colleague Marc Jackson, who had worked on
9  Setencich's campaign and as his chief of staff when Setencich became a member of the California
10 legislature. Generally, Human Resources oversees the application, interview and hiring process.
11 However, with regard to Setencich, Jackson himself arranged for interviews without going
12 through normal channels or waiting for HR to go through its normal pre-interview screening
13 process. Advising Setencich that he would not be involved in recommending his hiring (in order
14 to avoid the appearance of favoritism), Jackson arranged for Setencich to meet with members of
15 his staff and Dr. Pekerol, who Jackson worked with as a member of an ARC advisory board and
16 sought treatment from in connection with the illness which caused Jackson's disability.

17 After advising Jackson that Setencich would not be hired due to his felony tax evasion
18 conviction, Bob Browning and Steve Brown each agreed to meet with Plaintiff as a courtesy to
19 Jackson but immediately thereafter confirmed to Jackson that Setencich would not be hired.
20 Brown denies that he told Setencich that his conviction would not impede his hiring. ARC policy
21 states that convictions within the 7 year period preceding an application which pertain to financial
22 crimes could be a basis for a decision not to hire. Further, in contrast to the lack of any
23 connection between Ms. Turner's decades old conviction and her duties at ARC, Setencich, who
24 was a public figure, had only recently been convicted and served time for a crime involving fraud
25 and was applying for a job in which he would be interfacing with the media and other members of
26 the public as a representative of ARC. In addition, Mr. Brown did not make the decision to hire
27 Ms. Turner. Contrary to Setencich's speculative allegations, the decision not to offer
28 employment to Plaintiff was not related to his association with Mr. Jackson, who is still employed

by ARC and has not been targeted for constructive or actual discharge based on his disability or for engaging in protected activity.

ARC denies that Plaintiff has been harmed in any amount or manner by ARC. Plaintiff was not employed or looking for other work at the time he applied to work for ARC. In the event Plaintiff did not seek alternative employment at any period when he was seeking employment by ARC, Plaintiff's choice was not justified by any conduct on the part of ARC.

2. **Factual issues that are in dispute:**

   (a) That ARC denied Setencich employment as a result of his association with current Director of Public Affairs and Communication, Marc Jackson because of Jackson's disability and protected activities.

   (b) That Setencich participated in three rounds of interviews;

   (c) That "the panel" recommended the hire of Setencich as the most qualified candidate;

   (d) That defendant represented to Setencich that he was hired; and

   (e) That defendants represented to Setencich that his prior criminal conviction would not impede his hire.

   (f) Whether Marc Jackson followed proper protocol when attempting to hire Setencich.

   (g) Whether or not Bob Browning and Steve Brown interviewed Setencich.

   (h) Whether or not ARC has a policy prohibiting the hire of individuals with felonies.

   (i) Whether or not Steve Brown was involved in the hire of Angie Turner.

3. **The principal legal issues in dispute:**

   (a) Whether ARC subjected Setencich to unlawful employment discrimination in violation of the Fair Employment and Housing Act ("FEHA");

   (b) Whether defendants engaged in making negligent misrepresentations by allegedly representing to Setencich he was hired and his prior criminal conviction would not impede his hire;

    (c)    Whether any conduct by any of the defendants caused any compensable damage to Setencich; and

    (d)    Whether Setencich was justified in failing to seek other employment during the period when he was seeking employment for ARC and can recover compensation for any period in which he was not seeking alternate employment for such period.

**4.  Other factual issues:**

Not known at this time.

**5.  Joinder of other parties:**

Plaintiff will seek to amend his Complaint or bring a motion to consolidate if Marc Jackson decides to sue ARC. Plaintiff is informed and believes Marc Jackson has perfected his right to sue by filing a Department of Fair Employment and Housing ("DFEH") Complaint but is unable to confirm whether or not Marc Jackson intends on bringing a lawsuit against ARC. The defendants would likely oppose any effort to join Marc Jackson in the instant action or consolidate this action with any brought by Mr. Jackson. Among other things, such a joinder or consolidation would cause unnecessary delay in proceeding with the instant action and accordingly would unduly prejudice the defendants.

