1  JILL P. TELFER (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J Street, Suite 200
3  Sacramento, California 95814
   Telephone: (916) 446-1916
4  Facsimile: (916) 446-1726
   email: jilltelfer@yahoo.com
5
   Attorney for Plaintiff
6  **BRIAN SETENCICH**

7

8                    UNITED STATED DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 BRIAN SETENCICH                         ) Case No. C 07-03688 SBA
                                           )
11          Plaintiff,                     ) **PLAINTIFF'S MEMORANDUM OF**
                                           ) **POINTS AND AUTHORITIES IN**
12          vs.                            ) **SUPPORT OF MOTION COMPEL**
                                           ) **DEFENDANT AMERICAN RED CROSS'**
13 THE AMERICAN RED CROSS, a non-profit    ) **FURTHER RESPONSES TO PLAINTIFF'S**
   corporation; STEVE BROWN; ROBERT        ) **DEMAND FOR PRODUCTION OF**
14 BROWNING; and DOES 1 through 30, inclusive,) **DOCUMENTS**
                                           )
15          Defendants.                    ) Date:  June 3, 2008
                                           ) Time:  1:00 p.m.
16                                         ) Ctrm:  3
                                           ) Judge: Hon. Saundra Brown Armstrong
17 _____)

18                                 **I.**

19                          **INTRODUCTION**

20      Plaintiff Brian Setencich ("Setencich") served Plaintiff's Request for Production of

21 Documents, Set One on the American Red Cross ("ARC") on February 12, 2008. (Telfer Dec. ¶ 3.)

22 After granting defense counsel the professional courtesy of an extension until March 25, 2008,

23 Defendants served late discovery responses that were predominately filled with objections, and no

24 documents were produced. ( Telfer Dec. ¶ 4, Exhibit 1.) Setencich's counsel met and conferred

25 with defense counsel on four separate occasions in an attempt to receive further responses and

26 responsive documents. (Telfer Dec. ¶ 7, 9.) Approximately three weeks after the discovery due

27 date, defense counsel produced seventy-eight (78) documents. (ARC 0001-00078.) On April 22,

28 2008, ARC 00093-197 were produced. (Telfer Dec. ¶ 10-12.) ARC had refused to provide further

                                        1

1  verified answer identify whether or not all responsive documents have been produced, a privilege log

2  and produce all responsive documents.

3      Responsive documents exist which are in the defendant ARC's possession, custody and

4  control which it has chosen not to produce, including the alleged policy that prohibits the hire of

5  individuals with felony convictions, the national ARC personnel policies and procedures (including

6  those regarding the procedures to following in the hiring/application process and the reasonable

7  accommodation process), and the investigative report concerning Marc Jackson that took place in

8  January 2007 that led to his unwarranted discipline.  (Exhibit 8.)  Defendant refuses to amend its

9  responses, provide additional responsive documents and provide a privilege log for documents that

10  have been withheld.

11      This discovery is not only essential for Plaintiff to prove his claim of association

12  discrimination, but is also foundational information that is needed to conduct meaningful depositions

13  of Defendant Steve Brown ("Brown"), Senior Director of Human Resources Robert Browning,  and

14  the primary decision makers who decided not to hire Setencich.  As a result, Setencich respectfully

15  requests the Court to order ARC to further respond to the outstanding discovery, provide a privilege

16  log, and order responsive documents be produced.

17                                        **II.**

18                              **FACTS OF THE CASE**

19      ARC is one entity with various divisions, including Chapters and Blood Services.  Setencich

20  was recruited for approximately nine months by ARC's Director of Public Affairs and

21  Communications for the West Division of Blood Services, Marc Jackson, to be the ARC

22  Communication Manager.  Setencich participated in three rounds of interviews with ARC's hiring

23  personnel, including an interview panel of approximately four (4) ARC employees, another

24  interview with Defendant Brown and a separate interview with Senior Director of Human Resources,

25  Robert Browning.  Although it is undisputed that Setencich was the most qualified candidate, and

26  even after Defendant Brown told Setencich that his criminal record of filing a false tax return would

27  not impede his hire, ARC refused to hire Setencich after the nine month application and hiring

28  process.

