1  JILL P. TELFER, State Bar No. 145450
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J. Street, Suite 200
3  Sacramento, California 95814
   Telephone:     (916) 446-1916
4  Facsimile:     (916) 446-1726
   email: jilltelfer@yahoo.com
5

6  Attorney for Plaintiff
   BRIAN SETENCICH
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  BRIAN SETENCICH,                    )  CASE NO.   C 07-03688 SBA
                                        )
11              Plaintiff,              )  PLAINTIFF'S INDEX OF EXHIBITS IN
                                        )  SUPPORT OF THE JUNE 3RD, 2008
12       vs.                            )  MOTIONS TO COMPEL AGAINST
                                        )  DEFENDANT THE AMERICAN RED CROSS
13  THE AMERICAN RED CROSS, a non-)      AND STEVE BROWN
    profit corporation; STEVE BROWN;)
14  ROBERT BROWNING; and DOES 1)  DATE:      June 3, 2008
    through 30, inclusive,             )  TIME:      1:00 p.m.
15                                      )  CTR:       3
                 Defendants.           )  JUDGE:     Hon. Saundra Brown Armstrong
16  ─────────────────────────────)

17  Exhibit 1.     Defendant American Red Cross' ("ARC's") Response to Request for Production of
18                 Documents, Set One.

19  Exhibit 2.     Defendant Steve Brown's Responses to Request for Admissions, Set One

20  Exhibit 3.     Plaintiff's counsel's letter of March 27, 2008 to defense counsel.

21  Exhibit 4.     Plaintiff counsel's meet and confer letter of April 1, 2008.

22  Exhibit 5.     Defense counsel's letter of April 4, 2008

23  Exhibit 6.     Plaintiff counsel's meet and confer letter of April 7, 2008

24  Exhibit 7.     Excerpts of the deposition of Marc Jackson taken on January 30, 2008

25  ///

26  ///

27  ///

28  ///

                                        1
        PLAINTIFF'S INDEX OF EXHIBITS IN SUPPORT OF THE MOTIONS TO COMPEL

1 | **Exhibit 8**     ARC Performance Improvement Plan given to  Marc Jackson dated Feb. 22, 2007

2

3 | DATED: April 25, 2008                          Respectfully submitted,

4 |                                                LAW OFFICES OF JILL P. TELFER
   |                                                *A Professional Corporation*

5

6 |                                                JILL P. TELFER
   |                                                Attorney for Plaintiff,

7 |                                                **BRIAN SETENCICH**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S INDEX OF EXHIBITS IN SUPPORT OF THE MOTIONS TO COMPEL

1                                    **PROOF OF SERVICE**

2   CASE:          *Brian Setencich v. The American Red Cross, et al.;* United States District Court of
                   California, Northern District
3
    CASE NO:       **C 07-03688 SBA**
4
          I, the undersigned, declare I am a citizen of the Unites States and am employed in the County
5   of Sacramento, State of California. I am over the age of eighteen years and not a party to the within-
    entitled action. My business address is 331 J Street, Suite 200, Sacramento, CA 95814.
6
          I am readily familiar with this firm's practice for collection and processing of correspondence
7   for mailing with the United States Postal Service. On the date indicated below, I served the
    following documents by:

8
          [x ]     placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in
9                  the designated area for outgoing mail and addressed as indicated below. Said
                   documents will be deposited with the U.S. Postal Service at Sacramento, California
10                 on this date in the ordinary course of business. I understand that upon motion of a
                   party served service shall be assumed invalid if the postal cancellation date or postage
11                 meter date on the envelope is more than one (1) day after the date of deposit for
                   mailing as contained in this declaration.
12
          [ ]      Facsimile transmission.
13

14  **DOCUMENTS SERVED:   PLAINTIFF'S INDEX OF EXHIBITS IN SUPPORT OF THE
    JUNE 3RD, 2008 MOTIONS TO COMPEL AGAINST DEFENDANT THE AMERICAN RED
15  CROSS AND STEVE BROWN**

16  ADDRESSED TO :
17
    Ronald J. Klepetar, Esq.
18  Sabrina L. Shadi, Esq.
    BAKER & HOSTETLER
19  12100 Wilshire Blvd., 15th Floor
    Los Angeles, CA 90025-7120
20

21
          I declare under penalty of perjury that the foregoing is true and correct. Executed on April
22  25, 2008, at Sacramento, California.

23
24                                                        Camille Rasmussen
25
26
27
28
                                                3
    ─────────────────────────────────────────────────────────────────────
    PLAINTIFF'S INDEX OF EXHIBITS IN SUPPORT OF THE MOTIONS TO COMPEL

EXHIBIT 1

1  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, CA  90025-7120
   Telephone:   310.820.8800
4  Facsimile:   310.820.8859
   Email:      rklepetar@bakerlaw.com
5              sshadi@bakerlaw.com

6  Attorneys for Defendants
   AMERICAN RED CROSS BLOOD SERVICES
7  SOUTHERN CALIFORNIA REGION, Improperly
   Sued as The American Red Cross, STEVE BROWN
8  and ROBERT BROWNING

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
MAR 2 8 2008
By

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


BRIAN SETENCICH,                          Case No.  C07-03688 SBA

              Plaintiff,                  **DEFENDANT AMERICAN RED CROSS'
                                          RESPONSE TO BRIAN SETENCICH'S
v.                                        REQUEST FOR PRODUCTION OF
                                          DOCUMENTS (SET 1)**
THE AMERICAN RED CROSS, a non-
profit corporation, STEVE BROWN,
ROBERT BROWNING and DOES 1
through 30, inclusive,

              Defendants.


PROPOUNDING PARTY:   Plaintiff BRIAN SETENCICH

RESPONDING PARTY:    Defendant AMERICAN RED CROSS BLOOD SERVICES

                     SOUTHERN CALIFORNIA REGION

SET NO.:             ONE

/ / /

/ / /

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -                      AMERICAN RED CROSS' RESPONSE TO REQUEST
                           FOR PRODUCTION OF DOCUMENTS

1    Pursuant to Fed. R. Civ. P. 34, Defendant American Red Cross Blood Services Southern

2    California Region ("ARC") hereby answers, responds and objects to Plaintiff's First Set of

3    Requests for Production of Documents and Things to Defendant American Red Cross ("Request

4    for Production").

5                              **PRELIMINARY STATEMENT**

6        All responses that follow are made subject to this preliminary statement.  The responses

7    appearing below are made subject to and without waiver of (1) all questions as to the

8    admissibility as evidence of the response made, any documents produced or to which reference is

9    made or the subject matter of such documents; (2) the right to object to other discovery directed

10   to the subject matter of the requests or the responses; and (3) the right to make additional

11   objections or seek protective orders.

12                              **GENERAL OBJECTIONS**

13       1.       In stating in these responses that it will produce documents responsive to a

14   particular request, ARC is not representing that any document actually exists, but only that it

15   would make a good faith effort to locate documents in its possession, custody or control that are

16   responsive to the Request for Production.  ARC reserves the right to use at the time of trial, such

17   additional documents that may be discovered subsequent to the date of its initial production.

18       2.       ARC objects to any document request in which the terms "evidencing,"

19   "concerning," "reflect(ing)," "support," "relate," "relating" or "regarding" appears.  Those terms

20   are vague, ambiguous and overly broad and require subjective judgment on the part of ARC and

21   its attorneys, and would require a conclusion or opinion of counsel in violation of the attorney-

22   client privilege, and the attorney work-product doctrine.  Without waiving this objection, ARC

23   will use its best efforts to produce documents responding to each request.

