1  JILL P. TELFER (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J Street, Suite 200
3  Sacramento, California 95814
   Telephone: (916) 446-1916
4  Facsimile:  (916) 446-1726
   email: jilltelfer@yahoo.com
5
   Attorney for Plaintiff
6  **BRIAN SETENCICH**

7

8              UNITED STATED DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 BRIAN SETENCICH              )  Case No. C 07-03688 SBA
                                )
11     Plaintiff,                )  **[PROPOSED] ORDER ON PLAINTIFF'S
                                )  MOTION COMPEL DEFENDANT
12     vs.                       )  AMERICAN RED CROSS' FURTHER
                                )  RESPONSES TO PLAINTIFF'S DEMAND
13 THE AMERICAN RED CROSS, a non-profit )  FOR PRODUCTION OF DOCUMENTS**
   corporation; STEVE BROWN; ROBERT    )
14 BROWNING; and DOES 1 through 30, inclusive,) Date:  June 3, 2008
                                )           Time:  1:00 p.m.
15     Defendants.               )           Ctrm:  3
                                )           Judge: Hon. Saundra Brown Armstrong
16                              )
                                )
17 _____)

18                                    I.

19                              **INTRODUCTION**

20     Plaintiff Brian Setencich ("Setencich") served Plaintiff's Request for Production of

21 Documents, Set One on the American Red Cross ("ARC") on February 12, 2008. After granting

22 defense counsel the professional courtesy of an extension until March 25, 2008, Defendants served

23 late discovery responses that were predominately filled with objections, and no documents were

24 produced. Setencich's counsel met and conferred with defense counsel on four separate occasions in

25 an attempt to receive further responses and responsive documents. Approximately three weeks after

26 the discovery due date, defense counsel produced seventy-eight (78) documents. (ARC 0001-

27 00078.) On April 22, 2008, ARC 00093-197 were produced. ARC has refused to produce a

28 privilege log, to produce all responsive documents, and to provide further verified answers

                                      1
          [PROPOSED] ORDER ON MOTION COMPEL FURTHER RESPONSES TO RFP, SET ONE

identifying whether or not all responsive documents have been produced.

It appears as though responsive documents exist which are in the defendant ARC's possession, custody and control which it has chosen not to produce, including the alleged policy that prohibits the hire of individuals with felony convictions, the national ARC personnel policies and procedures (including those regarding the procedures to follow in the hiring/application process and the reasonable accommodation process), and the investigative report concerning Marc Jackson that took place in January 2007 that led to his unwarranted discipline. However, Defendant refuses to amend its responses, provide additional responsive documents and provide a privilege log for documents that have been withheld.

Plaintiff contends this discovery is not only essential for Plaintiff to prove his claim of association discrimination, but is also foundational information that is needed to conduct meaningful depositions of Defendant Steve Brown ("Brown"), Senior Director of Human Resources Robert Browning, and the primary decision makers who decided not to hire Setencich. The Court finds Setencich's contention is with merit. As a result, the Court orders ARC to serve further verified answers to Request for Production of Documents, Set One, No. 1, 2, 3, 8, 9, 11, 16, and 20 identifying all responsive documents have been produced. If any documents are withheld based on privilege, a privilege log be provided. Documents responsive to Request for Production of Documents, No. 1, 2, 3, 8, 9, 11, 16, and 20, including the written personnel policies and the January 2007 investigative report be produced.

## II.

## LEGAL ANALYSIS

A. **Request for Production of Documents**

FRCP 34(a)(1) provides that a party may serve on the other party a request to produce and permit the requesting party to inspect and copy any designated documents that constitute or contain discoverable information and which are in the possession, custody or control of the party upon whom the request was served. The primary purpose of discovery is to remove surprise from trial preparation and to enable the parties to obtain evidence necessary to evaluate and resolve their dispute. (*Oakes v. Halverson Marine Ltd.* 179 F.3d 281, 283 (C.D. Cal. 1998).) This principle is

broad and must be liberally interpreted. (See *United States Exreal Schwartz v. TRW, Inc.* 211 F.3d 388, 392 (C.D. Cal. 2002).)

