1  JILL P. TELFER (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J Street, Suite 200
3  Sacramento, California 95814
   Telephone: (916) 446-1916
4  Facsimile: (916) 446-1726
   email: jilltelfer@yahoo.com
5
   Attorney for Plaintiff
6  **BRIAN SETENCICH**

7

8                    UNITED STATED DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 BRIAN SETENCICH                      ) Case No. C 07-03688 SBA
                                        )
11         Plaintiff,                   ) **PLAINTIFF'S NOTICE OF MOTION AND**
                                        ) **MOTION TO COMPEL DEFENDANT**
12         vs.                          ) **STEVE BROWN'S FURTHER RESPONSES**
                                        ) **TO PLAINTIFF'S REQUEST FOR**
13 THE AMERICAN RED CROSS, a non-profit ) **ADMISSIONS, SET ONE [FILED**
   corporation; STEVE BROWN; ROBERT     ) **CONCURRENTLY WITH [PROPOSED]**
14 BROWNING; and DOES 1 through 30, inclusive,) **ORDER]**
                                        )
15         Defendants.                  ) Date:  June 3, 2008
                                        ) Time:  1:00 p.m.
16                                      ) Ctrm:  3
                                        ) Judge: Hon. Saundra Brown Armstrong
17 _____  )

18 **TO DEFENDANTS AND THEIR ATTORNEY OF RECORD**

19         **PLEASE TAKE NOTICE** that on June 3, 2008, at 1:00 p.m. or as soon thereafter as the matter

20 may be heard in the in the above-entitled Court located at 1301 Clay Street, Oakland, California, 94612,

21 in Courtroom 3. Plaintiff Brian Setencich will and hereby does move this Court under Federal Rule of

22 Civil Procedure 37 to compel Defendant Steve Brown ("Brown") to further respond to Plaintiff's

23 Amended Request for Admissions, Set One.

24 ///

25 ///

26 ///

27 ///

28 ///

                                        1
   MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE

1    This motion will be based on this Notice of Motion and Motion, the attached Memorandum of

2   Points and Authorities, all documents on file with this Court, and the arguments presented at the hearing.

3   This motion is made pursuant to the United States District Court, Northern District of California, Local

4   Rule 37.2.

5   Date:   April 25, 2008

                              LAW OFFICES OF JILL P. TELFER
                              *A Professional Corporation*

6

7

8                             JILL P. TELFER
                              Attorney for Plaintiff
9                             BRIAN SETENCICH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Brian Setencich ("Setencich") served Plaintiff's Amended Request for Admissions, Set One on Defendant Brown on February 19, 2008. (Telfer Dec. ¶ 3.) After granting defense counsel the professional courtesy of an extension until March 25, 2008, Defendant Brown served late discovery responses where Brown either objected to the request re-framed the request so that he could evade responding to the request propounded by Setencich. ( Telfer Declr ¶ 4, Exhibit 2.) This discovery will save much time and expense since it goes to the heart of plaintiff's claims. In particular, the articulated business reason by defendant for not hiring Setencich was his felony conviction for tax evasion in 2001. The requests for admissions are directed to determine if the alleged business reason is pretextural, which is probative of a discriminatory animus. As a result, Setencich respectfully requests the Court to order Defendant Brown to provide further respond to the discovery.

## II.

## FACTS OF THE CASE

ARC is one entity with various divisions, including Chapters and Blood Services. Setencich was recruited for approximately nine months to be the ARC Communication Manager by ARC's Director of Public Affairs and Communications for the West Division of Blood Services, Marc Jackson. Setencich participated in three rounds of interviews with ARC's hiring personnel, including an interview panel of approximately 4 ARC employees, another interview with Defendant Brown and an interview with Senior Director of Human Resources, Robert Browning. Although it is undisputed that Setencich was the most qualified candidate, and even after Defendant Brown told Setencich that his criminal record of filing a false tax return would not impede his hire, ARC refused to hire Setencich after a nine month application and hiring process.

