Baker&Hostetler LLP

12100 Wilshire Boulevard
15th Floor
Los Angeles, CA 90025-7120

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

May 14, 2008

Sabrina L. Shadi
direct dial: 310.442.8848
sshadi@bakerlaw.com

**VIA ELECTRONIC FILING**

Hon. Bernard Zimmerman
United States District Court for the Northern District of California

  Re: *Brian Setencich v.The American Red Cross*, Case No. C07-3688:
    Discovery Dispute Concerning Responses to Plaintiff's Demand for
    Production of Documents, Set One

Dear Judge Zimmerman:

This letter sets forth the position of defendant American Red Cross Blood Services Southern California Region ("ARC") regarding its discovery dispute with plaintiff Brian Setencich ("Plaintiff"), per the Court's order scheduling a telephonic conference on the subject for Tuesday, May 20, 2008.

Since responding to Plaintiff's requests for production, ARC's counsel has met and conferred with Plaintiff's counsel concerning its objections and has otherwise made good faith efforts to produce all non-privileged, responsive documents. To date, ARC has produced close to 400 pages of documents, which constitute all responsive documents in its possession, custody or control. ARC has also amended its responses to Plaintiff's Requests for Production, which include documents responsive to the disputed requests, and has provided a privilege log reflecting any privileged responsive documents. The only request for which a dispute remains is Plaintiff's Request for Production No. 1, which seeks "Any and all documents which make up the Investigative file(s) referenced in Marc Jacobson's Performance Improvement Plan of February 22, 2007, including but not limited to interview notes, the investigator's report, documents gathered, and documents referencing any complaint against Marc Jackson." ARC maintains that the documents sought in the request are not relevant to the instant dispute.

**II.  Relevancy Standard**

Federal Rule of Civil Procedure 26(b)(1) states, in pertinent part, as follows: "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's *claim or defense* … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (emphasis added). When interpreting the scope of Rule 26(b)(1), the parties and the courts are meant to "focus on the actual claims and defenses involved in the action." Fed. R. Civ. P. 26 advisory committee's note. In fact, at least one court has

held that a party's right to examine the books and records of the opposing party should be limited to "the examination of the material records pertaining solely to the parties bringing [the] suit."  *Fishman v. Marcouse*, 32 F. Supp. 460 (E.D. Pa. 1940).

Rule 26 should not be an invitation to conduct a "fishing expedition."  *Batchelor v. Merck & Co., Inc.*, 2007 WL 4179015, *2 (N.D. Ind. 2007).  Accordingly, courts require a requesting party to make a specific showing with respect to relevancy.  *See, e.g., Glass v. Diaz*, 2007 WL 2022034, *2 (E.D. 2008).  Further, some courts have found that documents concerning events which occurred after the events giving rise to litigation are not relevant.  *See Scottsdale Indemnity Co. v. Hartford Casualty Ins. Co.*, 2008 WL 131105, *6 (E.D. Pa. 2008).

### III.    Documents Sought Pursuant To The Disputed Request Are Not Relevant

Plaintiff's Request for Production No. 1 seeks documents which are not relevant. Specifically, the documents Plaintiff seeks relate to events which occurred after the events giving rise to the instant action.  ARC conducted an investigation of Mr. Jackson's conduct in the workplace in *2007*, more than a year after ARC had determined in July 2005 (and reiterated in February 2006) that it was not going to hire Plaintiff as a result of his felony conviction for tax evasion.

Plaintiff has not met his burden of showing how ARC's January 2007 investigation of Mr. Jackson is relevant to Plaintiff's claim of association discrimination. On its face, the request is not relevant to a claim "involved in the action" at all, but instead relates to the claims made by Mr. Jackson against ARC in a complaint he filed with the California Department of Fair Employment and Housing ("DFEH") for which he is represented by Plaintiff's counsel.  Instead of asserting the relevance of the investigative file to Plaintiff's relationship with Mr. Jackson and the decision not to hire Plaintiff which allegedly flowed from their relationship, the Plaintiff's motion to compel asserts that the investigative report is "probative if discipline was in fact warranted or if Marc Jackson was unfairly treated." (Pl. Mot. to Compel, 5:10-11).  Plaintiff attempts to use the instant litigation to discover documents his counsel needs for her representation of Mr. Jackson and, as such, the request is more of a "fishing expedition" of the sort prohibited under Rule 26.

Moreover, while the fact of Mr. Jackson's disability is relevant to Plaintiff's association discrimination claim, every aspect of Mr. Jackson's employment with ARC since he became disabled cannot fairly be deemed relevant to Plaintiff's claims and therefore subject to discovery. To the extent that Plaintiff is arguing that he needs to show discrimination against Mr. Jackson in order to establish a discriminatory animus against Plaintiff, the valid investigation of Mr. Jackson in 2007 and ARC's motivation for declining to hire Plaintiff are too remote in time for the investigative file to be relevant in this action.  Specifically, the allegations pled in this case regarding the discriminatory conduct against Mr. Jackson are that ARC did not hire Plaintiff, whose assistance Mr. Jackson allegedly needed, and that Mr. Jackson was denied a reasonable accommodation in 2005 when he asked to continue working part time from home rather than taking the full leave of absence ARC requested he take in connection with his recovery efforts.

Accordingly, ARC's original objection to Request for Production No. 1 on the grounds that it seeks documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence is valid, and any request by Plaintiff to compel a further response should be denied.

Respectfully submitted,

/s/ Sabrina L. Shadi