# LAW OFFICES OF JILL P. TELFER
### A Professional Corporation

August 28, 2007

The Honorable Bernard Zimmerman
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 95102

Case:   *Brian Setencich v. The American Red Cross, et al*
        Case No.: C 07-03688

Re:     <u>Outstanding Discovery Dispute which the Parties are Unable to Resolve</u>

Honorable Judge Zimmerman:

## I. Introduction

Subsequent to the Court's Telephone Discovery Conference Regarding Plaintiff's Motion to Compel Further Responses and Production of Documents on May 20, 2008, the parties conducted a telephonic meet and confer that was approximately one hour in length on May 22, 2008 attempting to resolve the matters. The discovery issues that are still outstanding are as follows:

(1) **Defendant American Red Cross ("ARC") continues to withhold documents responsive to Request for Production 1, 2, 8 and 20, claiming the requested category of documents are not relevant or include attorney-client or attorney work product privileges.** [Subject discovery attached to Brian Setencich's ("Setencich") moving Motion to Compel papers; Exhibit 1.]

(2) **Defendants have withheld documents on the alleged basis of attorney-client privilege and work product doctrine, which should not have been withheld.** [Privilege log attached as Exhibit A.]

(3) **Setencich requests to reopen the deposition of Defendant Steve Brown and HR Director Robert Browning** since Defendants produced over 400 pages of documents which were produced <u>after</u> their depositions of April 15 and 23, respectively, although requested two (2) months prior to the depositions.

## II. Procedural History

Defendant ARC filed a Motion to Dismiss the Association Discrimination Claim, which was denied by the Court on February on February 15, 2008. (Plaintiff requests that the Court take Judicial Notice of the Order.) Judge Armstrong provides a detailed history of association discrimination under the Unruh Act (Cal. Civ. Code, § 51, *et seq.*) and the Fair Employment and

The Honorable Bernard Zimmerman                                                Page 2
May 27, 2008

Housing Act ("FEHA") (Cal. Gov. Code, § 12926 *et seq.*) in the subject order.

### III. Factual Summary of Case

Setencich was a long time colleague of ARC Director of Communication Marc Jackson("Jackson"). Jackson became disabled while employed with ARC with psoriatic arthritis. After nine (9) months of Jackson attempting to hire Setencich as the Communication Manager directly reporting to Jackson, Jackson's supervisor, defendant Steve Brown, refused to hire Setencich with the articulated business reason being Setencich's felony conviction for tax evasion. Setencich argues the articulated business reason is pretextural since other candidates with felony records have been hired. For example, Angie Turner was hired as a nurse in Southern California in defendant Steve Brown's chain of command within six (6) months of the denial of Setencich's hire even though she had a felony conviction for her involvement in a heroine smuggling ring.

### III. Legal Argument

#### A. The Subject Disputed Discovery is Not Only Relevant, but Essential to Prove Association Discrimination

In determining whether information is relevant for purposes of pre-trial discovery, courts apply a substantially broader standard than that for relevance during trial. (FRCP 26(b)(1).) Discoverability is proper if the information is "reasonably calculated to lead to the discovery of admissible evidence." (FRCP 26(b)(1).) Discovery is appropriate as to relevant information relating to the identity and the location of any person having knowledge of any discoverable information, including potential witnesses or persons that might become parties to the action. (FRCP 26(b)(1); See *Walt Disney Company v. DeFabiis* 168 F.3d 281, 283-284 (C.D. Cal. 1996).

Setencich's first claim against ARC is based on Association Discrimination found at California Government Code section 12926(m) which provides:

> "Race ... physical disability, mental disability, medical condition ...includes a perception that the person has any of those characteristics or that the person is **associated** with a person who has or is perceived to have any of those characteristics." (*Emphasis added.*)

The *McDonnell Douglas* analysis for this discrimination claims is:

> (1) Setencich must establish a prima facie case of discrimination:
>   (a) plaintiff is a member of a protected class;
>   (b) qualified for the position; and
>   (c) denied hire
> (2) burden shifts to ARC to articulate legitimate, non-discriminatory reason for

The Honorable Bernard Zimmerman                                                                 Page 3
May 27, 2008

        not hiring Setencich (i.e. felony conviction); and
        (3) burden shifts back to Setencich to prove employer's reason (felony conviction)
        is pretext.
(*McDonnell Douglas Corp. V. Green*, 411 U.S. 792, 802-804 (1973).)

