UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SETENCICH,<br><br>          Plaintiff(s),<br><br>     v.<br><br>THE AMERICAN RED CROSS,<br><br>          Defendant(s). | No. C07-3688 SBA (BZ)<br><br>**THIRD DISCOVERY ORDER** |

   Following a telephone conference with the court, the parties were able to resolve many of their discovery disputes. Plaintiff's letter brief (Docket No. 73) filed May 27, 2008 asserts that disputes remain as to document requests No. 1, 2, 8 and 20.  Having reviewed the papers, the court finds no need for argument.  **IT IS HEREBY ORDERED** as follows:

   1.  Plaintiff's request for the production of the investigative files referenced in Marc Jackson's performance and improvement plan dated February 22, 2007 is **DENIED**.  The information is not relevant to the issue of whether Mr. Jackson is disabled, since defendant does not dispute this. Plaintiff's claim that he needs the information to show that

1

1   Mr. Jackson was the victim of discrimination is not supported
2   by any authority cited by plaintiff or which the court could
3   find.  To the contrary, it appears that all plaintiff needs
4   prove on his associational discrimination claim is that he was
5   the subject of discrimination because he associated with
6   somebody who is, or is perceived to be, disabled.  Cal. Gov't
7   Code §§ 12926(m).  The legislative history of this section
8   declares that it "[did] not constitute a change in, but [was]
9   declaratory of existing law."  1999 Cal. Adv. Legis. Serv.
10  591, 16.  Prior cases did not require that the person with
11  whom the plaintiff was associated to have been subject to
12  discrimination.  <u>Kotev v. First Colony Life Ins. Co.</u>, 927 F.
13  Supp. 1316, 1320 (C.D. Cal. 1996); <u>Winchell v. English</u>, 62
14  Cal. App. 3d 125, 127-30 (Cal. Ct. App. 1976).  Moreover, it
15  is not apparent how the decision not to hire plaintiff made
16  before February 21, 2006 was impacted by the investigation of
17  Mr. Jackson in February of 2007.

18       2.   Apparently, defendants have produced all documents
19  responsive to request No. 2, except Requisition for Personnel
20  for the re-hiring of Angie Turner.  Defendants shall produce
21  that document by **July 7, 2008**.

22       3.   The documents responsive to requests No. 8 and No. 20
23  which have been listed on the privilege logs shall be lodged
24  with the court by **June 24, 2008** for an *in camera* inspection to
25  determine whether Mr. Hanson, in-house counsel, was providing
26  ///
27  ///
28  ///

2

legal or business advice.

Dated: June 13, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SETENCICH V. THE AMERICAN RED CROSS\DISC3.ORD.wpd