**6.  Evidence Preservation:**

**Plaintiff**: Plaintiff has retained all documents that he has created, received or obtained in connection with the facts alleged in the complaint.

**Defendants**: Counsel for ARC is coordinating with ARC's Human Resources, Legal and IT departments to preserve all evidence relevant to issues reasonably evident in this action.

**7.  Consent to assignment of a U.S. Magistrate Judge:**

The defendants do not consent to the assignment of a U.S. Magistrate for this matter.

## III.

## MOTIONS

Given current discovery disputes, Plaintiff is preparing a motion to compel. Given the fact that there exist numerous witnesses still employed by defendant who are unwilling to testify

absent a subpoena, Plaintiff requests the ability to take a total of 14 depositions rather than 10 and will file a motion to do so unless defendants stipulate. Plaintiff intends on filing a motion for leave to amend his complaint or consolidate if Marc Jackson decides to sue ARC. The defendants anticipate filing a motion for summary judgment or partial summary judgment.

## IV.

## DISCOVERY

The parties propose the following discovery plan:

| Activities | Completed By |
|---|---|
| Fact Discovery | 30 days before trial |
| Expert disclosures | 90 days before trial |
| Expert depositions | 30 days before trial |

The parties request court permission to be able to stipulate to changes to discovery procedures that do not affect court deadlines without seeking court approval.

## V.

## RELIEF

Plaintiff seeks compensatory damages, punitive damages, attorneys' fees and costs under California Government Code Section 12965(b) and California common law. The defendants assert that if Plaintiff could establish liability, his wage recovery should be limited to the period from the date of ARC advised Mr. Jackson that Plaintiff would not be hired until the date Plaintiff commenced other employment, less any appropriate adjustments for insufficient mitigation efforts or periods when he was not able to work. Any medical costs should be calculated based on Plaintiff's ability to establish that unlawful conduct by the defendants caused Plaintiff to incur the costs and based on his ability to establish the legitimacy of the costs.

## VI.

## SETTLEMENT AND ADR

The parties agree to an early mediation in front of a Court-appointed mediator.

## VII.

## TRIAL SCHEDULE

1.     1.     Requested trial date
2.             January 12, 2009
3.     2.     Anticipated trial length
4.             This case will be tried by jury and is anticipated to be a 7 day jury trial.

### VIII.
### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON

The parties have filed their disclosures of non-party interested entities or persons pursuant to Civil L.R. 3-16.

DATED: April 21st 2008

LAW OFFICES OF JILL P. TELFER
*A Professional Corporation*

_____
JILL P. TELFER
Attorney for Plaintiff
BRIAN SETENCICH

DATED: April 21, 2008

BAKER & HOSTETLER LLP

_____
SABRINA L. SHADI
Attorneys for Defendant AMERICAN RED CROSS BLOOD SERVICES SOUTHERN CALIFORNIA REGION and STEVE BROWN

///
///
///
///
///
///
///

1  ///
2  ///
3  ///
4  ///

## CASE MANAGEMENT ORDER

The Case Management and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the court orders:

Dated: _____        _____
                              JUDGE, UNITED STATES DISTRICT COURT

**PROOF OF SERVICE**

I am employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 331 J Street, Suite 200, Sacramento, CA 95814. On April 21, 2008, I served a copy of the within document(s):

**UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

- [ ] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

- [x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

- [ ] by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

- [ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**Sabrina L. Shadi, Esq.**
**BAKER & HOSTETLER**
**12100 Wilshire Boulevard, 15th Floor**
Los Angeles, California 90025-7120

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 21, 2008, at Los Angeles, California.

Camille Rasmussen

077975, 000039, 501851430.1                                              PROOF OF SERVICE