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL

1    Based on the deposition testimony of Defendant Brown, Robert Browning, and Marc

2  Jackson, ARC never intended on hiring Setencich given his association with Marc Jackson who was

3  targeted to be constructively discharged due to his disability and protected activity.  Although Marc

4  Jackson to date has not been terminated, he was set up to fail with ARC and Brown by their refusal

5  to engage in the interactive process to determine an appropriate reasonable accommodation for Marc

6  Jackson's medical condition and refusing the requested reasonable accommodation of working from

7  home.  Further, Marc Jackson was given an unwarranted Performance Improvement Plan, based on

8  an investigation against Marc Jackson for alleged inappropriate language and conduct with his

9  subordinates, where he was never interviewed to determine his "side" of the events, was not

10  informed of the specific complaint(s) or conduct he allegedly engaged in, and was denied access to

11  the investigative report that prompted the discipline.

12    As Director of Communications and Marketing, Marc Jackson had a staff of 6, including a

13  Communication Manager who was the acting Director in Marc Jackson's absence.  When Julie

14  Johnson left the position in early summer 2005, Marc Jackson sought to immediately fill it,

15  especially since his condition of psoriatic arthritis required his intermittent medical leave.  Although

16  Brown and ARC promised to immediately fill the position, they delayed doing so and refused not

17  only to hire Setencich but also delayed filling the position for two years.

18                                         **III.**

19                                  **LEGAL ARGUMENT**

20  **A.      Request for Production of Documents**

21    FRCP 34(a)(1) provides that a party may serve on the other party a request to produce and

22  permit the requesting party to inspect and copy any designated documents that constitute or contain

23  discoverable information and which are in the possession, custody or control of the party upon whom

24  the request was served.  The primary purpose of discovery is to remove surprise from trial

25  preparation and to enable the parties to obtain evidence necessary to evaluate and resolve their

26  dispute.  (*Oakes v. Halverson Marine Ltd.* 179 F.3d 281, 283 (C.D. Cal. 1998).)  This principle is

27  broad and must be liberally interpreted.  (See *United States Exreal Schwartz v. TRW, Inc.* 211 F.3d

28  388, 392 (C.D. Cal. 2002).)

1    The parties served with the request for production of documents has thirty days to file a

2    written response, plus an addition three days if served by mail. (FRCP 34(b), 6(e).)  If an item or

3    category is objectionable only in part, the responding party must comply with the unobjectionable

4    portions of the request.  (FRCP 34(b).)  Here the disputed eight (8) requests for production are not

5    only relevant, but essential for Plaintiff to prove his case.  For Setencich's association discrimination

6    claim, he must prove ARC had a discriminatory or retaliatory animus against Marc Jackson.

7    Therefore, evidence showing disparate treatment, denial of accommodation or unwarranted

8    discipline are probative of this intent.  ARC has articulated the business reason of not hiring

9    Setencich was his 2001 felony for tax evasion.  As a result Setencich needs to discover evidence to

10   refute this business reason such as showing other candidates with felonies have been hired by ARC.

11                                        **IV.**

12                              **DISPUTED DISCOVERY**

13   **A.     PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE:**

14          **1.     Request for Production No. 1:**

15          **Any and all documents which make up the Investigative file(s) referenced in Marc**

16   **Jacobson's (sic)  Performance Improvement Plan of February 22, 2007, including but not**

17   **limited to interview notes, the investigator's report, documents gathered, and documents**

18   **referencing any complaint against Marc Jackson.[1]**

19          ***Defendant's Response to Request  No. 1:***

20          *ARC does not employ any individual by the name of Marc Jacobson.  To the extent this*

21   *request seeks documents referenced in Marc Jackson's Performance Improvement Plan dated*

22   *February 22, 2007, ARC objects to this request on the grounds that it seeks documents which are not*

23   *relevant and not reasonably calculated to lead to the discovery of admissible evidence.  ARC further*

24   *objects to this request on the grounds that it seeks to invade the privacy of third parties to this*

25   *action.  ARC also objects to this request on the ground and to the extent it seeks documents which*

26   *are protected by the attorney-client privilege or attorney work product doctrine.*

27   *///*

28

---

[1]Performance Improvement Plan marked as Exhibit 8.