24       3.       ARC objects to any particular item in the Request for Production if it seeks

25   production of documents protected by the attorney-client privilege or the attorney work-product

26   doctrine.  Such documents shall not be produced and any inadvertent production thereof shall not

27   be deemed a waiver of any privilege with respect to such documents or of any attorney client-

28   privilege or any attorney work-product doctrine which may apply.  Further, all objections stated

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

AMERICAN RED CROSS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

1  herein on the grounds of the attorney-client privilege or work product doctrine are intended to

2  apply to all documents and information that is privileged or protected, either in this litigation, or

3  by virtue of any prior legal proceeding.

4       4.    ARC has not completed its discovery in this action and has not completed its

5  preparation for trial.  The following responses are given without prejudice to the production of

6  any evidence subsequently obtained or documents discovered.  Accordingly, ARC reserves the

7  right to change any and all responses herein as additional facts are ascertained, analyses made,

8  legal research completed, and contentions become evident.

9       This Preliminary Statement and General Objections are incorporated by reference into

10  each of the responses set forth below.

11  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

12  **REQUEST FOR PRODUCTION NO. 1:**

13       Any and all documents which make up the Investigative file(s) referenced in Marc

14  Jacobson's Performance Improvement Plan of February 22, 2007, including but not limited to

15  interview notes, the investigator's report, documents gathered, and documents referencing any

16  complaint against Marc Jackson.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

18       ARC does not employ any individual by the name of Marc Jacobson.  To the extent this

19  request seeks documents referenced in Marc Jackson's Performance Improvement Plan dated

20  February 22, 2007, ARC objects to this request on the grounds that it seeks documents which are

21  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  ARC

22  further objects to this request on the grounds that it seeks to invade the privacy of third parties to

23  this action.  ARC also objects to this request on the ground and to the extent it seeks documents

24  which are protected by the attorney-client privilege or attorney work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 2:**

26       The personnel action forms from January 2000 until January 1, 2008, evidencing any and

27  all hire dates for persons who had felony convictions, including but not limited to the documents

28  evidency [sic] Angie Turner's rehire as a nurse.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

AMERICAN RED CROSS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

ARC objects to this request on the grounds that it is overly broad as to time and scope and unduly burdensome. ARC further objects to this request on the grounds that it seeks documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. ARC also objects to this request on the grounds that it seeks to invade the privacy of third parties to this action.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents concerning ARC's consideration of plaintiff Brian Setenchich as a candidate for the Communications Manager position, including but not limited to e-mails and memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase "documents concerning ARC's consideration." ARC further objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving any of its objections, ARC will produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents evidencing communications with anyone employed by ARC or any of its subsidiaries including, but not limited to, Steve Brown concerning Plaintiff Brian Setenchich

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

ARC objects to this request on the ground that it is overly broad as to scope. ARC also objects to this request on the grounds that it is vague and ambiguous as to the phrase "documents evidencing communications with anyone employed by ARC or any of its subsidiaries." ARC further objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving any of its objections, ARC will produce documents in response to this request.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

1    **REQUEST FOR PRODUCTION NO. 5:**

2        Any and all postings for the Communication Manager position which would be reporting

3    to Marc Jackson with the ARC from January 2004 to January 2007.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5        ARC will produce documents in response to this request.

6    **REQUEST FOR PRODUCTION NO. 6:**

7        Any and all documents which reflect work done by Plaintiff Brian Setencich, volunteer or

8    otherwise, for ARC.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10        ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase

11    "documents which reflect work done by Plaintiff Brian Setencich." ARC further objects to this

12    request on the grounds that it assumes facts not in evidence. Subject to and without waiving any

13    of its objections, ARC will produce documents in response to this request.

14    **REQUEST FOR PRODUCTION NO. 7:**

15        Any and all documents concerning any efforts to fill the Communications Manager

16    position reporting to Marc Jackson, including a requisition request, a personnel action request,

17    and e-mails to supervisors requesting to fill the position from January 2004 to January 2007.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

19        ARC will produce documents in response to this request.

20    **REQUEST FOR PRODUCTION NO. 8:**

21        Any and all documents concerning Marc Jackson's request(s) for reasonable

22    accommodation as a result of his medical condition, including but not limited to letters approving

23    or denying his request.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

25        ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase

26    "documents concerning . . . request(s) for reasonable accommodation." ARC further objects to

27    this request on the ground and to the extent it seeks documents which are protected by the

28    attorney-client privilege or attorney work product doctrine. ARC also objects to this request on

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

AMERICAN RED CROSS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

1  the grounds that it seeks to invade the privacy of a third party to this action.  Further, ARC objects

2  to this request on the grounds and to the extent it seeks documents which are not relevant or not

3  reasonably calculated to lead to the discovery of admissible evidence.

4  **REQUEST FOR PRODUCTION NO. 9:**

5      All writings concerning the Defendant's personnel policies or procedures of ARC, including

6  but not limited to hiring and discrimination policy.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8      ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase

9  "writings concerning the Defendant's personnel policies or procedures." ARC also objects to this

10  request on the grounds that it is overly broad as to time and scope.  ARC further objects to this

11  request on the ground and to the extent it seeks documents which are protected by the attorney-

12  client privilege or attorney work product doctrine.  Subject to and without waiving any of its

13  objections, ARC will produce documents in response to this request.

14  **REQUEST FOR PRODUCTION NO. 10:**

15      All employee handbooks or other writings or materials provided to employees or

16  prospective employees setting forth or explaining the Defendant's procedures or policies on hiring,

17  promotion, and complaints of unfair treatment, but only those distributed from January 2004 to

18  December 2007.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

20      ARC will produce documents in response to this request.

21  **REQUEST FOR PRODUCTION NO. 11:**

22      Any and all documents that support Defendant's contention, Plaintiff was not the most

23  qualified candidate for the Communications Manager position reporting to Marc Jackson.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25      ARC objects to this request on the grounds that it assumes facts not in evidence and is

26  vague and ambiguous as to the phrase "was not the most qualified candidate."

27  **REQUEST FOR PRODUCTION NO. 12:**

28      All writings signed by Plaintiff which relate to or refer to any terms or conditions of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

AMERICAN RED CROSS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

1   employment, if in fact Plaintiff had been hired.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

3       ARC will produce documents in response to this request.

4   **REQUEST FOR PRODUCTION NO. 13:**

5       All writings by Defendant regarding or referring to Plaintiff.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7       ARC objects to this request on the grounds that it is overly broad as to time and scope.

8   ARC further objects to this request on the ground and to the extent it seeks documents which are

9   protected by the attorney-client privilege or attorney work product doctrine. Subject to and

10  without waiving any of its objections, ARC will produce documents in response to this request.

11  **REQUEST FOR PRODUCTION NO. 14:**

12      Any and all documents which Defendant intends to use as a defense to the claims in this

13  case.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15      ARC objects to this request on the grounds and to the extent that it seeks to reveal legal

16  opinions and/or strategies which are still being formed or developed in light of the current stage

17  of litigation and the discovery completed to date. Subject to and without waiving any of its

18  objections, ARC will produce documents in response to this request.