The parties served with the request for production of documents has thirty days to file a written response, plus an addition three days if served by mail. (FRCP 34(b), 6(e).) If an item or category is objectionable only in part, the responding party must comply with the unobjectionable portions of the request. (FRCP 34(b).) Here the disputed eight (8) requests for production are not only relevant, but essential for Plaintiff to prove his case. For Setencich's association discrimination claim, he must prove ARC had a discriminatory or retaliatory animus against Marc Jackson. Therefore, evidence showing disparate treatment, denial of accommodation or unwarranted discipline are probative of this intent. ARC has articulated the business reason of not hiring Setencich was his 2001 felony for tax evasion. As a result Setencich needs to discover evidence to refute this business reason such as showing other candidates with felonies have been hired by ARC.

### III.
### DISPUTED DISCOVERY

A.  **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE:**

  1. **Request for Production No. 1:**

<u>The documents requested are relevant</u>. In determining whether information is relevant for purposes of pre-trial discovery, courts apply a substantially broader standard than that for relevance during trial. (FRCP 26(b)(1).) Discoverability is proper if the information is "reasonably calculated to lead to the discovery of admissible evidence." (FRCP 26(b)(1).) Discovery is appropriate as to relevant information relating to the identity and the location of any person having knowledge of any discoverable information, including potential witnesses or persons that might become parties to the action. (FRCP 26(b)(1); See *Walt Disney Company v. DeFabiis* 168 F.3d 281, 283-284 (C.D. Cal. 1996).) Here, Setencich requests documents to prove Jackson was discriminated against with unwarranted discipline. The investigative report is probative if discipline was in fact warranted or if Marc Jackson was unfairly treated.

<u>Any privacy rights are outweighed by the need for the discovery</u>. The fact that a personal witness whose identity is sought may have a claim of privilege or other protection from discovery

does not prevent discovery of the person's identity. (See *Laxalt v. McClatchy* 116 F.3d 438, 443 (D. Nevada 1987).) Marc Jackson waived his right of privacy as to the investigative report and/or file at his deposition on January 30, 2008. As a result, no right of privacy will be violated.

<u>There can be no work product and/or attorney-client privilege</u>. A party withholding information under a claim of privilege or work product must make the claim expressly and describe the nature of the documents withheld in a manner that enables the requesting to assess the claim. (*Jackson v. County of Sacramento* 157 F.3d 653, 655-656 (E.D. Cal. 1997).) This is usually done by producing a privilege log. (*Caliper Tech. Corp. v. Molecular Devices Corp.* 213 F.3d 555, 562-563 (N.D. Cal. 2003).) A privilege log is a list of documents or other items with a substantiation of privilege claim on each item by item basis, without disclosing the contents of the items. (*Safeco Insurance Company of AM v. Rawstrom* 183 F.3d 668, 670 (C.D. Cal. 1998).)

ARC has not provided a privilege log and in fact has even refused to provide a redacted copy of responsive documents. There was no lawsuit going on at the time of that investigation. Setencich had not even filed his Department of Fair Employment and Housing complaint.

2. **Request for Production No. 2:**

<u>The request is not overbroad and burdensome objection</u>. The request is limited to an eight year period of time. Defendant fails to detail in any way why the request is burdensome. (See *Munoz-Santana v. United States* 742 F 2d 561 (9th Cir. 1984).) As explained by Marc Jackson, personnel action forms are a one page document. Determining the identity of employees with felonies is also not cumbersome since all that must be done is submit a query and the software system of ARC runs a report.

<u>The documents are relevant</u>. The information is highly relevant as it may dispute ARC's articulated business reason for not hiring Setencich; probative of discriminatory animus.

<u>The privacy objection is without merit</u>. Setencich will agree to a protective order that the responsive documents will only be used in this litigation.

3. **Request for Production No. 3:**

<u>The request is not vague or ambiguous</u>. As to the attorney client and/or attorney work product privilege, Defendant ARC never provided a privilege log as to documents withheld pursuant

to privilege. Defendant ARC must further respond and identify all non-privileged documents have been produced, accompanied by a log or description of all documents withheld based on privilege.