Based on the deposition testimony of Defendant Brown, Robert Browning, and Marc Jackson, ARC never intended on hiring Setencich given his association with Marc Jackson who was targeted to be constructively discharged due to his disability and protected activity. Although Marc.

3

1  Jackson to date has not been terminated, he was set up to fail with ARC and Brown by their refusal

2  to engage in the interactive process to determine an appropriate reasonable accommodation for Marc

3  Jackson's condition and refusing him the reasonable accommodation of working from home.

4  Further, he was given an unwarranted Performance Improvement Plan, based on an investigation

5  against Marc Jackson for alleged inappropriate language and conduct, where he was never

6  interviewed to determine his "side" of the events, was not informed of the specific complaint(s) or

7  circumstances surrounding this alleged inappropriate conduct, and was denied access to the

8  investigative report that prompted the discipline.

9       As Director of Communications and Marketing, Marc Jackson had a staff of 6, including a

10  Communication Manager who was the acting Director in Marc Jackson's absence. When Julie

11  Julisson left the position in early summer 2005, Marc Jackson sought to immediately fill it,

12  especially since his condition of psoriatic arthritis required his intermittent medical leave. Although

13  Brown and ARC promised to immediately fill the position, they delayed doing so and refused not

14  only to hire Setencich but also delayed filling the position for two years.

15

16                                          **III.**

17                                  **LEGAL ARGUMENT**

18       A.      **Request for Admissions**

19       Defendant Brown's responses are filled with blanket meritless objections. Request for

20  Admissions may call for the admissions of any of the following: a statement of fact, an opinion on a

21  matter of fact, and/or the application of law to fact. (FRCP 36(a).) When served with request for

22  admissions, the responding party may respond with an answer, which may be either an express

23  admission, a denial or an explanation of why the responding party cannot admit or deny. (FRCP

24  36(a).) If a party to whom a request for admissions has been directed does not serve a timely

25  response the requested matter is deemed admitted. (FRCP 36(a).) Here, Defendant Brown did not

26  ensure the admission responses were received by Setencich's attorney by March 25, 2008 and

27  therefore they should be deemed admitted. Defendant Brown's excuse for not doing so is he

28  assumed putting the discovery in the mail was sufficient.

1      When the responding party qualifies a response or denies only part of the requested matter,

2 the responding party must specify which part of the requested matter is true and qualify or deny the

3 remainder. (*Holmgren v. State Farm Mutual Auto Ins. Co.* 976 F.2d 573, 579-580 (9th Circuit

4 1992).) Here, Defendant Brown rather than admitting or denying the admission request, rephrases

5 them to dodge responding to the request propounded, as explained below.

**IV.**

**DISPUTED DISCOVERY**

A.      **PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS FROM DEFENDANT**

         **STEVE BROWN, SET ONE:**

     1.      **Request for Admission No. 1:**

     **You have recommended the hire to work for ARC to individuals from January 1, 2002**

**to the present with felony convictions.**

*Defendant's Response to Request No. 1:*

     *Steve Brown ("Brown") objects to this request on the grounds that it is vague, ambiguous*

*and unintelligible. Brown further objects to this request on the grounds that it is overly broad as to*

*time and scope. Subject to and without waiving any of his objections, and interpreting this request*

*to ask whether Brown has recommended that American Red Cross Blood Services Southern*

*California Region hire any individual, between January 1, 2002 to the present, whom he knew had*

*been convicted of a felony at the time of making the recommendation, Brown responds as follows:*

*Deny.*

**Reasons why defendant's response is deficient.**

     Defendant Brown's re-framing of the request is inappropriate and allows him to dodge

responding to the request. Plaintiff specifically asked Brown to admit that he recommended ARC to

hire individuals that had been convicted of a felony. Plaintiff did not ask whether or not Brown

knew the individual had a felony at the time of the recommendation and did not narrow the request

to only involve the Southern California region of the Blood Services Department of ARC. As

testified to by Brown at his deposition on April 15, 2008, ARC is one entity, Blood Services is a

Department, and Southern California is a region.

5

1        As to the objections, although the request is not in perfect grammar, it is clear what is being

2   requested. The overbroad objection is also without merit since it is limited to a six year time frame.