      Here, it is undisputed that Setencich was qualified for the job. Setencich must prove that ARC's articulated reason for not hiring him was pretextual. For Setencich to meet these elements he must not only prove Jackson was disabled, but that there was a discriminatory animus against him because of his disability.

      1.      **Request for Production No. 1:**

      **Any and all documents which make up the Investigative file(s) referenced in Marc Jacobson's (sic) Performance Improvement Plan of February 22, 2007, including but not limited to interview notes, the investigator's report, documents gathered, and documents referencing any complaint against Marc Jackson.**[1]

      ***Summary of Defendant's Response to Request No. 1:***

      *ARC objects on relevance.*

      **A Further Response and Production is Warranted**

      <u>The documents requested are relevant</u>. Here, Setencich requests documents to prove Jackson was discriminated against with unwarranted discipline. The investigative report is probative if discipline was in fact warranted or if Marc Jackson was unfairly treated (pretext). Proof of discrimination against Jackson is necessary to prove association discrimination.

      2.      **Request for Production No. 2:**

      **The personnel action forms from January 2000 until January 1, 2008, evidencing any and all hire dates for persons who had felony convictions, including but not limited to the documents evidency [sic] Angie Turner's rehire as a nurse.**

      ***Summary of Defendant's Response to Request No. 2:***

      *ARC eventually provided a spread sheet of individuals hired with felony convictions and a Change of Status form for Angie Turner's hire. ARC also objects on third party privacy concerns.*

---

[1] Performance Improvement Plan marked to moving papers as Exhibit 8.

The Honorable Bernard Zimmerman    Page 4
May 27, 2008

**Reasons why defendant's response is deficient.**

Plaintiff will agree to a protective order as to the names of the individuals with felonies so their names will only be used and disclosed in this litigation. There exist personnel documents, including a Personnel Action Request similar to Exhibit B attached that should evidence Turner was rehired and provides the names of those who approved her rehire even though she had a felony conviction. Plaintiff is informed and believes those involved in denying Setencich's hire approved of Turner's which shows disparate treatment thus discrimination.

3.  **Request for Production No. 20:**

**Any and all witnesses' statements, interview notes, declarations, affidavits, and/or factual accounts regarding Plaintiff including, but not limited to, such document generated during any and all investigations involving Mark Jackson's complaint(s) of discrimination including, but not limited to, investigative documentation.**

*Defendant's Response to Request No. 20:*

*ARC objects to this request on the grounds that it is vague, ambiguous and unintelligible. ARC further objects to this request on the ground and to the extent it seeks documents which are protected by the attorney-client privilege or attorney work product doctrine.*

**Reasons why defendant's response is deficient.**

There is nothing vague and ambiguous about the request. Brown and Robert Browning testified that an in depth investigation was conducted of Marc Jackson in January 2007 which resulted in the Performance Improvement Plan. (See Exhibit 8.) Defendant ARC has not produced any documents. A privilege log as to documents withheld based on privilege has not been provided.

B.  **Privilege Documents**

1.  **Request for Production No. 8:**

**Any and all documents concerning Marc Jackson's request(s) for reasonable accommodation as a result of his medical condition, including but not limited to letters approving or denying his request.**

*Summary of Defendant's Response to Request No. 8:*

*ARC objects on attorney-client privilege. attorney work product doctrine, and relevance. Defendant has produced a privilege log. (Exhibit A.)*

The Honorable Bernard Zimmerman Page 5
May 27, 2008

### Reasons why defendant's response is deficient.

Setencich must prove underlying discrimination of Jackson since Jackson's disability is not readily apparent by observation (such as being in a wheel chair or blind). Setencich will need to prove adverse acts against Jackson motivated by his disability. It is undisputed that Marc Jackson requested reasonable accommodation. Therefore, there are no privacy rights to warrant withholding production. There is no ambiguity in the request. The information is highly relevant as to its probative of discriminatory animus.

The privilege log includes six (6) documents with dates prior to the litigation and therefore there can be no work product privilege. Further, merely because ARC's in house counsel must approve of reasonable accommodation does not mean communications with him are privileged. H.R. Director Robert Browning testified that General Counsel Chris Hansen was involved in the reasonable accommodation of Marc Jackson. ARC is obligated to reasonably accommodation employees absent hardship and therefore cannot hide behind the Attorney-Client privilege when ARC makes Chris Hansen a part of the reasonable accommodation process.

### IV. Conclusion

Based on the foregoing, Setencich respectfully requests the Court to order ARC to :

(1) **Provide further responses to Requests for Production, No. 1, 2, 8, and 20;**
(2) **Provide documents responsive to Requests for Production No. 1, 2, 8, and 20; including the investigative report, and the PAF for Angie Turner;**
(3) **Produce documents 1-6 on the privilege log list (Exhibit A);**
(4) **Reopen the depositions of Steve Brown and Robert Browning so Setencich may examine regarding the 400 plus documents produced after their depositions.**

Very truly yours,

JILL P. TELFER
Attorney at Law

cc:    Sabrina L. Shadi, Esq.

# EXHIBIT A

Brian Setenecich v. The American Red Cross, et al.
Case No. C07-03688

Privilege Log of American Red Cross Blood Services Southern California Region

| Date | Document | Privilege |
|---|---|---|
| 8/26/05 | Email Chain between Bob Browning, Marlene Zweig and Chris Hansen re Marc Jackson | Attorney-Client/ Attorney Work Product |
| 8/31/05 | Email from Marlene Zweig to Chris Hansen re Update on Marc Jackson | Attorney-Client/ Attorney Work Product |
| 8/31/05 | Email Chain between Chris Hansen, Marlene Zweig and Stephen Brown re Update on Marc Jackson | Attorney-Client/ Attorney Work Product |
| 8/31/05 | Email from Marlene Zweig to Chris Hansen re Letter from Marc Jackson's Doctor | Attorney-Client/ Attorney Work Product |
| 8/31/05 | Email from Marlene Zweig to Chris Hansen and Bob Browning re Letter from Marc Jackson's Doctor | Attorney-Client/ Attorney Work Product |
| 9/1/05 | Email Chain between Marlene Zweig and Chris Hansen re Letter from Marc Jackson's Doctor | Attorney-Client/ Attorney Work Product |
| 9/1/05 | Email Chain between Marlene Zweig and Chris Hansen re Letter from Marc Jackson's Doctor | Attorney-Client/ Attorney Work Product |
| 2/23/07 | Email Chain between Chris Hansen, Heather Kayne, John Browning, Barbara Kay, Stephen Brown and Gregory Ballish re Marc Jackson | Attorney-Client/ Attorney Work Product |
| 5/24/07-5/29/07 | Email Chain between Heather Kayne, Chris Hansen John Browning and Stephen Brown re Physician Letter | Attorney-Client/ Attorney Work Product |
| 6/12/07 | Email Chain between Chris Hansen and John Browning re Marc Jackson | Attorney-Client/ Attorney Work Product |

# EXHIBIT B

1-30-08
Marc Jackson

# American Red Cross — Requisition for Personnel

| DEPARTMENT: Public Affairs | LOCATION: Pomona | COST CENTER: 80400 |
|---|---|---|

| JOB TITLE: Communications Manager | POSITION CONTROL #: W582 | FULL TIME ☒  PART TIME ☐  PER DIEM ☐ TEMPORARY ☐ START DATE: ___  END DATE: ___ |
|---|---|---|

**Hours to be worked:** 8:30A–5P  **Days to be worked:** M-F
**Replacement** ☒ **of:** Julie Juliusson
**New Position** ☐ **Reason for:** ___
IS THIS POSITION PROVIDED FOR ON THE CURRENT APPROVED POSITION CONTROL LIST?  Yes ☒  No ☐
If answer is 'No', please attach justification

**INTERVIEWING SUPERVISOR:** Marc Jackson  **PHONE NO.:** 909 859 7362
**SPECIFIC DUTIES:** See attached, as well as oversee celebrity outreach, gay outreach, focus group projects.

**SPECIAL QUALIFICATIONS:** See attached

**REMARKS:** Community contacts, team builder

**Requested by:** Marc Jackson  **Date:** 6 Feb 06
**Approved by Dept. Dir.:** [signature] (Marc Jackson)  **Date:** 6 Feb 06
**Approved by Human Resources:** ___  **Date:** ___
**Approved by DVP/CEO:** [signature]  **Date:** 020706
**Approved by DVP/CEO: (Any New Position)** ___  **Date:** ___

### FOR HUMAN RESOURCES USE ONLY

**EMPLOYMENT COORDINATOR:** ___   **DATE RECEIVED IN HUMAN RESOURCES:** ___

**POSITION FILLED BY:** ___   **START DATE:** ___   **SALARY:** ___

**INSTRUCTIONS:** Forward original copy to Human Resources

-27-

MJ003