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL

1    **Reasons why defendant's response is deficient.**

2    <u>The documents requested are relevant.</u>  In determining whether information is relevant for

3    purposes of pre-trial discovery, courts apply a substantially broader standard than that for relevance

4    during trial. (FRCP 26(b)(1).) Discoverability is proper if the information is "reasonably calculated

5    to lead to the discovery of admissible evidence." (FRCP 26(b)(1).) Discovery is appropriate as to

6    relevant information relating to the identity and the location of any person having knowledge of any

7    discoverable information, including potential witnesses or persons that might become parties to the

8    action. (FRCP 26(b)(1); See *Walt Disney Company v. DeFabiis* 168 F.3d 281, 283-284 (C.D. Cal.

9    1996). Here, Setencich requests documents to prove Jackson was discriminated against with

10   unwarranted discipline.  The investigative report is probative if discipline was in fact warranted or if

11   Marc Jackson was unfairly treated.

12   <u>Any privacy rights are outweighed by the need for the discovery.</u>  The fact that a personal

13   witness whose identity is sought may have a claim of privilege or other protection from discovery

14   does not prevent discovery of the person's identity.  (See *Laxalt v. McClatchy* 116 F.3d 438, 443 (D.

15   Nevada 1987).)   Marc Jackson waived his right of privacy as to the investigative report and/or file at

16   his deposition on January 30, 2008.  (Telfer Dec. ¶ 13, Exhibit 7.)  As a result, no right of privacy

17   will be violated.

18   <u>There can be no work product and/or attorney-client privilege.</u>  A party withholding

19   information under a claim of privilege or work product must make the claim expressly and describe

20   the nature of the documents withheld in a manner that enables the requesting to assess the claim.

21   (*Jackson v. County of Sacramento* 157 F.3d 653, 655-656 (E.D. Cal. 1997).)  This is usually done by

22   producing a privilege log. (*Caliper Tech. Corp. v. Molecular Devices Corp.* 213 F.3d 555, 562-563

23   (N.D. Cal. 2003).)  A privilege log is a list of documents or other items with a substantiation of

24   privilege claim on each item by item basis, without disclosing the contents of the items.  (*Safeco

25   Insurance Company of AM v. Rawstrom* 183 F.3d 668, 670 (C.D. Cal. 1998).)

26   ARC has not provided a privilege log and in fact has even refused to provide a redacted copy

27   of responsive documents.  There was no lawsuit going on at the time of that investigation.  Setencich

28   had not even filed his Department of Fair Employment and Housing complaint.  Although the

1    investigator, Barbara Kaye, who has a juris doctorate disagrees, she is not a practicing attorney.

2        **2.**    **Request for Production No. 2:**

3        **The personnel action forms from January 2000 until January 1, 2008, evidencing any**

4    **and all hire dates for persons who had felony convictions, including but not limited to the**

5    **documents evidency [sic] Angie Turner's rehire as a nurse.**

6        ***Defendant's Response to Request No. 2:***

7        *ARC objects to this request on the grounds this it is overly broad as to time and scope and*

8    *unduly burdensome. ARC objects to this request on the grounds that it seeks documents which are*

9    *not relevant and not reasonably calculated to lead to the discovery of admissible evidence. ARC*

10   *also objects to this request on the grounds that it seeks to invade the privacy of third parties to this*

11   *action.*

12       **Reasons why defendant's response is deficient.**

13       <u>The request is not overbroad and burdensome objection</u>. The request is limited to an eight

14   year period of time. Defendant fails to detail in any way why the request is burdensome. ( See

15   *Munoz-Santana v. United States, 742 F 2d 561* (9th Cir. 1984).) As explained by Marc Jackson,

16   personnel action forms are a one page document. Determining the identity of employees with

17   felonies is also not cumbersome since all that must be done is submit a query and the software

18   system of ARC runs a report.[2] Plaintiff will agree to a protective order as to the names of the

19   individuals with felonies so their names will only be used and disclosed in this litigation.

20       <u>The documents are relevant</u>. The information is highly relevant as it will dispute ARC's

21   articulated business reason for not hiring Setencich; probative of discriminatory animus.

22       <u>The privacy objection is without merit</u>. Setencich will agree to a protective order that the

23   responsive documents will only be used in this litigation.

24       **3.**    **Request for Production No. 3:**

25       **Any and all documents concerning ARC's consideration of plaintiff Brian Setencich as**

26   **a candidate for the Communications Manager position, including but not limited to e-mails**

27   **and memoranda.**

28

---

[2]Robert Browning stated at his deposition on April 23, 2008.

1                 *Defendant's Response to Request No. 3:*

2         *ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase*

3 *"documents concerning ARC's consideration." ARC further objects to this request on the ground*

4 *and to the extent it seeks documents which are protected by the attorney-client privilege or attorney*

5 *work product doctrine. Subject to and without waiving any of its objections, ARC will produce*

6 *documents in response to this request.*

7                 **Reasons why defendant's response is deficient.**

8         The request is not vague or ambiguous. As to the attorney client and/or attorney work

9 product privilege, Defendant ARC never provided a privilege log as to documents withheld pursuant

10 to privilege. Defendant ARC must further respond and identify all non-privileged documents have

11 been produced, accompanied by a log or description of all documents withheld based on privilege.

12     4.    **Request for Production No. 8**

13     **Any and all documents concerning Marc Jackson's request(s) for reasonable**

14 **accommodation as a result of his medical condition, including but not limited to letters**

15 **approving or denying his request.**

16                 *Defendant's Response to Request No. 8:*

17         *ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase*

18 *"documents concerning ... request(s) for reasonable accommodation." ARC further objects to this*

19 *request on the ground and to the extent it seeks documents which are protected by the attorney-client*

20 *privilege or attorney work product doctrine. ARC also objects to this request on the grounds that it*

21 *seeks to invade the privacy of a third party to this action. Further, ARC objects to this request on*

22 *the grounds that it seeks documents which are not relevant and not reasonably calculated to lead to*

23 *the discovery of admissible evidence.*

24              **Reasons why defendant's response is deficient.**

25         It is undisputed that Marc Jackson requested reasonable accommodation therefore there is

26 nothing vague or ambiguous about the discovery request. Any documents withheld based on alleged

27 privilege should be identified in the discovery response or privilege log. Marc Jackson waived his

28 right of privacy at his deposition on January 30, 2008. Therefore, there are no privacy rights to

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL

1   warrant withholding production.  There is no ambiguity in the request.  The information is highly

2   relevant as to its probative of discriminatory animus.

3        **5.    Request for Production No. 9:**

4        **All writings concerning the Defendant's personnel policies or procedures of ARC,**

5   **including but not limited to hiring and discrimination policy.**

6            ***Defendant's Response to Request  No. 9:***

7            *ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase*

8   *"writings concerning the Defendant's personnel policies and procedures."  ARC also objects to this*

9   *request on the grounds that it is overly broad as to time and scope.  ARC further objects to this*

10  *request  on the ground and to the extent it seeks documents which are protected by the attorney-*

11  *client privilege or attorney work product doctrine.  Subject to and without waiving any of its*

12  *objections, ARC will produce documents in response to this request.*

13           **Reasons why defendant's response is deficient.**

14       The request is not ambiguous.  Plaintiff agreed to limit the request to January 2004 until the

15  present.  No privilege log was provided as to documents withheld based on privilege.  Defendant

16  ARC produced excerpts from an employee handbook, ARC00001 to ARC00078.  Approximately

17  one month after discovery was due and after the deposition of Brown, Defendant produced the

18  employee handbook from Southern California Regional Blood Services.  There are still ARC

19  National policies and procedures which govern employees as testified to by Robert Browning.  As a

20  result, a further verified response stating all non-privileged documents have been produced, a

21  privilege log, and additional documents should be produced.

22       **6.    Request for Production No. 11:**

23       **Any and all documents that support Defendant's contention, Plaintiff was not the most**

24  **qualified candidate for the Communications Manager position reporting to Marc Jackson.**

25           ***Defendant's Response to Request  No. 11:***

26           *ARC objects to this request on the grounds that it assumes facts not in evidence and is vague*

27  *and ambiguous as to the phrase "was not the most qualified candidate."*

28  *///*

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL

**Reasons why defendant's response is deficient.**

Plaintiff was not hired.  Teresa Soloria was hired as a Communications Manager in the Southern California Region.  Plaintiff assumed the person hired was more qualified.  If defendant contends plaintiff was the most qualified candidate then it should say so in the verified further responses.

7.    **Request for Production No. 16:**

**All documents reflecting or relating to any of Defendant's reasons for not hiring Plaintiff.**

*Defendant's Response to Request  No. 16:*

*ARC objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving any of its objections, ARC will produce documents in response to this request.*

**Reasons why defendant's response is deficient.**

Defendant has not provided any documents responsive to this request.  A privilege log as to documents withheld based on alleged privilege has not been produced.  A further verified response stating all non-privileged documents have been produced, a privilege log and all non-privileged documents must be produced.

8.    **Request for Production No. 20:**

**Any and all witnesses' statements, interview notes, declarations, affidavits, and/or factual accounts regarding Plaintiff including, but not limited to, such document generated during any and all investigations involving Mark Jackson's complaint(s) of discrimination including, but not limited to, investigative documentation.**

*Defendant's Response to Request  No. 20:*

*ARC objects to this request on the grounds that it is vague, ambiguous and unintelligible.  ARC further objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine.*

**Reasons why defendant's response is deficient.**

There is nothing vague and ambiguous about the request.  Brown and Robert Browning

9

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL

1 testified that an in depth investigation was conducted of Marc Jackson in January 2007 which

2 resulted in the Performance Improvement Plan. (See Exhibit 8.) Defendant ARC has not produced

3 any documents. A privilege log as to documents withheld based on privilege has not been provided.

**V.**

**CONCLUSION**

6      Based on the foregoing, Plaintiff respectfully requests that this Court order Defendant to

7 serve further verified answers to Request for Production of Documents, No. 1, 2, 3, 8, 9, 11, 16, and

8 20 identifying all responsive documents have been produced. If any documents are withheld based

9 on privilege, a privilege log be provided. Of most significance, Setencich requests documents

10 responsive to the requests, including the written personnel policies and the January 2007

11 investigative report be produced, so that Setencich may prosecute his claims against ARC.

12 Dated: April 28, 2008                    **LAW OFFICES OF JILL P. TELFER**
                                           A Professional Corporation

15                                          **JILL P. TELFER**
                                           Attorney for Plaintiff **BRIAN SETENCICH**

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL

**PROOF OF SERVICE**

CASE:    *Brian Setencich v. The American Red Cross, et al.;* United States District Court of California, Northern District

CASE NO:    **C 07-03688 SBA**

I, the undersigned, declare I am a citizen of the Unites States and am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 331 J Street, Suite 200, Sacramento, CA 95814.

I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, I served the following documents by:

to be served on the party(ies) or their (its) attorney(s) of record in this action:

[ ]    Via Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Sacramento, California.

[ ]    Via **CERTIFIED** Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Sacramento, California.

[X]    Via Personal Service: I instructed each document to be hand-delivered via **HAND DELIVERY** via **ATTORNEY'S DIVERSIFIED SERVICES** to the address listed below.

[ ]    Via Overnight Courier: I caused each envelope to be delivered via overnight mail by **FEDERAL EXPRESS**.

[ ]    Via **FACSIMILE**: I instructed such to be transmitted via facsimile to the office(s) list below.

**DOCUMENTS SERVED:    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION, SET ONE**

ADDRESSED TO :

Ronald J. Klepetar, Esq.
Sabrina L. Shadi, Esq.
BAKER & HOSTETLER
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-7120

I declare under penalty of perjury that the foregoing is true and correct. Executed April 29, 2008, at Sacramento, California.

Camille Rasmussen

PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT FOR MOTION TO COMPEL