19  **REQUEST FOR PRODUCTION NO. 15:**

20      Any and all documents referenced in Defendant's initial disclosure which have not as yet

21  been produced.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

23      ARC will produce documents in response to this request.

24  **REQUEST FOR PRODUCTION NO. 16:**

25      All documents reflecting or relating to any of Defendant's reasons for not hiring Plaintiff.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27      ARC objects to this request on the ground and to the extent it seeks documents which are

28  protected by the attorney-client privilege or attorney work product doctrine. Subject to and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -    AMERICAN RED CROSS' RESPONSE TO REQUEST
         FOR PRODUCTION OF DOCUMENTS

1    without waiving any of its objections, ARC will produce documents in response to this request.

2    **REQUEST FOR PRODUCTION NO. 17:**

3        The interview packet for the Communication Manager Position in the Western Region of

4    ARC where Mark Jackson works including, but not limited to, interview notes, the list of the

5    interview questions and scoring sheets.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7        ARC objects to this request on the grounds that it assumes facts not in evidence. Subject

8    to and without waiving any of its objections, ARC will produce documents in response to this

9    request.

10    **REQUEST FOR PRODUCTION NO. 18:**

11        Any and all documents evidencing Defendant's consideration of the Plaintiff for any

12    position with Defendant including, but not limited to, interview notes and ranking lists from

13    January 2005 to June 2007.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

15        ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase

16    "evidencing ARC's consideration of the Plaintiff for any position with Defendant." ARC also

17    objects that this request is overly broad as to scope and unduly burdensome. Subject to and

18    without waiving any of its objections, ARC will produce documents in response to this request.

19    **REQUEST FOR PRODUCTION NO. 19:**

20        All documents Defendant submitted in response to any Federal Equal Employment

21    Opportunity Commission and/or California Department of Fair Employment and Housing filed by

22    employees or former employees based on association or disability discrimination against the

23    Defendant in the last five years.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

25        ARC objects to this request on the grounds that it is overly broad and unduly burdensome.

26    ARC further objects to this request on the grounds that it seeks documents which are not relevant

27    and not reasonably calculated to lead to the discovery of admissible evidence. ARC also objects

28    to this request on the grounds that it is vague, ambiguous and unintelligible. In addition, ARC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

1   objects to this request on the grounds and to the extent that it seeks publicly available documents

2   which are equally available to Plaintiff.  Subject to and without waiving any of its objections,

3   interpreting this request to seek responses by ARC to requests for information from the EEOC or

4   DFEH in connection with a charge or complaint filed by any current or former employee of ARC

5   regarding association or disability discrimination, ARC responds as follows:  After a diligent

6   search and reasonable inquiry, ARC has not located any documents responsive to this request.

7   **REQUEST FOR PRODUCTION NO. 20:**

8       Any and all witnesses' statements, interview notes, declarations, affidavits, and/or factual

9   accounts regarding Plaintiff including, but not limited to, such document generated during any

10  and all investigations involving Mark Jackson's complaint(s) of discrimination including, but not

11  limited to, investigative documentation.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

13      ARC objects to this request on the grounds that it is vague, ambiguous and unintelligible.

14  ARC further objects to this request on the ground and to the extent that it seeks documents which

15  are protected by the attorney-client privilege or attorney work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 21:**

17      Any and all manuals or written guidelines you followed during the selection process for

18  positions with Defendant in the Western Region.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

20      ARC objects to this request on the grounds that it is overly broad as to time.  Subject to

21  and without waiving its objections, ARC will produce documents in request to this response.

22  **REQUEST FOR PRODUCTION NO. 22:**

23      Any and all application documents concerning the successful candidate for each and every

24  position Plaintiff applied for with Defendant including, but not limited to, application and resume.

25  / / /

26  / / /

27  / / /

28  / / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

AMERICAN RED CROSS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

ARC objects to this request on the ground that it assumes facts not in evidence. Subject to and without waiving any of its objections and interpreting this request to seek documents concerning the successful candidate for the American Red Cross Blood Services Southern California Region Communications Manager position previously held by Julie Juliusson, ARC responds as follows: No such documents exist.

Dated: March 25, 2008                   BAKER & HOSTETLER LLP


*Sabrina L. Shadi*

RONALD J. KLEPETAR
SABRINA L. SHADI
Attorneys for Defendants
AMERICAN RED CROSS BLOOD
SERVICES SOUTHERN CALIFORNIA
REGION, Improperly Sued as The American
Red Cross, STEVE BROWN and ROBERT
BROWNING

AMERICAN RED CROSS' RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. On March 25, 2008, I served a copy of the within document(s):

**AMERICAN RED CROSS' RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET 1)**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jill P. Telfer, Esq.
Law Offices of Jill P. Telfer
331 J Street, Suite 200
Sacramento, CA 95814
Telephone: (916) 446-1916
Facsimile: (916) 446-1726
Email: jilltelfer@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 25, 2008, at Los Angeles, California.

_CHARLENE E. STAMPS_

EXHIBIT 2

1  RONALD J. KLEPETAR, Bar No. 52535
   SABRINA L. SHADI, Bar No. 205405
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, CA  90025-7120
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859
   Email:       rklepetar@bakerlaw.com
5                sshadi@bakerlaw.com

6  Attorneys for Defendants
   AMERICAN RED CROSS BLOOD SERVICES
7  SOUTHERN CALIFORNIA REGION, Improperly
   Sued as The American Red Cross, STEVE BROWN
8  and ROBERT BROWNING

9

                UNITED STATES DISTRICT COURT
10
              NORTHERN DISTRICT OF CALIFORNIA
11

12
   BRIAN SETENCICH,                    Case No.  C07-03688 SBA
13
              Plaintiff,               **DEFENDANT STEVE BROWN'S
14                                      RESPONSE TO BRIAN SETENCICH'S
   v.                                   AMENDED REQUEST FOR ADMISSIONS**
15
   THE AMERICAN RED CROSS, a non-
16 profit corporation, STEVE BROWN,
   ROBERT BROWNING and DOES 1
17 through 30, inclusive,

18            Defendants.

19

20 PROPOUNDING PARTY:    Plaintiff BRIAN SETECICH [sic]

21 RESPONDING PARTY:     Defendant STEVE BROWN

22 SET NO.:              ONE

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **REQUEST FOR ADMISSION NO. 1:**

2        You have recommended the hire to work for ARC to individuals from January 1, 2002 to

3    the present with felony convictions.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

5        Steve Brown ("Brown") objects to this request on the grounds that it is vague, ambiguous

6    and unintelligible.  Brown further objects to this request on the grounds that it is overly broad as

7    to time and to scope.  Subject to and without waiving any of his objections, and interpreting this

8    request to ask whether Brown has recommended that American Red Cross Blood Services

9    Southern California Region hire any individual, between January 1, 2002 to the present, whom he

10   knew had been convicted of a felony at the time of making the recommendation, Brown responds

11   as follows:  Deny.

12   **REQUEST FOR ADMISSION NO. 2:**

13       You told Brian Setecich [sic] that his felony conviction would not impede his hire with

14   ARC.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

16       Deny.

17   **REQUEST FOR ADMISSION NO. 3:**

18       You interviewed Brian Setcich [sic] for the position of Communication Manager even

19   though you were aware of his felony conviction.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

21       Brown objects to this request on the grounds that it is vague and ambiguous.  Subject to

22   and without waiving any of his objections, Brown responds as follows:  Brown admits that he

23   was aware that Setencich had been convicted of a felony at the time he agreed to meet with

24   Setencich, as a courtesy to and at the request of Marc Jackson.

25   **REQUEST FOR ADMISSION NO. 4:**

26       During the time period of Brian Setcich's [sic] application process with ARC, there was

27   no written policy prohibiting the hire of individuals with felony convictions.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

2       Brown objects to this request on the grounds that it is vague and ambiguous. Subject to

3   and without waiving any of his objections, Brown responds as follows: In June 2005, when

4   Setencich submitted his application, American Red Cross Blood Services maintained policies

5   with regard to performing background checks, which would include searches for felony

6   convictions as allowed under state and federal law. American Red Cross Blood Services' written

7   policies speak for themselves and will be produced in response to the plaintiff's requests for

8   production.

9

10   Dated: March 25, 2008                   BAKER & HOSTETLER LLP

11

12                                    *Sabrina L. Shadi*

13                                    RONALD J. KLEPETAR

                                   SABRINA L. SHADI

14                                    Attorneys for Defendants

                                   AMERICAN RED CROSS BLOOD

15                                    SERVICES SOUTHERN CALIFORNIA

                                   REGION, Improperly Sued as The American

16                                    Red Cross, STEVE BROWN and ROBERT

                                   BROWNING

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## VERIFICATION

1  I, Steve Brown, declare:

I am a defendant in the above-entitled action, and I make this verification on my own behalf.

I have read the foregoing **DEFENDANT STEVE BROWN'S RESPONSE TO BRIAN SETENCICH'S AMENDED REQUEST FOR ADMISSIONS** on file herein and know the contents thereof. The response is based on my own knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at ___POMONA___, California on March 25, 2008.

                                    STEVE BROWN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

077975, 000039, 501759846.1

VERIFICATION

EXHIBIT 3

# LAW OFFICES OF JILL P. TELFER
### A   P r o f e s s i o n a l   C o r p o r a t i o n

March 27, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>
(310) 820-8859
Sabrina L. Shadi, Esq.
BAKER & HOSTETLER
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-7120

Re:    *Setencich vs American Red Cross, et al.*
       **USDC Case No.:  C 07-03688 SBA**

Dear Ms. Shadi:

Defendant American Red Cross' responses to Plaintiff's Demand for Production of Documents, Set One and Plaintiff's Request for Admissions, Set One have not as yet been received.  I granted you an extension until March 25, 2008, as a result all objections have been waived.  Please inform me when I may expect the outstanding responses.

Two weeks ago, I served you with two deposition notices.  Today, for the first time, you informed me that the two witnesses are not available for the dates set for deposition and that both witnesses no longer reside in California.  You have failed to provide me what dates are available for Vice President of Human Resources, Robert Browning or his address so that he may be served with a subpoena.  Defendants' failure to provide professional courtesies is noted.

I will hire a private investigator and locate Robert Browning and serve him with a deposition for a date I am available.  I will do so by the close of business tomorrow.  As a result, you need to provide my office, in writing, your or Mr. Klepetar's availability to travel to Arizona for the deposition in mid to late April.  If I do not receive a communication from your office, I will assume any date is suitable.

Very truly yours,



Jill P. Telfer

# LAW OFFICES OF JILL P. TELFER

--------------------------

*A Professional Corporation*
*331 J STREET, SUITE 200*
*SACRAMENTO, CALIFORNIA 95814*
*(916) 446-1916*

================

## FACSIMILE TRANSMISSION COVER PAGE

DATE:          March 27, 2008

TO:            Sabrina L. Shadi, Esq.
               Baker & Hostetler
               (310) 820-8859

FROM:          Laressia Carr (assistant to Jill P. Telfer).

RE:            *Setencich vs American Red Cross, et al.*
               **USDC Case No.:  C 07-03688 SBA**

PAGES          2

COMMENTS:

SENDER'S FACSIMILE NO. 916-446-1726

**Attention: The information contained in this document is privileged and confidential and is solely intended for the above named individual or entity. If you are not the intended receiver, recipient or an employee responsible for delivering this document, you should be aware that any distribution, copying or communication of this document is strictly prohibited. If you have received this communication in error, please notify us immediately at the phone number listed above.**

HP Officejet 7410xi
Personal  Printer/Fax/Copier/Scanner

Log for
Jill  P.  Telfer
(916)  446*1726
Mar  27  2008  12:14PM

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Mar 27 | 12:14PM | Fax Sent | 13108208859 | 0:40 | 2 | OK |

EXHIBIT 4

# LAW OFFICES OF JILL P. TELFER
## A  Professional  Corporation

April 1, 2008



Sabrina L. Shadi, Esq.
BAKER & HOSTETLER
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-7120

> Re:   *Setencich vs American Red Cross, et al.*
>        USDC Case No.:  C 07-03688 SBA

Dear Ms. Shadi:

This letter will represent Plaintiff's meet and confer regarding Plaintiff's Demand for Production of Documents, Set One and Plaintiff's Request for Admissions, Set One served on Defendant American Red Cross ("ARC") on February 12, 2008. In particular, yesterday during our telephone conversation, I explained to you that Plaintiff will be moving on a Motion to Compel unless we receive further responses and documents responsive to the Request for Production of Documents.

This letter will detail the disputed discovery and reasons why further responses and production of documents should be forth coming. I anticipate filing the Motion to Compel at the beginning of next week and therefore request once you have reviewed this letter to contact me so that we can have our telephone conference.

## I  PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE:

### Request for Production No. 1:

**Any and all documents which make up the Investigative file(s) referenced in Marc Jacobson's (sic) Performance Improvement Plan of February 22, 2007, including but not limited to interview notes, the investigator's report, documents gathered, and documents referencing any complaint against Marc Jackson.**

### Defendant's Response to Request No. 1:

*ARC does not employ any individual by the name of Marc Jacobson. To the extent this request seeks documents referenced in Marc Jackson's Performance Improvement Plan dated February 22, 2007, ARC objects to this request on the grounds that it seeks documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. ARC further objects to this request on the grounds that it seeks to invade the privacy of third parties to this action. ARC also objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine.*



Sabrina L. Shadi
BAKER & HOSTETLER
*Brian Setencich v. American Red Cross, et al.*

Reasons why defendant's response is deficient.

Marc Jackson waived his right of privacy as to this document at his deposition(Page 148) you
attended on January 30, 2008.  As a result, no right of privacy will be violated.  Please provide a
further response and the responsive documents immediately.


## Request for Production No. 2:

**The personnel action forms from January 2000 until January 1, 2008, evidencing any and
all hire dates for persons who had felony convictions, including but not limited to the
documents evidency [sic] Angie Turner's rehire as a nurse.**

## Defendant's Response to Request  No. 2:

*ARC objects to this request on the grounds this it is overly broad as to time and scope and
unduly burdensome.  ARC objects to this request on the grounds that it seeks documents which
are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.
ARC also objects to this request on the grounds that it seeks to invade the privacy of third parties
to this action.*

Reasons why defendant's is deficient.

Defendant fails to detail in any way why the request is burdensome.( See *Munoz-Santana v.
United States, 742 F 2d 561* (9th Cir. 1984)  As explained by Marc Jackson, personnel action
forms are a one page document.  Plaintiff will agree to a protective order as to the name of the
individual with felonies so their names will only be used and disclosed in this litigation. The
information is highly relevant as it may exhibit disparate treatment which will be probative of
discriminatory animus.


## Request for Production No. 3:

**Any and all documents concerning ARC's consideration of plaintiff Brian Setencich as a
candidate for the Communications Manager position, including but not limited to e-mails
and memoranda.**

## Defendant's Response to Request  No. 3:

*ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase
"documents concerning ARC's consideration."  ARC further objects to this request on the
ground and to the extent it seeks documents which are protected by the attorney-client privilege*

Sabrina L. Shadi
BAKER & HOSTETLER
*Brian Setencich v. American Red Cross, et al.*

*or attorney work product doctrine.  Subject to and without waiving any of its objections, ARC
will produce documents in response to this request.*

*Reasons why defendant's response is deficient.*

The request is not vague or ambiguous.  Please provide a privilege log as to documents withheld
pursuant to privilege. Please provide the documents immediately.

## Request for Production No. 8:

**Any and all documents concerning Marc Jackson's request(s) for reasonable
accommodation as a result of his medical condition, including but not limited to letters
approving or denying his request.**

### Defendant's Response to Request  No. 8:

*ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase
"documents concerning ... request(s) for reasonable accommodation." ARC further objects to
this request on the ground and to the extent it seeks documents which are protected by the
attorney-client privilege or attorney work product doctrine.  ARC also objects to this request on
the grounds that it seeks to invade the privacy of a third party to this action.  Further, ARC
objects to this request on the grounds that it seeks documents which are not relevant and not
reasonably calculated to lead to the discovery of admissible evidence.*

Reasons why defendant's response is deficient.

Marc Jackson waived his right of privacy at his deposition you attended on January 30, 2008.
Therefore, there are no privacy rights to warrant withholding production.  There is no ambiguity
in the request.  The information is highly relevant as to is probative of discriminatory animus.

## Request for Production No. 9:

**All writings concerning the Defendant's personnel policies or procedures of ARC,
including but not limited to hiring and discrimination policy.**

*Defendant's Response to Request  No. 9:*

*ARC objects to this request on the grounds that it is vague and ambiguous as to the phrase
"writings concerning the Defendant's personnel policies and procedures." ARC also objects to
this request on the grounds that it is overly broad as to time and scope.  ARC further objects to*

3

Sabrina L. Shadi
BAKER & HOSTETLER
*Brian Setencich v. American Red Cross, et al.*

this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving any of its objections, ARC will produce documents in response to this request.

Reasons why defendant's response is deficient.

The request is not ambiguous. You may limit the information to January 2004 to the present. Please provide a privilege log to all documents withheld based on privilege and produce the remaining responsive documents immediately.

**Request for Production No. 11**:

**Any and all documents that support Defendant's contention, Plaintiff was not the most qualified candidate for the Communications Manager position reporting to Marc Jackson.**

*Defendant's Response to Request No. 11:*

*ARC objects to this request on the grounds that it assumes facts not in evidence and is vague and ambiguous as to the phrase "was not the most qualified candidate."*

Reasons why defendant's response is deficient.

Plaintiff was not hired. Someone else was. Plaintiff assumed the person hired was more qualified. If defendant contends plaintiff was the most qualified candidate then say so in the verified further responses.

**Request for Production No. 16**:

**All documents reflecting or relating to any of Defendant's reasons for not hiring Plaintiff.**

*Defendant's Response to Request No. 16:*

*ARC objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving any of its objections, ARC will produce documents in response to this request.*

Reasons why defendant's response is deficient.

Please provide a privilege log as to all documents you withhold based n alleged privilege. Please provide the remaining documents immediately.

4

Sabrina L. Shadi
BAKER & HOSTETLER
*Brian Setencich v. American Red Cross. et al.*

## Request for Production No. 20:

**Any and all witnesses' statements, interview notes, declarations, affidavits, and/or factual accounts regarding Plaintiff including, but not limited to, such document generated during any and all investigations involving Mark Jackson's complaint(s) of discrimination including, but not limited to, investigative documentation.**

### *Defendant's Response to Request No. 1:*

*ARC objects to this request on the grounds that it is vague, ambiguous and unintelligible. ARC further objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine.*

Reasons why defendant's response is deficient.

Please provide a privilege log as to all documents withheld based on privilege. As to the remaining responsive documents, please produce immediately.


## II  PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS FROM DEFENDANT STEVE BROWN, SET ONE:

### Request for Admission No. 1:

**You have recommended the hire to work for ARC to individuals from January 1, 2002 to the present with felony convictions.**

### *Defendant's Response to Request No. 1:*

*Steve Brown ("Brown") objects to this request on the grounds that it is vague, ambiguous and unintelligible. Brown further objects to this request on the grounds that it is overly broad as to time and scope. Subject to and without waiving any of his objections, and interpreting this request to ask whether Brown has recommended that American Red Cross Blood Services Southern California Region hire any individual, between January 1, 2002 to the present, whom he knew had been convicted of a felony at the time of making the recommendation, Brown responds as follows: Deny.*

Reasons why defendant's response is deficient.
Your re-framing of the request is unacceptable. ARC is ARC. I did not ask whether or not he knew the individual had a felony in the request. Please respond immediately to the request propounded.

Sabrina L. Shadi
BAKER & HOSTETLER
*Brian Setencich v. American Red Cross, et al.*

**Request for Admission No. 3**:

**You interviewed Brian Setecich [sic] for the position of Communication Manager even though you were aware of his felony conviction.**

*Defendant's Response to Request No. 3:*

*Brown objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving any of his objections, Brown responds as follows: Brown admits that he was aware that Setencich had been convicted of a felony at the time he agreed to meet with Setencich, as a courtesy to and at the request of Marc Jackson.*

Reasons why defendant's response is deficient.
Your re-framing of the request is unacceptable. The request is interviewed , NOT meet. The request does not discuss courtesies or requests. Please respond immediately to the request propounded.

**Request for Admission No. 4**:

**During the time period of Brian Setencich's application process with ARC, there was no written policy prohibiting the hire of individuals with felony convictions.**

*Defendant's Response to Request No. 1:*

*Brown objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving any of his objections, Brown responds as follows: In June 2005, when Setencich submitted his application, American Red Cross Blood Services maintained policies with regard to performing background checks, which would include searches for felony convictions as allowed under state and federal law. American Red Cross Blood Services' written policies speak for themselves and will be produced in response to the plaintiff's requests for production.*

Reasons why defendant's response is deficient.
The request is not ambiguous. The request does NOT request information about background checks. I do not care whether ARC's policies speak for themselves. Please respond immediately the request propounded.

**III. SUMMARY**:
I granted you the extension to respond to the subject discovery with the understanding that you would be responding to it in good faith and I would receive the verified responses and documents on March 25, 2008. You provided blanket objections and no documents on March

6

Sabrina L. Shadi
BAKER & HOSTETLER
*Brian Setencich v. American Red Cross, et al.*

28, 2008. I will not make the same mistake again. If I do not receive verified further responses and the subject documents by the close of business on Friday, I will move the Court to order ARC to do so.

I am available all week to discuss any issues you may have.

Very truly yours,

Ian P. Telfer

cc. Brian Setencich

7

**HP Officejet 7410xi**
Personal  Printer/Fax/Copier/Scanner

**Log for**
Jill  P.  Telfer
(916)  446*1726
Apr  01  2008  4:31PM

**Last Transaction**

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Apr 1 | 4:29PM | Fax Sent | 13108208859 | 1:47 | 8 | OK |

# EXHIBIT 5

# Baker Hostetler



April 4, 2008

**Baker&Hostetler** LLP

12100 Wilshire Boulevard
15th Floor
Los Angeles, CA 90025-7120

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

Sabrina L. Shadi
direct dial: 310.442.8846
sshadi@bakerlaw.com

**VIA FACSIMILE (916) 446-1726 AND MAIL**

Jill Telfer
Law Offices of Jill Telfer
331 J Street, Suite 200
Sacramento, California 95814

Re:   *Setencich v. American Red Cross, et al.*
      Client-Matter No. 077975-000039

Dear Ms. Telfer:

We are writing to address the issues raised in your meet and confer regarding our clients' responses to Plaintiff's Demand for Production of Documents, Set One and Plaintiff's Requests for Admission, Set One.

**Request for Production No. 1:**

As we discussed when we spoke on the phone about this request, the investigation of Mr. Jackson which is mentioned in his February 22, 2007 Performance Improvement Plan involved employees other than Mr. Jackson whose privacy we and Mr. Jackson do not have the right to waive. In addition, you have not addressed American Red Cross Blood Services Southern California Region's ("ARC") other valid and timely objections, including that this request is not reasonably calculated to lead to the discovery of admissible evidence. As you know from the e-mails produced by Mr. Jackson, ARC had determined on July 1, 2005 and reiterated on February 21, 2006 that it would not hire Mr. Setencich. We're hard pressed to see the relevance of an investigation of Mr. Jackson's conduct which took place in 2007 and a decision not to hire Mr. Setencich which was made more than one year prior.

**Request for Production No. 2:**

The request for personnel action forms from January 2000 until January 2008 is overly burdensome because it will require ARC to review the personnel files for every one of its employees who has worked for ARC at any time during the past 8 years.

Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

BARRISTERS, 077975, 000039, 501832689.2

Jill Telfer
April 4, 2008
Page 2

*Request for Production No. 3:*

Regarding the privilege and work product objection, please note that we do not always use this objection because we have located privileged responsive documents but because the vague and ambiguous form of the question allows for the potential interpretation that you are seeking privileged documents and documents created in the context of litigation. In any event, if privileged documents exist, we will produce a privilege log.

As for non-privileged documents concerning ARC's consideration of Mr. Setencich as a candidate, please clarify whether you want ARC to reproduce documents we already served with ARC's initial disclosures or to separately produce documents such as e-mails which Mr. Jackson previously produced.

*Request for Production No. 8:*

Please clarify whether you want ARC to separately produce documents which Mr. Jackson previously produced.

*Request for Production No. 9:*

Copies of ARC's hiring and anti-discrimination policies are attached. Regarding a privilege log, you will have to clarify what you are looking for. For instance, if you are seeking all of ARC's communications with legal counsel regarding any updates or revisions to its internal policies or procedures, this is not a reasonable request.

*Request for Production No. 11:*

No one was hired into the same position that Mr. Setencich applied for which is why ARC does not have responsive documents.

*Request for Production No. 16:*

As mentioned above, we do not always use the privilege/work product objection because we have located privileged responsive documents but because the form of the question allows for the potential interpretation that you are seeking privileged documents and documents created in the context of litigation. In any event, if privileged documents exist, we will produce a privilege log.

As for non-privileged documents reflecting or relating to any of ARC's reasons for not hiring Mr. Setencich, please clarify whether you want ARC to reproduce documents we already served with ARC's initial disclosures or to separately produce documents which Mr. Jackson previously produced.

*Request for Production No. 20:*

I will need to discuss this request with you directly to ensure I understand what exactly you are asking for.

BARRISTERS, 077975, 000033, 501832689.2

Jill Telfer
April 4, 2008
Page 3

***Request for Admission to Brown No. 1:***

This request did not make sense as written. In order to make a good faith effort to respond rather than just object to the form of the question, Mr. Brown provided his interpretation of what the question was asking and responded. If you intended to ask a different question, please clarify what that question is. You state in your letter that you did not ask whether or not Mr. Brown knew the individual had a felony, but how could he know if he recommended to hire someone who has a felony if he doesn't know whether or not the person had a felony conviction?

***Request for Admission to Brown No. 3:***

Again must ask for clarification regarding what you're seeking in this request. In good faith, Mr. Brown provided a response rather than just giving an objection. What do you mean by "interviewed"? Do you mean was a formal employment interview set up by human resources as a part of ARC's usual hiring process or something different?

***Request for Admission to Brown No. 4:***

We respectfully disagree that this response is flawed based on the request presented. Again, Mr. Brown provided a response despite the problems with the request. Among other things, the request is ambiguous because you have not defined the time frame of Mr. Setencich's "application process." Based on the varying allegations in Mr. Setencich's FEHA complaint and his court filings as well as the documents produced by Mr. Jackson, it is likely that we would not necessarily define this phrase the same way.

In closing, I have reviewed the confirming fax your assistant sent to my assistant and it makes no mention that you expected to receive the verified responses and documents in your office on March 25. As we previously discussed, if I had known this was your expectation, I would have had no problem scanning and emailing these items to you when I served the responses by mail on March 25.

I have to be in court on Monday morning, but otherwise am generally available after 11 on Monday or anytime Tuesday morning for a call to discuss these issues further. While I don't believe that a motion to compel is necessary or appropriate, if we are not able to reach a consensus, I believe the local court rules call for (or at least allow) us to contact the magistrate judge to request a conference call to discuss any issues before filing motions.

Very truly yours,

*Sabrina M. Shadi*

Sabrina L. Shadi

cc: Ronald Klepetar
    Steve Brown

BARRISTERS, 077975, 0000:19. 501832689.2

EXHIBIT 6

# LAW OFFICES OF JILL P. TELFER
### A Professional Corporation

April 7, 2008

Sabrina L. Shadi, Esq.
Baker & Hostetler
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California  90025-7120

Re:    **Setencich v. American Red Cross. et al.**

Dear Ms. Shadi:

In response to my efforts to resolve our discovery dispute including my letter of April 1, 2008 and my phone call to you, on Friday evening at approximately 8:00 p.m. you sent a four page letter. Although I would rather have a verbal discussion with you, since that does not seem likely, I will send you this final letter attempting to resolve our issues.

**Request for Production, No. 1:**

Your objections are not timely since you did not provide my office the discovery pursuant to my professional courtesy on March 25, 2008. As to the objections, the document is relevant since any attempt to take adverse action against Marc Jackson is probative of a discriminatory animus. In particular, Brian Setencich is alleging that because of his association with Marc Jackson who suffers from a disability, he was not hired. As a result, any discriminatory actions against Marc Jackson supports Brian Setencich's claim. As Marc Jackson testified at his deposition on January 28, 2008, he was singled out and subjected to an unwarranted investigation. Although, he has requested copies of the investigation, they have been denied.

If, in fact, you believe there are privacy rights of individuals who were interviewed, redact those individuals names at the present time and thereafter, we will seek a court order if we determine that we need to know the identity of those witnesses. Your argument that the e-mails of July 1, 2005 and February 21, 2006 show there was no intent to hire Mr. Setencich, is an argument that you will need to make to the jury or the judge in a motion for summary judgement. However, Plaintiff has the right to receive discovery that is probative of his theory in the case. As a result of your of your failure to provide this necessary documentation, I will be filing the motion to compel this week. Please provide any and all available dates after May 15, 2008, for the hearing.

**Request for Production, No. 2:**

You position that the request will require ARC to go through all of its personnel files during the last eight years is without merit. Companies and organizations of ARC's magnitude have human resource software that specifically will identify, through a report, this information. If you still contend that only means to be able to receive this information is going through each and every

employee's personnel file, please submit a declaration for someone with personal knowledge to support your claim.

**Request for Production, No. 3:**

You have taken the position that you raised the privilege objection, not because there are any documents responsive to the request which are privileged but merely so that the privilege would not be waived. Although, it is Plaintiff's position that you have waived all objections, you need to identify in a further response that no documents have been withheld pursuant to privilege. Further, you request that I clarify what I want ARC to produce that has not already been produced. Since I do not represent ARC and do not work for it, I do not have personal knowledge of what documents exist and which do not. Suffice it to say that I want ARC to produce any and all responsive documents that they have not already produced.

**Request for Production, No. 8:**

You requested clarification of whether or not I want ARC to separately produce documents of what Mr. Jackson previously produced. Since such documents may have further identifying information such as handwritten notes, please produce them. In addition, ARC should have its own documents in response to Mr. Jackson's request and therefore those should be produced. Again, I want any and all responsive documents.

**Request for Production, No. 9:**

If it is Defendants' position that the only responsive documents are the policies that you faxed over at 8:20 p.m. on Friday evening April 4, 2008, a further verified response needs to say so. As for the privileged log, such is required if documents are withheld. The reason for it is so that counsel has a basis to move to compel, and provides the Court notice as to what documents have been withheld. As a result, the request is reasonable and should be done.

**Request for Production, No. 11:**

You have explained that no one was hired in the same position that Mr. Setencich applied and as a result there is no responsive documents. A further verified response should make that statement so that it is clear.

**Request for Production, No. 16:**

You again are requesting clarification if I want ARC to reproduce documents that Mr. Jackson previously produced. As I explained above, please do so as your documentation may have additional notations on them. Again, suffice to say that I want any and all responsive documents.

**Request for Production, No. 20:**

You state that you need to speak with me to clarify what exactly I am requesting. The discovery request itself is straight forward. In addition, I have been available for over a week to discuss the same and you have not contacted me. I feel as though you are stonewalling my efforts for discovery and do not know what else to do other than file a motion to compel.

## Request for Admission, No. 1:

You state that the request is as written does not make sense. I believe otherwise. I believe that any reasonable person would be able to read the request and understand what it is saying even if it is not perfect grammatical form. You request clarification. If Mr. Brown recommended the hire of a person with a felony, whether or not he learned that they had a felony at a later date is of no consequence. Specifically the request is, as of today if he is aware that he recommended the hire of an individual that he knew at the time or late learned had a felony conviction. I do not know how to be any more clear.

## Request for Admission, No. 3:

On Request No. 3 when I used the word interview, I mean interview. It is undisputed that Plaintiff Brian Setencich was looking for a job. It is undisputed that Marc Jackson wanted to hire Brian Setencich. If Defendants want to take the position that the "meeting" between Mr. Brown and Brian Setencich was not an interview, then go ahead and do so. But please respond to the request as to whether or not Mr. Brown interviewed Brian Setencich.

## Request for Admission, No. 4:

You attempt to argue that the request is ambiguous as to the time frame that Mr. Setencich went through the application process, however you have information from both Marc Jackson and Brian Setencich as of these dates. I can not be any more clear and therefore believe that again you are just delaying producing this discovery.

## Summary

You stated in closing that you do not believe a motion to compel is necessary, but that if we are unable to reach a consensus you believe under Local Rules that we are to contact a Magistrate. Please read Local Rule 37-1(a) (b). In particular, I have met the requirements of 37-1(a) and that I have written to you twice, attempted to speak with you to discuss these issues and to attempt to resolve them. As this juncture, I do not believe that Defendants have met their requirement under 37-1(a).

As to 37-1(b), I do not believe calling a Magistrate to discuss these issues will resolve them. In particular, the Judge or Magistrate, will need to have background information including what was said in deposition and the discovery requests themselves. I do not believe a Judge or Magistrate attempting to resolve these issues verbally, prior to seeing anything is writing, will be able to do so. I believe that phone conferences are more appropriate dealing with deposition discovery disputes or

straight forward ones. There are over ten responses to discovery that Defendants have refused to respond to and therefore I believe that a motion to compel is most appropriate.

If you want to further discuss the issues, you are welcome to call me. Since I have made numerous attempts to resolve these issues, I believe that we are unable to come to a resolution without Court intervention. However, you are welcome to call me if you believe I am inaccurate.

Please let me know whether or not there are any additional documents that you will be producing. In your discovery responses that were received by my office on March 28, 2008, you said that the documents will be forthcoming. Please let me know when I should expect them.

Very truly yours,

JILL P. TELFER
Attorney at Law

JPT

EXHIBIT 7

Marc Jackson

January 30, 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN SETENCICH,       )
                       )
            Plaintiff, )
                       )
      vs.              )    CASE NO.
                       )    C07-03688
THE AMERICAN RED CROSS, a  )
non-profit corporation, STEVE )
BROWN, ROBERT BROWNING and DOES 1 )
through 30, inclusive, )
                       )
            Defendant. )
                       )

DEPOSITION OF MARC JACKSON

LOS ANGELES, CALIFORNIA

WEDNESDAY, JANUARY 30, 2008

Reported by:
PAULETTE RADCLIFF
CSR No. 12111
JOB No. 926646

CERTIFIED
COPY

Esquire Deposition Services
Phone (916) 448-0505

520 Capitol Mall Ste. 250
(800) 610-0505

Sacramento, C.A. 95814
Fax (916) 448.8726

e9c1c78c-23c9-4af5-b32a-4482d0771f1e

Marc Jackson

```
 1              Los Angeles, California,
            Wednesday, January 30, 2008
 2
              10:35 a.m. - 3:00 p.m.
 3

 4              MARK JACKSON,

 5  having been first duly sworn, was examined and

 6  testified as follows:

 7

 8              EXAMINATION

 9

10  BY MS. TELFER:

11      Q.   Would you please state your name for the

12  record?

13      A.   Marc Jackson.

14      Q.   Mr. Jackson, I introduced myself

15  earlier.  My name is Jill Telfer, and I represent

16  Bryan Setencich in this matter.

17           Have you ever been deposed before:

18      A.   Yes.

19      Q.   On how many occasions?

20      A.   At least three.

21      Q.   Since you've been through this process

22  before, may I dispense with the admonitions or do

23  you want me to go over the ground rules just to

24  refresh your memory?

25      A.   I'll dispense with it.
```

e9c1c78c-23c9-4af5-b32a-4482d0771f1e

Marc Jackson

      (Exhibit No. 34 marked for identification.)

BY MS. TELFER:

    Q.   Mr. Jackson, did you receive this

performance improvement plan from Steve Brown?

    A.   Yes.

    Q.   And was there an actual meeting in which

this document was discussed with you?

    A.   Yes.

    Q.   Were you surprised by it when you first

received it?

    A.   I was surprised at the allegation, but

prior to that for like a month, staff coming into

me saying that HR was conducting this

investigation of me, and they were -- this is

their words, not mine, and they were trying to

twist their words around, and they would say

something one way and they try to say it, and

they go, no, I didn't mean that, and they were so

concerned, a number of them even went to HR and

said, I would like to see my statement and they

said they had no right to see the statement, and

so -- so then at this meeting I said, you know, I

didn't do this stuff.  You know what I mean?  One

of the things is like, you know, is like when I

talk loud, I can't -- one of my -- when I was

e9c1c78c-23c9-4af5-b32a-4482d0771f1e

Marc Jackson

1  sick the first time, I cannot -- it's weird, but

2  I cannot measure how loud I'm talking.  I can't

3  do it for some reason.  I can hear okay, but I

4  can be talking -- I don't know right now if I'm

5  talking softly or I'm talking too loud, and so a

6  lot of times I would be talking loud, and I can't

7  even, you know -- but that's beside the point.  I

8  never talked, you know, about people's, you know,

9  I forgot what it was -- body parts, and it was

10  just, I mean, and it really concerned me.  To

11  this day I asked my staff -- it has been like a

12  year now, guys.  I swear I'm obviously over it.

13  Did I do this?  Please, if I did I want to know,

14  and they said, no, you didn't.  You didn't do

15  this, Marc, and so I mean I just -- and then I

16  was told if I didn't sign this paper that I would

17  -- that they will consider it my voluntary

18  resignation.

19     Q.    Was this the first time termination or

20  your leaving the Red Cross ever discussed?

21     A.    Yes.

22     Q.    First of all, have you ever seen an

23  investigative report concerning you?

24     A.    They said I -- I asked for it, and they

25  said if I wanted to see it -- Bob Browning said

Esquire Deposition Services
Phone (916) 448-0505

520 Capitol Mall, Ste. 250
(800) 610-0505

Sacramento, C.A. 95814
Fax (916) 448.8726

e9c1c78c-23c9-4af5-b32a-4482d0771f1e

Marc Jackson

1  if I wanted to see it, the only way I would be

2  allowed to see it, is if I filed a lawsuit

3  against the Red Cross.  His exact words were

4  "That is your right as an American."  I said I

5  really don't want to do that.  He said well,

6  you're going to have to sign the report.  I can't

7  do because it's not -- it's not telling the

8  truth.

9      Q.   Would it be a fair statement your

10 reputation is very important to you?

11     A.   Yes, of course.

12     Q.   And you've worked very hard for your

13 reputation?

14     A.   Right.

15     Q.   And your subordinates have shared with

16 you that they felt like they had a good working

17 relationship with you as of 2006?

18     A.   Correct.

19     Q.   And when the people came to you and said

20 that HR was twisting their words, did you observe

21 any affect on morale?

22     A.   Oh absolutely, absolutely.

23     Q.   Do you know who was conducting this

24 investigation?

25     A.   Barbara Kay.

Marc Jackson

Q.   Would you like to see that report, if
you could?

A.   Absolutely.

Q.   Would you have any objection on privacy
grounds of it was requested?

A.   No.  Because and I don't mean this --
seriously, I mean, I want to improve myself and
if I did this stuff, I want to know about it, but
they gave me one situation.  They said that I was
screaming at somebody.  It wasn't me screaming at
the person and my whole staff was going -- that
wasn't you.  You were there trying to break it
up.  It was so absolutely absurd, you know, but
they said that I was the one that was involved in
it.  And I go, you know, then even if you're
worried about me, like, going after these people,
which I'd never do, then retrack it.  You know,
black out the names of the people who
supposedly -- but, you know, I mean if people are
making allegations, they should be -- a person
has a right to face their accuser.  And then I
said -- this is what is the other thing.  I said
okay, let's say I sign the report, just so we can
start out from scratch.  I go, what happens if
somebody files another complaint?  You're gone.

Esquire Deposition Services
Phone (916) 448-0505

520 Capitol Mall Ste. 250
(800) 610-0505

Sacramento, C.A. 95814
Fax (916) 448.8726

e9c1c78c-23c9-4af5-b32a-4482d0771f1e

Marc Jackson

It's automatic, and I go --

    Q.    Who said you were gone?

    A.    Bob Browning.  And I go what's if it's

anonymous?  It doesn't matter.  You're gone.

    Q.    Did he say this when he discussed this

improvement plan?

    A.    Yes.

    Q.    In regards on the accusations, were you

told who made these accusations against you?

    A.    They said that the photographer -- they

did admit that the photographer who was being

investigated by the finance department, who I

recommended to termination, you know, who was

stealing, they admitted that she was one of the

people, and so I kept going to HR, have you

called the finance department to ask them about

this investigation?  And they go, no, and so then

I asked the finance department, I go finance

department, has HR called you?  No, and so I'm

sitting there going, well, haven't you guys ever

thought that she may be trying to retaliate

against me because she's stealing company

property.  She is lying about her mileage.  It's

a prima fascia case.  You can see -- I mean her

receipts don't match up with her mileage.  Her

Esquire Deposition Services          520 Capitol Mall Ste. 250          Sacramento, C.A. 95814
Phone (916) 448-0505                  (800) 610-0505                    Fax (916) 448.8726

e9c1c78c-23c9-4af5-b32a-4482d0771f1e

EXHIBIT 8


**American Red Cross**

**Southern California Region**

## Blood Services

# MEMORANDUM

**To:** Marc Jackson, Director of Communications and Marketing

**From:** Steve Brown, Division Vice President

**CC:** Bob Browning; Personnel File

**Date:** February 22, 2007

**Subject:** Performance Improvement Plan

Your interpersonal managerial skills have not met the expectations required of your position. Your conduct resulted in several employees complaining to the Human Resources Support function. As a result of these complaints an in depth investigation has been conducted. That investigation revealed the following performance issues:

1. Repeated use of foul and unprofessional language directed at your subordinates as well as other ARC employees at all levels
2. Repeatedly raising your voice and displaying anger toward your staff and others. These actions have been described as abusive and threatening.
3. Repeated initiation of and/or participation in discussions during work time and in the work place that are unprofessional and inappropriate including:
   - Physical characteristics of employees
   - Sexual topics
   - Personal information regarding other employees

The foregoing performance issues reflect very negatively on the ARC as well as impeding the performance of the Communications and Marketing Department. The Company is committed to helping you correct these deficiencies by providing you with an opportunity to improve. Therefore you are being placed on a Performance Improvement Plan effective today Thursday, ~~February 22~~ June 1, 2007. Your performance will be evaluated during the next 90 days. During that time you must:

1. Use appropriate and professional language in the conduct of all ARC business.
2. Conduct yourself in such a way that your behavior is not seen as abusive or threatening.
3. Not engage in unprofessional and inappropriate conversations with your employees in the work place and/or on working time.
4. Attend and successfully complete the American Management Association seminar, "Building Better Work Relationships" in Newport Beach, CA, ~~March 19-21, 2007.~~ July 9-11, 2007

**ARC00048**

During the next 90 days I want you to meet every other week with Bob Browning, Senior Director of Human Resources Support, to discuss your performance and your progress toward meeting the expectations defined above. This is a collaborative approach to helping you address specific, identified behavior, therefore Bob will be available to answer questions and provide clarification. I am confident that you can improve in the areas described.

If you fail to improve in the time allotted, or at any point during this time your performance is not significantly improving, further disciplinary action will be taken, up to and including termination of your employment with the American Red Cross, West Division.

By my signing below, I acknowledge that I have been formally counseled regarding the need to improve the issues presented above.

_____          _____
Marc Jackson, Director of Communications and Marketing          date

_____          06 N 07
Steve Brown, Division Vice President          date

_____          06/01/07
Bob Browning, Sr. Director Human Resources Support          date

Marc Jackson refused to sign
withessed by  Heather Koyne, HR Manager
           Heath L Kayne  6-1-07

ARC00049