4.  **Request for Production No. 8**

It is undisputed Marc Jackson requested reasonable accommodation therefore there is nothing vague or ambiguous about the discovery request. Any documents withheld based on alleged privilege should be identified in the discovery response or privilege log. Marc Jackson waived his right of privacy at his deposition on January 30, 2008. Therefore, there are no privacy rights to warrant withholding production. There is no ambiguity in the request. The information is highly relevant as to is probative of discriminatory animus.

5.  **Request for Production No. 9:**

The request is not ambiguous. Plaintiff agreed to limit the request to January 2004 until the present. No privilege log was provided as to documents withheld based on privilege. Defendant ARC produced excerpts from an employee handbook, ARC00001 to ARC00078. Approximately one month after discovery was due and after the deposition of Brown, Defendant produced the employee handbook from Southern California Regional Blood Services. There are still ARC National policies and procedures which govern employees as testified to by Robert Browning. As a result, a further verified response stating all non-privileged documents have been produced, a privilege log, and additional documents should be produced.

6.  **Request for Production No. 11:**

Plaintiff was not hired. Teresa Soloria was hired as a Communications Manager in the Southern California Region. Plaintiff assumed the person hired was more qualified. If defendant contends plaintiff was the most qualified candidate then it should say so in the verified further responses.

7.  **Request for Production No. 16:**

Defendant has not provided any documents responsive to this request. A privilege log as to documents withheld based on alleged privilege has not been produced. A further verified response stating all non-privileged documents have been produced, a privilege log and all non-privileged documents must be produced.

8. **Request for Production No. 20:**

There is nothing vague and ambiguous about the request. Brown and Robert Browning testified that an in depth investigation was conducted of Marc Jackson in January 2007 which resulted in the Performance Improvement Plan. Defendant ARC has not produced any documents. A privilege log as to documents withheld based on privilege has not been provided.

## IV.
## CONCLUSION

The Court, having considered the pleadings submitted by the parties and oral argument from counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

The Motion to Compel Further Responses, a Privilege Log and Documents Responsive to the Requests is GRANTED that:

1. Defendant ARC to serve further verified answers to Request for Production of Documents, No. 1, 2, 3, 8, 9, 11, 16, and 20 identifying all responsive documents have been produced.

2. If any documents are withheld based on privilege, a privilege log be provided.

3. Documents responsive to the requests, including the written personnel policies and the January 2007 investigative report be produced no later than June 13, 2008.

DATED:_____, 2008

_____
Honorable Saundra Brown Armstrong
UNITED STATES DISTRICT COURT JUDGE

# PROOF OF SERVICE

CASE: *Brian Setencich v. The American Red Cross, et al.;* United States District Court of California, Northern District

CASE NO: **C 07-03688 SBA**

I, the undersigned, declare I am a citizen of the Unites States and am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 331 J Street, Suite 200, Sacramento, CA 95814.

I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, I served the following documents by:

to be served on the party(ies) or their (its) attorney(s) of record in this action:

[ ]   Via Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Sacramento, California.

[ ]   Via **CERTIFIED** Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Sacramento, California.

[X]   Via Personal Service: I instructed each document to be hand-delivered via **HAND DELIVERY** via **ATTORNEY'S DIVERSIFIED SERVICES** to the address listed below.

[ ]   Via Overnight Courier: I caused each envelope to be delivered via overnight mail by **FEDERAL EXPRESS**.

[ ]   Via **FACSIMILE**: I instructed such to be transmitted via facsimile to the office(s) list below.

**DOCUMENTS SERVED:** [PROPOSED] ORDER ON PLAINTIFF'S MOTION COMPEL DEFENDANT AMERICAN RED CROSS' FURTHER RESPONSES TO PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTS

ADDRESSED TO :

Ronald J. Klepetar, Esq.
Sabrina L. Shadi, Esq.
BAKER & HOSTETLER
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-7120

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2008, at Sacramento, California.

*/s/ Camille Rasmussen*
Camille Rasmussen