3   Therefore, plaintiff respectfully request Defendant Brown be compelled to answer Request No 1

4   with an admit or deny.

5       **2.   Request for Admission No. 3**:

6   **You interviewed Brian Setecich [sic] for the position of Communication Manager even**

7   **though you were aware of his felony conviction.**

8       ***Defendant's Response to Request  No. 3***:

9       *Brown objects to this request on the grounds that it is vague and ambiguous.  Subject to and*

10  *without waiving any of his objections, Brown responds as follows: Brown admits that he was aware*

11  *that Setencich had been convicted of a felony at the time he agreed to meet with Setencich, as a*

12  *courtesy to and at the request of Marc Jackson.*

13      **Reasons why defendant's response is deficient**.

14      Defendant Brown's re-framing of the request is inappropriate. The request is whether or not

15  Brown interviewed Setencich, not whether or not Brown met with Setencich.  Interview is a clear

16  and concise term.  Brown is an officer of ARC who is involved in hiring personnel and therefore the

17  objection of vague and ambiguous is without merit.

18      **3.   Request for Admission No. 4**:

19      **During the time period of Brian Setencich's application process with ARC, there was**

20  **no written policy prohibiting the hire of individuals with felony convictions.**

21      **Defendant's Response to Request  No. 4**:

22      *Brown objects to this request on the grounds that it is vague and ambiguous.  Subject to and*

23  *without waiving any of his objections, Brown responds as follows: In June 2005, when Setencich*

24  *submitted his application, American Red Cross Blood Services maintained policies with regard to*

25  *performing background checks, which would include searches for felony convictions as allowed*

26  *under state and federal law.  American Red Cross Blood Services' written policies speak for*

27  *themselves and will be produced in response to the plaintiff's requests for production.*

28  *///*

MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE

1    **Reasons why defendant's response is deficient.**

2        The request is not ambiguous. The request does not request information about background

3    checks.  The policies Defendant has produced do not respond to this request of whether ARC's

4    written policies prohibited the hire of candidates with felony convictions during the time period

5    Plaintiff applied for work.

6                                              **V.**

7                                         **CONCLUSION**

8        Based on the foregoing, Plaintiff respectfully requests that this Court to order Defendant

9    Brown to serve further responses to Plaintiff's Request for Admissions, Set One, admitting or

10   denying Request No. 1, 3, and 4.

11   Dated: April 25, 2008                **LAW OFFICES OF JILL P. TELFER**
                                          A Professional Corporation
12

13

14                                        JILL P. TELFER
                                          Attorney for Plaintiff **BRIAN SETENCICH**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE

# PROOF OF SERVICE

CASE:    *Brian Setencich v. The American Red Cross, et al.;* United States District Court of
California, Northern District

CASE NO:    **C 07-03688 SBA**

I, the undersigned, declare I am a citizen of the Unites States and am employed in the County
of Sacramento, State of California. I am over the age of eighteen years and not a party to the within-
entitled action. My business address is 331 J Street, Suite 200, Sacramento, CA 95814.

I am readily familiar with this firm's practice for collection and processing of correspondence
for mailing with the United States Postal Service. On the date indicated below, I served the
following documents by:

[x]    placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in
the designated area for outgoing mail and addressed as indicated below. Said
documents will be deposited with the U.S. Postal Service at Sacramento, California
on this date in the ordinary course of business. I understand that upon motion of a
party served service shall be assumed invalid if the postal cancellation date or postage
meter date on the envelope is more than one (1) day after the date of deposit for
mailing as contained in this declaration.

[ ]    Facsimile transmission.

**DOCUMENTS SERVED:   MOTION TO COMPEL FURTHER RESPONSES TO
REQUEST FOR ADMISSIONS, SET ONE**

ADDRESSED TO :

Ronald J. Klepetar, Esq.
Sabrina L. Shadi, Esq.
BAKER & HOSTETLER
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-7120

I declare under penalty of perjury that the foregoing is true and correct. Executed on April
25, 2008, at Sacramento, California.

Camille Rasmussen

MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE